Paul W. Sweeney, Jr. (SBN 112511)
paul.sweeney@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com
Johnathan A. Coleman (SBN 352670)
chief.coleman@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant
Motorola Mobility LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GABRIELLI, an individual, on behalf of himself, the general public, and those similarly situated,, <br><br> Plaintiff, <br><br> v. <br><br> MOTOROLA MOBILITY LLC, <br><br> Defendant, | Case No. 4:24-cv-09533-JST <br><br> **MOTOROLA MOBILITY LLC'S NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** <br><br> [Assigned to the Honorable Jon S. Tigar] <br><br> Hearing Date: May 22, 2025 <br> Time:             2:00 P.M. <br> Courtroom:      6 <br><br> Complaint Filed:   December 31, 2024 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 22, 2025, at 2:00 p.m., or as soon thereafter as this matter may be heard by the Honorable Jon S. Tigar in Courtroom 6, 2nd Floor, of the above-entitled Court located at 1301 Clay Street, Oakland, California, 94612, Defendant Motorola Mobility LLC ("Motorola") will, and hereby does, move to dismiss with prejudice the Class Action Complaint ("Complaint") of Plaintiff Jonathan Gabrielli ("Plaintiff"), individually and on behalf of all others similarly situated, and each claim asserted therein against Motorola.

Pursuant to Federal Rule of Civil Procedure[1] 12(b)(1), Motorola moves to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, on the ground that the Complaint fails to allege facts sufficient to demonstrate Plaintiff suffered an injury-in-fact, and therefore lacks Article III standing.

Pursuant to Rule 12(b)(2), Motorola moves to dismiss Plaintiff's Complaint for lack of personal jurisdiction on the grounds that Motorola has not purposefully directed its activities toward California, Plaintiff's claim does not arise out of or relate to Motorola's activities in California, and the exercise of jurisdiction over Motorola would be unreasonable.

Pursuant to Rule 12(b)(6), Motorola moves to dismiss Plaintiff's Complaint on the ground that Plaintiff has failed to adequately allege facts to state a claim for relief against Motorola.

Specifically, Plaintiff has not alleged facts sufficient to support a claim for either invasion of privacy (Claim 1) or intrusion upon seclusion (Claim 2), because he has not, and cannot in good faith, allege that an intrusion occurred much less was intentional, as opposed to the result of a bona fide error or mistake. Nor has Plaintiff alleged egregious or highly offensive conduct.

Plaintiff similarly fails to allege facts sufficient to support any claims under the California Invasion of Privacy Act ("CIPA") (Claims 3 and 4), because: (1) Motorola cannot eavesdrop on its own communications; (2) Plaintiff has not alleged that Motorola acted intentionally (vs. in error or by mistake); and (3) there are insufficient allegations to support a claim for use of a pen register device because Plaintiff's claims do not involve the use of a telephone.

---

[1] Subsequent citations or references to the "Rules" shall refer to the Federal Rules of Civil Procedure.

1    Plaintiff also cannot state a claim for fraud or misrepresentation (Claim 5) because he has

2    not alleged that Motorola had knowledge of a falsity or intent to defraud or deceive Plaintiff, nor

3    has he pleaded such knowledge or intent with the particularity required by Rule 9(b). Nor has

4    Plaintiff pleaded any resulting damage.

5    Plaintiff's claim for unjust enrichment (Claim 6) fails because California courts have

6    recently stated that "California does not recognize a cause of action for unjust enrichment."

7    Plaintiff's claim for breach of contract (Claim 7) is infirm because, to the extent Plaintiff

8    can establish a contract between himself and Motorola, such contract includes, *inter alia*, a class

9    action waiver which bars the putative class claims. Moreover, Plaintiff cannot allege that he

10    complied with the terms of the alleged contract, that Motorola *breached* the terms, nor that Plaintiff

11    was damaged. And because Plaintiff's claim for breach of good faith and fair dealing (Claim 8)

12    simply restates his claim for breach of contract, it too fails.

13    And finally, Plaintiff's claim for trespass to chattels (Claim 9) fails because he cannot allege

14    any damage or impaired functioning to his electronic devices as a result of Motorola's alleged

15    conduct.

16    This Motion is based on this Notice of Motion and Motion, Memorandum of Points and

17    Authorities, Declaration of Johnathan Coleman ("Coleman Declaration") and exhibits thereto,

18    Request for Judicial Notice ("RJN"), concurrently filed Motion to Strike, and all pleadings,

19    arguments, and matters before the Court.

20

21    Dated: March 3, 2025                    K&L GATES LLP

22

23                                    By: */s/ Zachary T. Timm*
                                         Paul W. Sweeney, Jr.
24                                       Zachary T. Timm
                                         Johnathan A. Coleman
25
                                         Attorneys for Defendant
26                                       Motorola Mobility LLC

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Page**

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

I.    INTRODUCTION ...................................................................................................... 1

II.   FACTUAL BACKGROUND ..................................................................................... 3

III.  ISSUES TO BE DECIDED (CIV. L.R. 7-4(A)(3)) ................................................. 4

IV.   LEGAL STANDARD ................................................................................................ 4

V.    ARGUMENT ............................................................................................................. 6

    A.    Plaintiff Suffered No Injury-In-Fact and Lacks Article III Standing;
        Therefore the Court Lacks Subject Matter Jurisdiction .................................. 6

    B.    The Complaint Fails to Establish Personal Jurisdiction Over Motorola ................. 8

        1.    The Complaint Admits Motorola is Not Subject to General
            Jurisdiction ................................................................................. 9

        2.    Plaintiff Cannot Allege Facts to Support Specific Personal
            Jurisdiction ................................................................................. 9

    C.    Plaintiff's Common Law Claims for Invasion of Privacy Fail (Claims 1 and
        2) .......................................................................................................... 11

    D.    Plaintiff's Claims Under CIPA Fail (Claims 3 and 4) ........................................ 14

        1.    Plaintiff fails to state a claim under Section 631 of CIPA (Claim 3),
            because there was no *intentional* tapping .................................... 14

        2.    Plaintiff fails to state a claim under Section 638.51 of CIPA (Claim
            4) ............................................................................................... 15

            a.    The facts as pled are insufficient to show that a pen
                register was used by Motorola under CIPA ............................. 15

            b.    Statutory exceptions render Plaintiff's claim invalid ........ 16

    E.    Plaintiff's Contract Claims Fail as a Matter of Law (Claims 7 and 8) ................. 17

        1.    Plaintiff cannot allege a breach of contract (Claim 7) ............................. 17

            a.    Plaintiff cannot establish the formation and existence
                of a contract    17

            b.    Plaintiff did not perform under the alleged
                contract—which necessarily included Motorola's Terms of Use
                ("TOU")    18

            c.    Plaintiff cannot establish Motorola breached the
                purported agreement ................................................................ 20

            d.    Plaintiff fails to allege any damages ................................. 21

        2.    Plaintiff cannot allege a breach of implied covenant of good faith
            and fair dealings (Claim 8) ............................................................ 21

    F.    Plaintiffs fail to state a claim for fraud and misrepresentation (Claim 5) ............. 22

    G.    Plaintiff's Trespass to Chattels Claim Must Be Barred As A Matter Of Law
        (Claim 9) ................................................................................................ 23

i

Page

H.    Plaintiff's Unjust Enrichment Claim Is Barred As A Matter Of Law (Claim 6) ...................................................................................................... 24

I.    Leave to Amend Would be Futile ...................................................... 25

VI.    CONCLUSION ............................................................................................. 25

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arriagarazo v. BMW of N. Am., LLC*,
   64 Cal. App. 5th 742 (2021).................................................................................... 18

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................... 5, 6

*Astiana v. Hain Celestial Grp., Inc.*,
   783 F.3d 753 (9th Cir. 2015)................................................................................ 24

*Augustine v. Lenovo (United States), Inc.*,
   2023 WL 4938050  (S.D. Cal. Aug. 2, 2023, No. 22-CV-2027-L-AHG ..................... 16

*Bates v. UPS Inc.*,
   511 F.3d 974 (9th Cir. 2007)................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................................................... 5

*Belluomini v. Citigroup, Inc.*,
   2013 WL 3855589 (N.D. Cal. July 24, 2013) .................................................... 13

*Boschetto v. Hansing*,
   539 F.3d 1011 (9th Cir. 2008)................................................................................ 5

*Briskin v. Shopify Inc.*,
   87 F.4th 404 (9th Cir. 2023)................................................................................ 11

*Bui-Ford v. Tesla, Inc.*,
   No. 4:23-CV-02321, 2024 WL 694485 (N.D. Cal. Feb. 20, 2024) ......................... 23

*Byars v. Sterling Jewelers, Inc.*,
   2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) ........................................................ 8

*C. M. v. MarinHealth Med. Grp., Inc.*,
   No. 23-CV-04179-WHO, 2024 WL 217841 (N.D. Cal. Jan. 19, 2024) ................... 17

*Calhoun v. Google, LLC*,
   113 F.4th 1141 (9th Cir. 2024)............................................................................ 18

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*,
   222 Cal. App. 3d 1371 (1990)............................................................................. 21

*Casillas v. Berkshire Hathaway Homestate Ins. Co.*,
   79 Cal. App. 5th 755 (2022)........................................................................... 23, 24

*Cody v. Ring LLC*, No. 23-CV-00562-AMO,
   2025 WL 240763 (N.D. Cal. Jan. 16, 2025) ........................................................ 14

*Deras v. Volkswagen Grp. of Am., Inc.*,
   No. 17-CV-05452-JST, 2018 WL 2267448 (N.D. Cal. May 17, 2018) ................................... 25

*Doe I v. Google LLC*,
   741 F. Supp. 3d 828 (N.D. Cal. 2024) ........................................................................ 24

*Dormoy v. HireRight, LLC*,
   No. 23-CV-02511-EMC, 2023 WL 5110942 (N.D. Cal. Aug. 9, 2023).................................... 9

*Doutherd v. United Parcel Serv., Inc.*,
   No. 21-15966, 2022 WL 17582527 (9th Cir. Dec. 12, 2022).................................... 22

*Eminence Cap., LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003)........................................................................ 25

*Facebook Internet Tracking*,
   956 F.3d 589 (9th Cir. 2020)........................................................................ 11

*Fayer v. Vaughn*,
   649 F.3d 1061 (9th Cir. 2011)........................................................................ 5

*Fogelstrom v. Lamps Plus, Inc.*,
   195 Cal. App. 4th 986 (2011)........................................................................ 13

*Foman v. Davis*,
   371 U.S. 178 (1962)........................................................................ 25

*Frigard v. United States*,
   862 F.2d 201 (9th Cir. 1988)........................................................................ 25

*Gardiner v. Walmart*,
   No. 20-cv-04618-JSW, 2021 WL 2520103 (N.D. Cal. Mar. 5, 2021)........................................ 18

*Gentry v. eBay, Inc.*,
   99 Cal. App. 4th 816 (2002)........................................................................ 16

*Greenley v. Kochava, Inc.*,
   684 F. Supp. 3d 1024 (S.D. Cal. 2023)........................................................................ 16

*Heeger v. Facebook, Inc.*,
   509 F. Supp. 3d 1182 (N.D. Cal. 2020) ........................................................................ 8

*Heiting v. Marriott Int'l, Inc.*,
   743 F. Supp. 3d 1163 (C.D. Cal. 2024)........................................................................ 10, 11

*Herrera v. Zumiez, Inc.*,
   953 F.3d 1063 (9th Cir. 2020)........................................................................ 15

*Herskowitz v. Apple Inc.*,
   940 F. Supp. 2d 1131 (N.D. Cal. 2013) ........................................................................ 21

*Hilderman v. Enea TekSci, Inc.*,
   551 F. Supp. 2d 1183 (S.D. Cal. 2008) ........................................................................ 12

**TABLES OF CONTENTS AND AUTHORITIES – 4:24-CV-09533-JST**

*Hill v. Nat'l Collegiate Athletic Ass'n,*
  7 Cal.4th 1 (1994) ................................................................................................. 13

*Hooked Media Group v. Apple Inc.,*
  55 Cal. App. 5th 323 (2020) .................................................................................. 25

*Huynh v. Quora, Inc.,*
  No. 18-CV-07597-BLF, 2019 WL 11502875 (N.D. Cal. Dec. 19, 2019) ............... 17

*In re Facebook, Inc. Internet Tracking Litig.,*
  956 F.3d 589 (9th Cir. 2020) ................................................................................. 11

*In re iPhone Application Litig.,*
  844 F. Supp. 2d 1040 (N.D. Cal. 2012). ................................................. 13, 14, 23, 24

*In re Yahoo Mail Litigation,*
  7 F. Supp. 3d 1016 (N.D. Cal. 2014) ................................................................. 12, 13

*Int'l Shoe Co. v. Washington,*
  326 U.S. 310 (1945) ................................................................................................ 9

*Intel Corp. v. Hamidi,*
  30 Cal. 4th 1342 (2003) .................................................................................... 23, 24

*JONATHAN GABRIELLI, individually & on behalf of all others similarly situated, Plaintiff, v. INSIDER, INC., Defendant.,*
  No. 24-CV-01566 (ER), 2025 WL 522515, at *8 (S.D.N.Y. Feb. 18, 2025) .......... 1, 7

*Kauffman v. Home Depot, Inc.,*
  No. 23-CV-0259-AGS-AHG, 2024 WL 221434 (S.D. Cal. Jan. 19, 2024) ........... 9, 10, 11

*Kauffman v. Papa John's International, Inc.,*
  2024 WL 171363 (S.D. Cal. Jan. 12, 2024, No. 22-CV-1492-L-MSB) .................. 16

*Kearns v. Ford Motor Co.,*
  567 F.3d 1120 (9th Cir. 2009) ............................................................................... 22

*Khoja v. Orexigen Therapeutics, Inc.,*
  899 F.3d 988 (9th Cir. 2018) ................................................................................... 6

*Klein v. Meta Platforms, Inc.,*
  No. 20-CV-08570-JD, 2025 WL 295361 (N.D. Cal. Jan. 24, 2025) ........................ 8

*Language Line Servs., Inc. v. Language Servs. Assocs., LLC,*
  No. C 10-02605 JW, 2011 WL 13153247 (N.D. Cal. Mar. 17, 2011)................. 18, 19

*Lazar v. Superior Ct.,*
  12 Cal.4th 631 (1006) ............................................................................................ 22

*Lee v. Escrow Consultants, Inc.,*
  210 Cal.App.3d 915 (1989)..................................................................................... 17

*Licea v. Cinmar, LLC,*
  659 F.Supp.3d 1096 (C.D. Cal. 2023)..................................................................... 16

*Licea v. Vitacost.com, Inc.*,
   No. 22-CV-1854-RSH-WVG, 2023 WL 5086893 (S.D. Cal. July 24, 2023) ........................... 16

*Lopez v. Apple, Inc.*,
   519 F. Supp. 3d 672 (N.D. Cal. 2021) ..................................................... 17

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
   647 F.3d 1218 (9th Cir. 2011)............................................................ 10

*Med. Lab'y Mgmt. Consultants v. Am. Broad. Companies, Inc.*,
   306 F.3d 806 (9th Cir. 2002)............................................................. 12

*Mezger v. Bick*,
   66 Cal. App. 5th 76 (2021)............................................................... 13

*Mikulsky v. Noom, Inc.*,
   2023 WL 4567096 (S.D. Cal. July 17, 2023) ................................................. 8

*Moretti v. Hertz Corp.*,
   No. C 13-02972 JSW, 2014 WL 1410432 (N.D. Cal. Apr. 11, 2014)................................. 20

*Mothershed v. Justices of Supreme Court*,
   410 F.3d 602 (9th Cir. 2005).............................................................. 5

*Motown Rec. Corp. v. Wilson*,
   849 F.2d 1476 (9th Cir. 1988)............................................................ 18

*Muha v. Experian Information Solutions, Inc.*,
   106 Cal. App. 5th 199 (2024)........................................................... 7, 21

*Nish Noroian Farms v. Agric. Lab. Rels. Bd.*,
   35 Cal. 3d 726 (1984) ................................................................ 18, 19

*Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*,
   96 F.3d 1151 (9th Cir. 1996)............................................................. 25

*Ribas v. Clark*,
   38 Cal. 3d 355 (*en banc*) (1985) ........................................................ 14

*Robinson Helicopter Co., Inc.*,
   34 Cal.4th 979 (2004) .................................................................. 23

*Mohebbi v. Khazen*,
   50 F. Supp. 3d 1234 (N.D. Cal. 2014) .................................................... 23

*Rodriguez v. Fountain9, Inc.*,
   No. 24STCV04504, 2024 WL 4905217 (Cal.Super. Nov. 21, 2024)................................. 7, 21

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004)............................................................. 9

*See Ruhrgas AG v. Marathon Oil Co.*,
   526 U.S. 574 (1990) ..................................................................... 5

vi

*Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*,
107 Cal. App. 4th 54 (2003), *as modified on denial of reh'g* (Apr. 8, 2003) ........................... 22

*Shulman v. Group W Productions, Inc.*,
18 Cal. 4th 200 (1998) ........................................................................................................ 12

*Sloan v. Gen. Motors LLC*,
No. 16-CV-07244-EMC, 2020 WL 1955643 (N.D. Cal. Apr. 23, 2020) ................................. 25

*Smith v. Facebook, Inc.*,
262 F. Supp. 3d 943 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018) ........................... 9

*Smith v. LoanMe, Inc.*,
11 Cal.5th 183 (2021) .......................................................................................................... 16

*Smith v. YETI Coolers, LLC*,
No. 24-CV-01703-RFL, 2024 WL 4539578 (N.D. Cal. Oct. 21, 2024) ................................... 14

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) .............................................................................................................. 5

*Spray, Gould Bowers v. Associated Int'l Ins. Co.*, 71 Cal.App.4th 1260 (1999)........................... 17

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir.
2001) ................................................................................................................................ 5, 6

*Swarts v. Home Depot, Inc.*,
689 F. Supp. 3d 732 (N.D. Cal. 2023) .................................................................................. 11

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007)................................................................................................. 5

*Tavernetti v. Sup. Ct.*,
22 Cal.3d 187 (1978) .......................................................................................................... 14

*Tellabs, Inc. v. Major Issues & Rights, Ltd.*,
551 U.S. 308 (2007) .............................................................................................................. 6

*Theodorakis v. DFINITY Stiftung*,
No. 23-cv-02280-AMO, 2024 WL 1892289 (N.D. Cal. Apr. 30, 2024) ................................... 5

*United States v. Forrester*,
512 F.3d 500 (9th Cir. 2008)................................................................................................. 8

*Van Buskirk v. Cable News Network, Inc.*,
284 F.3d 977 (9th Cir. 2002)................................................................................................. 6

*Williams v. What If Holdings, LLC*,
No. C 22-03780 WHA, 2022 WL 17869275 (N.D. Cal. Dec. 22, 2022)................................. 14

*Winsor v. Sequoia Benefits & Ins. Servs., LLC*,
62 F.4th 517 (9th Cir. 2023).................................................................................................. 6

*X Corp. v. Center for Countering Digital Hate Ltd.*,
   No. 23-cv-03836-CRB, 2024 WL 1245993 (N.D. Cal. Mar. 25, 2025) ................................... 10

*Yunker v. Pandora Media, Inc.*,
   2013 WL 1282980 (N.D. Cal. Mar. 26, 2013) .......................................................................... 24

*Zarif v. Hwareh.com, Inc.*,
   No. 23-CV-0565-BAS-DEB, 2024 WL 1268167 (S.D. Cal. Mar. 25, 2024) ..................... 10, 11

**Statutes**

Cal. Pen. Code § 631 ............................................................................................................. 4, 14

Cal. Pen. Code § 638.50(b) .......................................................................................................... 15

Cal. Pen. Code § 638.51 ................................................................................................... 4, 15, 16

Cal. Pen. Code §637.2(a) ............................................................................................................... 6

Cal. Pen. Code 638.52 ................................................................................................................. 15

Fed. R. Civ. P. 12(b)(1) ............................................................................................................. 4, 5

**Other Authorities**

CACI 325 ...................................................................................................................................... 21

California Bill Analysis, A.B. 929 Assem., 4/21/2015 ................................................................ 15

*Judicial Council of California Civil Jury Instruction (CACI) No. 1800. Intrusion into Private
   Affairs* (2025 edition) ............................................................................................................ 12

**Rules**

Fed. R. Civ. P 12(b)(2) .................................................................................................................. 5

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 5, 6

Fed. R. Civ. P. 9 ...................................................................................................................... 2, 22

Local Rule 7-4(A)(3) ...................................................................................................................... 4

**Treatises**

*Restatement, Second, Torts §652B, Intrusion upon Seclusion* (1997) ......................................... 12

Weil Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2001) ¶ 6:179
   ...................................................................................................................................................... 17

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. **INTRODUCTION**

Plaintiff brings this action, along with at least four other similar class action lawsuits, founded on an alleged invasion of privacy.[2] This case is just another in the recent explosion of CIPA cases being filed in California, however this action goes beyond the normal claims of privacy violations and expands to include claims of breach of contract and the implied warranty of good faith and fair dealing, fraud, trespass to chattels, and unjust enrichment. Despite the large number of seemingly unrelated claims, they each arise out of the same basic allegation: that Plaintiff visited Motorola's Website, was presented with and clicked a "Reject all non-essential cookies" popup, but that certain cookies and other software were allegedly nonetheless loaded onto his device. Plaintiff does not, however, allege the cookies and other software allegedly loaded on his device were "non-essential." Nevertheless, from this simple factual allegation comes a variety of disjointed and unsupported legal claims.

The Complaint should be dismissed because it lacks essential allegations necessary to sustain the claims. It fails on three overarching key grounds, as well as individually as to each and every alleged claim.

*First*, despite the numerous claims in the Complaint, Plaintiff fails to allege facts sufficient to establish the most fundamental part of any lawsuit: that he has Article III standing. Specifically, Plaintiff fails to allege he suffered a concrete injury-in-fact.

*Second,* even if Plaintiff had standing, the Complaint fails to allege facts sufficient to establish Motorola is subject to personal jurisdiction in this Court. The Complaint admits that Motorola is not subject to general jurisdiction in California and fails to allege facts sufficient to demonstrate specific jurisdiction.

*Third*, Plaintiff's Complaint fails to state facts that support his various privacy violation claims—which claims are duplicated in multiple cause of action—because he has not and cannot

---

[2] Plaintiff has filed at least 5 other similar putative class action lawsuits, 4 of which have been filed in 2025.  And, in fact, at least one of those cases was just recently dismissed *with prejudice* due to Plaintiff's lack of standing to assert various California invasion of privacy claims. *See JONATHAN GABRIELLI, individually & on behalf of all others similarly situated, Plaintiff, v. INSIDER, INC., Defendant.,* No. 24-CV-01566 (ER), 2025 WL 522515, at *8 (S.D.N.Y. Feb. 18, 2025).

in good faith allege that any such purported violation, if one even occurred, **was intentional as opposed to the result of a bona fide programming error or mistake.** This is a crucial point because virtually all of Plaintiff's causes of action require the pleading and proof of **intent** on Motorola's part.

In addition to these three overarching infirmities, Plaintiff does not allege facts in the individual causes of action where necessary, sufficient to demonstrate that those claims are adequately pleaded. His failure, for example, to even generally allege that Motorola **intended** to invade his privacy and seclusion ignores the requirements necessary to state a violation of those rights, and specifically fails to comply with the requirements of Rule 9(b).

Further, Plaintiff has not alleged facts to support his breach of contract claims. First, Plaintiff has not pled sufficient facts to establish that Plaintiff's use of the Motorola website gave rise to a contractual relationship between the parties. There is no legal precedent that supports the notion that use of a website, alone, establishes the existence of such a contract. Moreover, even if it did, Plaintiff could not pick and choose which parts of the website bind him. For example, Plaintiff admits that his use of Motorola's Website was subject to certain policies *and* admits that Motorola presented him with these policies. Plaintiff nonetheless attempts to avoid obligations and restrictions those policies placed on him—including, *inter alia*, a class action waiver—and instead only references the specific sections of the policies he alleges Motorola failed to comply. But Plaintiff cannot acknowledge Motorola's policies and allege they constitute a contract, only to then turn around and ignore the parts of that alleged contract that he does not like. And, because Plaintiff alleges the existence of a contract governing his use of the Website, his claim for unjust enrichment necessarily fails, as does his claim for breach of implied covenant of good faith and fair dealing, which simply repeat the breach of contract claim.

Finally, Plaintiff does not allege *any* damage or interference with his electronic devices, and so cannot state a claim for trespass to chattels.

Simply put, Plaintiff's Complaint fails to state any claims against Motorola, and therefore should be dismissed. As no amendment can cure the defects, dismissal should be with prejudice.

1    **II.    FACTUAL BACKGROUND**[3]

2          According to the Complaint, Motorola is a Delaware company with its principal place of

3    business in Illinois.  (DE 1 (Complaint), ¶ 7.) Motorola specializes in electronics, including

4    smartphones and other mobile devices. (*Id*., ¶ 20.) Motorola owns and operates a website at

5    www.motorola.com (the "Website"). (*Id*., ¶ 1.) When consumers visit Motorola's website, a

6    consent banner/popup is immediately and conspicuously displayed, which informs visitors that

7    Motorola uses certain cookies and similar technologies, presents visitors with Motorola's privacy

8    statement, and informs visitors that by continuing to browse the Website or clicking the "X" they

9    agree to the terms.  (*Id*., ¶ 23.) This pop-up window invites users to "Click Here to Reject All non-

10   essential cookies." (*Id*.; *see also* RJN Ex. A.) This tool explains to visitors that Motorola relies on

11   third-party partners to track and record certain actions and behaviors including, *inter alia*, including

12   page views, IP address, and clickstream data. (*Id*.)

13         The pop-up window also invites users to visit Motorola's "Website Privacy Statement" for

14   additional information. (*Id*.) This Privacy Statement makes clear that Motorola collects information

15   about visitors to its Website—including user activity on Motorola's website—and that such

16   information is maintained by Motorola and its service providers and partners. (RJN Ex. A.) Further,

17   this privacy policy instructs users "that certain Motorola websites may not respond to Do-Not-

18   Track signals sent by certain browsers" and informs them of alternative measures users may take

19   to ensure their privacy. (*Id*.)

20         The Privacy Statement presented in this popup is one portion of the Motorola's "Terms of

21   Use" (the "TOU"), which, when reviewed wholistically, governs a visitor's use of the Website, and

22   forms the basis of the relationship between Motorola and those visitors.  (*Id*., at ¶ 162; *see also*,

23   RJN Ex. B.) In addition to the Privacy Statement incorporated by reference into the Complaint, the

24   TOU also includes several other important terms governing Motorola's relationship with visitors

25   to its Website, which the visitors agree to by continuing to use Motorola's Website.  Those terms

26   include, among others, a class action waiver, a venue selection provision identifying Chicago, IL,

27

28   ───────────────
     [3] Motorola disputes the allegations in Plaintiff's Complaint but recognizes certain facts may be
     taken as true at this stage, and so recites the relevant facts alleged here.

as the proper venue for adjudication of any claims arising in connection with Plaintiff's website usage, and the governing law governing any dispute to be the law of Illinois.  (*See*, RJN, at Ex. B.)

Plaintiff alleges that he visited Motorola's website on multiple occasions over the course of the last four years, including, in or around February 2022, December 2022, November 2023, and January 2024. (DE 1, ¶ 70.) Plaintiff alleges that he entered into an agreement with Motorola governing his use of the Website.  (*Id.*, ¶¶ 161-179.) Plaintiff alleges that, after being presented with the aforementioned popup, he selected and clicked the "Reject All non-essential cookies" link. (*Id.*, at ¶ 72.) Plaintiff alleges that he then proceeded to use the Website and that, despite clicking the "Reject All" button, cookies and other tracking technologies continued to be placed on his device. (*Id.*, at ¶ 75.)  Plaintiff does not allege that Motorola **intentionally** tracked or recorded his information after he clicked the "Reject All" button; nor does he allege, because he cannot in good faith do so, that said tracking or recording was not the result of a bona fide error or mistake.

Plaintiff alleges that he transmitted electronic communications to Motorola's computer servers utilized to operate the website, and that Motorola violated its TOU by allegedly allowing third-party software to continue to track Plaintiff after Plaintiff's rejection of the collection of communications. (*Id.*  ¶¶ 15, 31-33.).

### III.    ISSUES TO BE DECIDED (CIV. L.R. 7-4(A)(3))

A. Has Plaintiff established a concrete injury-in-fact to establish Article III standing;

B. Has Plaintiff alleged facts sufficient to establish this Court has specific personal jurisdiction over  Motorola;

C. Has Plaintiff alleged facts to state a claim against Motorola for: (1) invasion of privacy; (2) intrusion upon seclusion; (3) wiretapping in violation of CIPA § 631; (4) use of a pen register in violation of CIPA § 638.51; (5) common law fraud, deceit, and/or misrepresentation; (6) unjust enrichment (7) breach of a contract; (8) breach of the implied covenant for good faith and fair dealings; and (9) trespass to chattels.

### IV.    LEGAL STANDARD

Under Rule 12(b)(1), an action may be dismissed for lack of subject matter jurisdiction, including Article III standing. *See Bates v. UPS Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) ("Standing

is a threshold matter central to our subject matter jurisdiction."). To overcome a Rule 12(b)(1) facial challenge at the pleading stage, plaintiffs must "clearly allege facts demonstrating each element" of standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted).

"Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a claim for lack of personal jurisdiction." *Theodorakis v. DFINITY Stiftung*, No. 23-cv-02280-AMO, 2024 WL 1892289, at *3 (N.D. Cal. Apr. 30, 2024). "In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). "[M]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007).

Under Rule 12(b)(6), a complaint must be dismissed where the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than [mere] labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In analyzing the complaint, the Court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotations omitted). Similarly, the Court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See, e.g., Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

As a general matter, the Court must assess jurisdictional challenges under Rule 12(b)(1) and (2) before addressing the merits under Rule 12(b)(6). *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587–88 (1990). Where, as here, the lack of subject matter jurisdiction under Rule 12(b)(1) is readily determined and "will involve no arduous inquiry," the Court should first rule as to its subject matter jurisdiction before reaching any remaining question of personal jurisdiction. *Id.; see also Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 607 & n.4 (9th Cir. 2005).

In considering a motion to dismiss, courts may consider material that is properly subject to

judicial notice or incorporated by reference into the pleading. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Tellabs, Inc. v. Major Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (In ruling on a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) ("Under the 'incorporation by reference' rule . . . a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment."). Moreover, this Court need not accept as true allegations that contradict matters properly subject to such judicial notice or by exhibit. *See Sprewell*, 266 F.3d at 988 ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit  . . . unwarranted deductions of fact, or unreasonable inferences.") (citations omitted).

## V.    <u>ARGUMENT</u>

### A.    **Plaintiff Suffered No Injury-In-Fact and Lacks Article III Standing; Therefore the Court Lacks Subject Matter Jurisdiction**

To establish the Court's subject matter jurisdiction at this stage, Plaintiff's Complaint must clearly allege facts demonstrating each element of Article III standing: (i) that he suffered an injury that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by Motorola; and (iii) that the injury would likely be redressed by judicial relief. *See Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 523 (9th Cir. 2023) (citations omitted). General or conclusory allegations of these elements are insufficient. *See id.*, at 524–25 (citing *Iqbal*, 556 U.S. at 681).

Crucial to stating any cause of action is the need for a plaintiff to assert sufficient facts to demonstrate standing to bring the claim. CIPA provides a private right to bring an action only when a plaintiff alleges s/he has been "injured". *See*, Cal. Pen. Code §637.2(a). Thus, there must be a concrete injury-in-fact (i.e., standing). This was recently confirmed by the California Court of Appeals in an analogous case, *Muha v. Experian Information Solutions, Inc.,* 106 Cal. App. 5th

199, 209-10 (2024).  There, the court ruled as follows:

> "The fact that a plaintiff may recover statutory damages without alleging or proving 'actual harm' under the FCRA is irrelevant. As noted, the FCRA provides that under certain circumstances a plaintiff may recover actual damages or statutory damages or both. Actual damages require 'proof of actual harm.' (*Syed v. M-I, LLC* 853 F.3d 492, 498 (9th Cir. 2017), citing *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001) (*Crabill*).) Although proof of actual harm is not required to recover statutory damages, this does not obviate the need for an 'injury in fact' when bringing an FCRA claim purely for statutory damages. As the *Crabill* court stated: 'Many statutes, notably consumer-protection statutes, authorize the award of damages (called 'statutory damages') for violations that cause so little measurable *injury* that the cost of proving up damages would exceed the damages themselves, making the right to sue nugatory.' (*Crabill*, *supra*, 259 F.3d at p. 665, italics added.) 'Injury in fact' is required because 'if no injury is alleged (or, if the allegation is contested, proved, [citation]), . . . there is no case or controversy between the parties within the meaning of Article III of the Constitution.' (*Ibid*.)"

This same reasoning has recently been applied specifically to CIPA claims in California state court. *See, e.g., Rodriguez v. Fountain9, Inc.*, No. 24STCV04504, 2024 WL 4905217, at *4 (Cal.Super. Nov. 21, 2024) (holding "[p]laintiff's allegation of injury still fails to meet the 'concrete' injury required for standing. The alleged injury is abstract and hypothetical because it is solely premised on statutory damages under CIPA," and sustaining the demurrer without leave to amend.) Further, one court just granted a motion to dismiss *against this very same Plaintiff* on the basis that he had failed to state concrete injury and therefore lacked Article III standing.  *See JONATHAN GABRIELLI,* No. 24-CV-01566 (ER), 2025 WL 522515, at *8 (S.D.N.Y. Feb. 18, 2025) (dismissing, with prejudice, claims for public disclosure of private facts, intrusion upon seclusion, unjust enrichment, and violations of CIPA § 638.51.)

In this matter, Plaintiff has failed to plead an injury-in-fact and therefore has no standing. As with the plaintiffs in *Muha*, *Gabrielli*, and *Rodriguez*, Plaintiff has not alleged what actual damages he has suffered, but rather relies on statutory damages and vague claims of injury to privacy. (*Compare, e.g.,* DE 1, ¶¶ 95-96, 105-106, 125-126; *with* RJN Ex. D at ¶ 7-8, 18-20.) Plaintiff makes vague and conclusory allegations that his personal data that was allegedly recorded has a monetary value, which he alleges "is measured as either the consumer's willingness to accept compensation to sell her data or the consumer's willingness to pay to protect her information." (DE 1, ¶ 68.) A court in this district recently rejected a very similar argument. *See Klein v. Meta Platforms, Inc*., No. 20-CV-08570-JD, 2025 WL 295361, at *2 (N.D. Cal. Jan. 24, 2025). In *Klein*,

1    the court excluded plaintiff's expert's opinion that plaintiffs' damages could be calculated by

2    valuing the information collected on a website at $5.00 per user, per month. *Id.*

3        Even if Plaintiff could support his claims because of a privacy injury, the Complaint fails

4    to identify what specific information he concludes was transmitted, which is independently fatal to

5    his standing. (*See generally*, DE 1.) The Complaint is replete with conclusions about what

6    information *could* be collected using the cookies, or how Third-Party software may be utilized.

7    (*See, e.g., Id.* ¶ 19.) It also says that Third-Party software *could* gather device and browser

8    information, geographic information, website interactions, demographic information, referral

9    tracking, and URL tracking. (*Id.*, ¶ 18.) However, nowhere does the Complaint state what

10   information *was* collected from Plaintiff. As this Plaintiff is very much aware from his prior privacy

11   cases, the question of what information was actually collected is relevant to showing that Plaintiff

12   suffered an injury and has standing to file suit under the statute. Plaintiff fundamentally lacks a

13   valid privacy interest in certain information that may be collected by websites. *See, e.g., Byars v.*

14   *Sterling Jewelers, Inc.*, 2023 WL 2996686, at *3 (C.D. Cal. Apr. 5, 2023) (finding no standing to

15   bring CIPA claim where plaintiff failed to "identify any specific personal information she disclosed

16   that implicates a protectable privacy interest); *see also, e.g.*, *Mikulsky v. Noom, Inc.*, 2023 WL

17   4567096, at *5 (S.D. Cal. July 17, 2023) (collecting cases and noting that "[t]o survive a motion to

18   dismiss, a plaintiff must identify the specific personal information she disclosed that implicates a

19   protectable privacy interest" (quotation marks omitted); *Heeger v. Facebook, Inc.*, 509 F. Supp. 3d

20   1182, 1190 (N.D. Cal. 2020); *United States v. Forrester,* 512 F.3d 500, 510 (9th Cir. 2008)

21   (transmission of IP addresses does not confer standing under privacy laws in California.)

22       By failing to allege a concrete injury-in-fact—including by failing to identify what specific

23   information Plaintiff transmitted through third-party software—Plaintiff fails to articulate facts

24   showing that he has standing, and the Complaint should be dismissed, with prejudice.

25       **B.    The Complaint Fails to Establish Personal Jurisdiction Over Motorola**

26       Personal jurisdiction over a nonresident defendant is proper where permitted by a long-arm

27   statute and where the exercise of jurisdiction does not violate federal due process. *Schwarzenegger*

28   *v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004). "Due process requires that a

defendant who is not present in the forum has 'certain minimum contacts' with the forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 950 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Personal jurisdiction can be via general jurisdiction or specific jurisdiction. "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Smith.*, 262 F. Supp. 3d at 950.

1.    The Complaint Admits Motorola is Not Subject to General Jurisdiction

Motorola is not subject to general jurisdiction in California, and Plaintiff has not alleged otherwise. "General jurisdiction extends to any and all claims brought against a defendant," but typically only applies to a corporate defendant "in its state of incorporation and the state where it maintains its principal place of business." *Kauffman v. Home Depot, Inc.*, No. 23-CV-0259-AGS-AHG, 2024 WL 221434, at *1 (S.D. Cal. Jan. 19, 2024). This same standard has been applied to limited liability corporations, like Motorola. *See, e.g., Dormoy v. HireRight, LLC*, No. 23-CV-02511-EMC, 2023 WL 5110942, at *4-5 (N.D. Cal. Aug. 9, 2023) (applying the corporation jurisdictional analysis to defendant, HireRight, LLC, and finding no general jurisdiction existed where defendant was not incorporated, headquartered, or had its principal place of business in California). Because Plaintiff has alleged that Motorola is a Delaware company with its principal place of business in Illinois, no general jurisdiction exists. (DE, ¶ 7.)

2.    Plaintiff Cannot Allege Facts to Support Specific Personal Jurisdiction

To establish personal jurisdiction over Motorola, therefore, Plaintiff must state facts sufficient to demonstrate the narrower, specific jurisdiction, which Plaintiff fails to do. *See, e.g., Kauffman*, 2014 WL 221434 at *2. "For specific jurisdiction to exist over a non-resident defendant," plaintiff must show that defendant (1) "purposefully direct[ed] his activities toward the forum" and (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities." *Id.* (cleaned up). Even if those requirements are met, defendant may still defeat personal jurisdiction by establishing that the "exercise of jurisdiction" does not "comport with fair play and substantial justice." *Id.* "The plaintiff bears the burden of satisfying the first two prongs

9

1    of the test." *Heiting v. Marriott Int'l, Inc.*, 743 F. Supp. 3d 1163, 1169 (C.D. Cal. 2024).

2        In evaluating the first element or specific personal jurisdiction—purposeful direction—"the

3    defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum

4    state, (3) causing harm that the defendant knows is likely to be suffered in the forum state," often

5    referred to as the "*Calder* effects test." *Id.*; *see also, Kaufman*, 2014 WL 221434 at *2; *Zarif v.*

6    *Hwareh.com, Inc.*, No. 23-CV-0565-BAS-DEB, 2024 WL 1268167, at *2 (S.D. Cal. Mar. 25,

7    2024). Motorola did not expressly aim its conduct at California, and does not concede that its

8    conduct caused any harm as discussed herein (*see, e.g.,* § V.A.), much less that Motorola knew it

9    was likely to cause said required harm in California. Thus, Plaintiff cannot satisfy the *Calder* effects

10    test to establish specific personal jurisdiction.

11        Motorola's only relevant contact in California is the operation of its Website and, "[w]hen

12    the website itself is the *only* relevant jurisdictional contact, [the] analysis turns on whether the site

13    had a forum-specific focus or the defendant exhibited an intent to cultivate an audience in the

14    forum." *Id.*, at 1170 (emphasis in original). As the Ninth Circuit has explained, "[n]ot all material

15    placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every

16    state in which it is accessed." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1231 (9th

17    Cir. 2011); *see also X Corp. v. Center for Countering Digital Hate Ltd.*, No. 23-cv-03836-CRB,

18    2024 WL 1245993, at *8 (N.D. Cal. Mar. 25, 2025) (citations omitted) (holding there was no

19    personal jurisdiction where website content "was available everywhere" and plaintiff did not allege

20    that website "targeted a specific forum"). The question then becomes if Motorola's conduct

21    operating its website amounts to "something more"; and the answer, is no.

22        Plaintiff has not, and cannot, allege any facts to demonstrate the Website has any California-

23    specific focus or target, and therefore cannot satisfy the second element *Calder* effects test. Plaintiff

24    alleges that he visited Motorola's Website, but makes no further allegations that the Website was

25    "targeted" to California, or that he even purchased anything on the Website. This is insufficient to

26    establish specific personal jurisdiction. *See, e.g., Zarif*, 2024 WL 1268167, at *4 (granting motion

27    to dismiss for lack of personal jurisdiction where "mere browsing and use of Defendant's website

28    is the basis for her complaint"); *see also, Kauffman*, 2024 WL 221434 at *2-3 (finding the court

1   lacked personal jurisdiction over Home Depot for personal data tracking through their website and

2   online purchasing system); *Heiting*, 743 F. Supp. 3d at 1168; *but see, Swarts v. Home Depot, Inc.*,

3   689 F. Supp. 3d 732, 742 (N.D. Cal. 2023) (recognizing that "something more" was required to

4   establish personal jurisdiction over defendant, even though it operated a website selling products,

5   and finding that plaintiff satisfied the requirement by browsing defendant's website, *purchasing*

6   *products*, *and conversing with defendant's employees about the products he purchased*.).[4]

7       Finally, Plaintiff has not, and cannot, allege facts to show Motorola caused harm it knew

8   was likely to occur in California. As addressed above, Plaintiff has failed to allege facts that he (or

9   any of the putative class members) suffered *any* harm.  As Plaintiff cannot allege facts to show *any*

10   harm, he certainly fails to allege facts sufficient to show Motorola caused harm that it knew was

11   "likely to be suffered in the forum state," thereby precluding a finding of purposeful direction.

12   *Heiting*, 743 F. Supp. at 1170.

13       **C.**    **Plaintiff's Common Law Claims for Invasion of Privacy Fail (Claims 1 and 2)**

14       Claims for invasion of privacy under the California Constitution and intrusion upon

15   seclusion rely on similar tests, and therefore are considered together. *See, e.g., In re Facebook, Inc.*

16   *Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020).[5] "Under . . . California law, the elements

17   for invasion of privacy are: (1) an **intentional** intrusion into a private place, conversation, or matter

18   (2) in a manner highly offensive to a reasonable person." *Hilderman v. Enea TekSci, Inc.*, 551 F.

19   Supp. 2d 1183, 1203 (S.D. Cal. 2008) (emphasis added). "These elements are not a categorical test,

20

---

21 [4] *Zarif* and *Kauffman* each cite *Briskin v. Shopify Inc.*, 87 F.4th 404 (9th Cir. 2023), which is currently awaiting rehearing en Banc by the Ninth Circuit. Other courts, though, have come to

22 similar conclusions based on "pre-*Briskin* Ninth Circuit precedent." *See, e.g., Heiting*, 743 F. Supp. 3d at 1167-68, 71 (relying expressly on *pre-Briskin* authority to grant a motion to dismiss for lack

23 of personal jurisdiction in a CIPA case, where defendant did not, *inter alia*, "specifically target the California market or otherwise prioritize and/or cultivate data gleaned from California users" and

24 therefore did not expressly aim its conduct at California)

25 [5] An intrusion upon seclusion claim under California common law requires a plaintiff to allege "that (1) a defendant **intentionally** intruded into a place, conversation, or matter as to which the plaintiff

26 has a reasonable expectation of privacy, and (2) the intrusion occurred in a manner highly offensive to a reasonable person." *Facebook Internet Tracking*, 956 F.3d 589, 601 (9th Cir. 2020) (cleaned

27 up). A California constitutional invasion-of-privacy claim requires a plaintiff to allege "that (1) they possess a legally protected privacy interest, (2) they maintain a reasonable expectation of

28 privacy, and (3) the intrusion is so serious as to constitute an egregious breach of the social norms such that the breach is highly offensive." *Id*. (cleaned up).

but rather serve as threshold components of a valid claim to be used to 'weed out claims that involve so insignificant or de minimus an intrusion on a constitutionally protected privacy interest as not even to require an explanation or justification by the defendant.'" *In re Yahoo Mail Litigation*, 7 F. Supp. 3d 1016, 1037 (N.D. Cal. 2014). When considering these claims, therefore, "[courts] ask first whether defendants '**intentionally** intrude[d], physically or otherwise, upon the solitude or seclusion of another," that is, into a place or conversation private to [plaintiff]." *Shulman v. Group W Productions, Inc.*, 18 Cal. 4th 200, 231 (1998)) (emphasis added); *see also, Med. Lab'y Mgmt. Consultants v. Am. Broad. Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002) (recognizing that invasion must be intentional); *Judicial Council of California Civil Jury Instruction (CACI) No. 1800. Intrusion into Private Affairs* (2025 edition) ("[t]o establish that [defendant] violated [plaintiff's] right to privacy … [plaintiff must prove all of the following: …2. That [defendant] **intentionally** intruded.)" (emphasis added); *Restatement, Second, Torts §652B, Intrusion upon Seclusion* (1997) ("[one who **intentionally** intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of privacy") (emphasis added).). Plaintiff has failed to allege either an *intentional* invasion of his privacy, or that any purported invasion was egregious or highly offensive.

Plaintiff does not allege Motorola failed to inform him of the cookies and third-party software the Website used, but rather that the "Reject All non-essential cookies" button was not functioning properly, which led to certain cookies continuing to load onto Plaintiff's device even after Plaintiff believed he rejected them. (*See, e.g.,* DE 1, ¶¶23-27.) Plaintiff does not, and cannot, allege that the alleged improper functioning was "intentional" such that Motorola *intended* to continue utilizing the alleged cookies—even if such allegations could support a claim for invasion of privacy, which they could not. (*See generally, Id.*) And in fact, common sense would tell one that it is likely any alleged improper button functioning was entirely *unintentional* and the result of a bona fide error or mistake. Specifically, a purpose behind the very button Plaintiff highlights was to inform Website visitors of Motorola's privacy policy and to allow them to customize their experience on the Website—which Plaintiff admits. (*See, e.g.,* DE 1, ¶¶ 33, 76.)

Finally, California law sets "a high bar" for invasion of privacy claims. *In re Yahoo Mail*

*Litigation,* 7 F. Supp. 3d at 1038 (*citing Belluomini v. Citigroup, Inc.,* 2013 WL 3855589, at *6 (N.D. Cal. July 24, 2013)). "Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right. Thus, the extent and gravity of the invasion is an indispensable consideration in assessing an alleged invasion of privacy. The impact on the plaintiff's privacy rights must be more than 'slight or trivial.'" *Mezger v. Bick*, 66 Cal. App. 5th 76, 87 (2021) (quoting *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal.4th 1, 37 (1994)). In order to qualify as a "serious invasion of privacy," conduct must be "an egregious breach of the social norms underlying the privacy right." *Hill*, 7 Cal.4th., at 37. "Even negligent conduct that leads to theft of highly personal information, including social security numbers, does not approach [the] standard of actionable conduct under the California Constitution and thus does not constitute a violation of Plaintiffs' right to privacy." *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012).

Here, the Complaint states the type of information third-party cookies *could* track or record, but fails to specify what (if any) of his information was actually tracked or recorded. (DE 1, ¶ 18.) Even assuming every item on the list Plaintiff provides was tracked, none of it represents the type of "highly sensitive" information to support a claim for invasion of privacy. Nor is implementation of a cookie to record such information the type of *highly offensive* and *egregious* breach of social norms necessary to support Plaintiffs claims. Rather, that is simply how the internet operates. *See, e.g., In re iPhone Application Litig.*, 844 F. Supp. 2d at 1063 (dismissing privacy claims based on disclosures of unique device identifier number, personal data, and geolocation information); *Fogelstrom v. Lamps Plus, Inc.,* 195 Cal. App. 4th 986, 992 (2011) ("routine commercial behavior" not "egregious breach of social norms"). Further, as the Complaint admits, Motorola utilizes a conspicuous pop-up to inform Website visitors of the cookies it uses, and allows them to reject the non-essential cookies. Plaintiff alleges that this "Reject All" button was not functioning properly. Even if true—which Motorola denies—the improper functioning of a specific portion of the Website's code does demonstrate an *egregious* breach of social norms, but rather, at most, a bona fide error or mistake. *In re iPhone Application Litig.*, 844 F. Supp. 2d at 1063. Therefore, Plaintiff's constitutional and common law privacy claims must be dismissed with prejudice.

**D.** **Plaintiff's Claims Under CIPA Fail (Claims 3 and 4)**

   1. <u>Plaintiff fails to state a claim under Section 631 of CIPA (Claim 3),</u>

      <u>because there was no *intentional* tapping</u>

Plaintiff fails to state a claim under Section 631 of CIPA. CIPA is an eavesdropping-related privacy statute. "The Supreme Court of California has distilled [CIPA] down to 'three distinct and mutually independent patterns of conduct: [1] **intentional** wiretapping, [2] **willfully** attempting to learn the contents or meaning of a communication in transit over a wire, and [3] attempting to use or communicate information obtained as a result of engaging in either of the previous two activities.'" *Williams v. What If Holdings, LLC,* No. C 22-03780 WHA, 2022 WL 17869275 at *2 (N.D. Cal. Dec. 22, 2022) (quoting *Tavernetti v. Sup. Ct.,* 22 Cal.3d 187, 192 (1978)) (emphasis added). A person can also violate CIPA by aiding and abetting a third party in any of the three. *See* Cal. Pen. Code § 631(a). From the Complaint, it *appears* as though Plaintiff is alleging a violation pursuant to this last part of Section 631. (*See, e.g.,* DE 1, ¶¶ 34-64, 118-124.) And in any case, Motorola cannot be liable under any other part of Section 631, because "[p]arties to a conversation cannot eavesdrop on their own conversation." *Williams,* 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022); *see also Ribas v. Clark*, 38 Cal. 3d 355, 360 (*en banc*) (1985) (CIPA "does not penalize the secret recording of a conversation by one of the participants.").

In order to succeed on a claim for aiding and abetting, Plaintiff "must sufficiently plead a violation by [third parties] of one of Section 631(a)'s first three clauses." *Cody v. Ring LLC*, No. 23-CV-00562-AMO, 2025 WL 240763, at *4 (N.D. Cal. Jan. 16, 2025). Moreover, "§ 631(a)'s fourth clause does require some level of knowledge and intent," and "[a]t the very least, that requires both knowledge of the conduct that will violate the statute and a purpose of aiding, agreeing with, or employing the third party to commit those acts." *Smith v. YETI Coolers, LLC*, No. 24-CV-01703-RFL, 2024 WL 4539578, at *4 (N.D. Cal. Oct. 21, 2024) (granting motion to dismiss where plaintiff made only conclusory allegation that "do not contain sufficient facts for the Court to draw a plausible inference that Defendant knowingly agreed with or employed Adyen to engage in conduct that violated the wiretapping statute".)

Here, Plaintiff has not, and cannot, allege Motorola *intended* to aid and abet any of the

14

1    alleged third parties in tapping Plaintiff's communications in violation of § 631. Rather, the

2    Complaint demonstrates that Motorola took specific steps to *prevent* purportedly unlawful

3    wiretapping by, *inter alia*, clearly and conspicuously notifying Website visitors of Motorola's use

4    of cookies and similar technology and providing them with the ability to customize their

5    experience, including by clicking a "Reject All non-essential cookies" button. (*See, e.g.,* DE 1, ¶¶

6    23, 70-76.) Plaintiff alleges that button was functioning improperly, which led to cookies and

7    similar technologies to continue to be stored on his device. (*Id.*, ¶ 76.) But such allegation—even

8    if accepted as true—establishes no more than a bona fide error or mistake, not an *intent* to aid and

9    abet third parties in violation CIPA.

10                   2.    <u>Plaintiff fails to state a claim under Section 638.51 of CIPA (Claim 4)</u>

11                         a.    *The facts as pled are insufficient to show that a pen register was*

12                               *used by Motorola under CIPA*

13        CIPA defines a pen register to be "a device or process that records or decodes dialing,

14    routing, addressing, or signaling information transmitted by an instrument or facility from which a

15    wire or electronic communication is transmitted, but not the contents of a communication." Cal.

16    Pen. Code § 638.50(b). The purpose of pen registers is for "telephone surveillance." (*See*, RJN Ex.

17    C (California Bill Analysis, A.B. 929 Assem., 4/21/2015).) Consequently, pen registers are attached

18    to **telephones** (cordless or cell phones), and requires, *inter alia*, the identity of to whom the

19    **"telephone line"** belongs and the "physical locations **of the telephone line.**" (*Id.*) (emphasis

20    added); *see also* Cal. Pen. Code 638.52(c) & (d)(1). Based on its plain language, therefore, the

21    statute is applicable only to **telephones**. *See, e.g., Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1071

22    (9th Cir. 2020) ("California law begins with the words themselves, giving them their plain and

23    commonsense meaning, because the words of a legal text generally provide the most reliable

24    indicator of [the enacting body's] intent.") (citation omitted). And, importantly, the bill introducing

25    Sections 638.50 through 638.55 was enacted in 2015—well after the advent of the internet and with

26    full knowledge that devices other than telephones (such as computers and tablets) could be used to

27    communicate electronically. (RJN, Ex. C.) If the legislature intended § 638.51 to apply to *non-*

28    *telephonic* devices, it could, and would have refrained from specifying that it applied to **telephones**.

Plaintiff alleges he accessed the Website, but is silent as to whether he used a telephone to so access, only alleging cookies were placed "on Plaintiff's device and/or transmitted to the Third Parties along with user data." (*See, e.g.,* DE 1, ¶¶ 70-74.) Because Plaintiff has not demonstrated that the device he used qualifies and entitles him to state a claim under the statute, it must be dismissed. *Smith v. LoanMe, Inc.*, 11 Cal.5th 183, 191 (2021) (recognizing legislative updates within specific sections of CIPA to reflect that legislative updates and commentary explicitly reference cordless and cellular phone technology with no reference to internet-based communications); *see Greenley v. Kochava, Inc.,* 684 F. Supp. 3d 1024, 1050 (S.D. Cal. 2023) (recognizing the expansion of technology and determining "embedded software" could qualify as a pen register when "***installed in a telephone***") (emphasis added); *Licea v. Cinmar, LLC,*  659 F.Supp.3d 1096, 1104 (C.D. Cal. 2023); *Licea v. Vitacost.com, Inc.*, No. 22-CV-1854-RSH-WVG, 2023 WL 5086893, at *4-5 (S.D. Cal. July 24, 2023); *Augustine v. Lenovo (United States), Inc.*, 2023 WL 4938050, at *4  (S.D. Cal. Aug. 2, 2023, No. 22-CV-2027-L-AHG); *Kauffman v. Papa John's International, Inc.*, 2024 WL 171363, at *9 (S.D. Cal. Jan. 12, 2024, No. 22-CV-1492-L-MSB).

### b.    Statutory exceptions render Plaintiff's claim invalid

Even if Plaintiff had alleged he accessed the Website with a telephone, his claim for a pen register violation would still fail, because there are exceptions to such a claim. Among the exceptions for when a pen register *is* permitted to be used, is when it is "[t]o operate, maintain, and test a wire or electronic communication service."  (Cal. Pen. Code § 638.51(b)(1).) Plaintiff has not alleged any facts in the Complaint that would preclude the applicability of this exception. Where a complaint alleges facts that also establish a defense to the claim, a plaintiff must plead around that defense*. See, Gentry v. eBay, Inc.*, 99 Cal. App. 4th 816, 824-25 (2002) ("[w]here the complaint's allegations or judicially noticeable facts reveal the existence of an affirmative defense, the plaintiff must 'plead around' the defense, by alleging specific facts that would avoid the apparent defense. Absent such allegations, the complaint is subject to demurrer for failure to state a cause of action. . . .'' (Weil Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2001) ¶ 6:179, p. 6-39, citing *Lee v. Escrow Consultants, Inc*., 210 Cal.App.3d 915, 917, 921-922 (1989),

16

and *Spray, Gould Bowers v. Associated Int'l Ins. Co.*, 71 Cal.App.4th 1260, 1266, fn. 4, (1999)"). Here, Plaintiff has failed to plead around this is exception that permits a pen register to be used if its purpose is to assist in operating and maintaining a website, by alleging facts that would preclude the applicability of the exception. Therefore, the Complaint is fatally defective.

### E.   Plaintiff's Contract Claims Fail as a Matter of Law (Claims 7 and 8)

#### 1.   Plaintiff cannot allege a breach of contract (Claim 7)

"To state a claim for breach of contract, plaintiffs must allege (1) the existence of a contract, (2) their performance under the contract, (3) defendants' breach of the contract, and (4) damages." *Lopez v. Apple, Inc.,* 519 F. Supp. 3d 672, 691 (N.D. Cal. 2021). Plaintiff fails to state facts to support any of these elements.

#### a.   *Plaintiff cannot establish the formation and existence of a contract*

Plaintiff alleges his use of the Website was governed by an agreement between himself and Motorola. Plaintiff alleges the Privacy Statement represents such agreement, and uses that alleged contract to form the basis for his claims for fraud, unjust enrichment breach of contract, and breach of the implied covenant of good faith and fair dealing. (*See, e.g.*, DE 1, ¶¶ 140-142, 153, 162-167, & 170-178.) Plaintiff's conclusory allegations are insufficient to demonstrate that there was a contract. Plaintiff merely alleges that Motorola's Privacy Statement "contained enforceable promises that Defendant made to Plaintiff and Class member(s)" but does not explain how the Privacy Statement created a contract. Nowhere in the Complaint does Plaintiff allege that there was a bargain or exchange. *C. M. v. MarinHealth Med. Grp., Inc.,* No. 23-CV-04179-WHO, 2024 WL 217841 *3 (N.D. Cal. Jan. 19, 2024) (holding plaintiffs must allege specific "consideration" for implied contract claim regarding data privacy.); *Huynh v. Quora, Inc.,* No. 18-CV-07597-BLF, 2019 WL 11502875 *10 (N.D. Cal. Dec. 19, 2019) (holding "Plaintiffs have not shown that they paid anything for the asserted privacy protections."). Further, Plaintiff has not shown he was required to agree to or accept the terms of the Privacy Statement prior to engaging in any purchase, or that he even made a purchase. *Gardiner v. Walmart*, No. 20-cv-04618-JSW, 2021 WL 2520103, at *6, *17-18 (N.D. Cal. Mar. 5, 2021) (rejecting implied contract claim where plaintiff did not allege that the defendant required [plaintiff] to agree to or accept the terms of the Privacy Policy.)

b.     *Plaintiff did not perform under the alleged contract—which*
*necessarily included Motorola's Terms of Use ("TOU")*[6]

Even if Plaintiff had adequately alleged the policies on Motorola's Website constitute an enforceable of an enforceable contract, which Motorola does not concede as addressed above, Plaintiff cannot pick and choose which portions of those policies bind him. "A written instrument must be construed as a whole, and multiple writings must be considered together when part of the same contract." *Nish Noroian Farms v. Agric. Lab. Rels. Bd.*, 35 Cal. 3d 726, 735 (1984) (*citing* Cal. Civ. Code §§ 1641-1642); *see also, Motown Rec. Corp. v. Wilson*, 849 F.2d 1476 (9th Cir. 1988) (when more than one writing relates to the same matter between the same parties, they are construed together); *Arriagarazo v. BMW of N. Am., LLC*, 64 Cal. App. 5th 742, 748 (2021) (courts "consider the contract as a whole"). And "[w]here a writing refers to another document, that other document becomes constructively a part of the writing, and in that respect the two form a single instrument." *Language Line Servs., Inc. v. Language Servs. Assocs., LLC*, No. C 10-02605 JW, 2011 WL 13153247, at *7 (N.D. Cal. Mar. 17, 2011).

To the extent Plaintiff establishes a contract between himself and Motorola, therefore, California law dictates that *all* portions of that agreement must be considered: Plaintiff is not entitled to allege claims pursuant to specific provisions of the agreement, while avoiding the existence of others. *Nish Noroian Farms*, 35 Cal. 3d at 735; *Language Line Servs., Inc.*, 2011 WL 13153247, at *7. But this is exactly what Plaintiff has attempted to do, as the Privacy Statement is just one portion of the TOU, which expressly incorporates the Privacy Statement into itself as the

---

[6]     Even if Plaintiff did not admit the agreement governing his use of the Website, he would still be subject to the TOU because he consented to them. To determine whether a website visitor consented to terms of use on a website—where "consent can be [express] or implied"—courts evaluate whether a "reasonable user" would understand what they are consenting to. *Calhoun v. Google, LLC*, 113 F.4th 1141, 1147-49 (9th Cir. 2024). Here, The TOU specifically direct a Website visitor to "***read these Terms of Use ("Terms") carefully before using this web site. If you do not agree to these Terms, then please do not use this site."*** and specifies the Website is provided to visitors "subject to these Terms.") (RJN, Ex. B) (emphasis in original). A "reasonable user" would certainly understand the provisions of the TOU, including those described herein.  Further, given Plaintiff's allegation that his use of the Website was governed by certain agreements, in addition to his status as a repeat-plaintiff in website privacy cases, he knew (or at least should have known) that the TOU governed his browsing experience.

policy governing Plaintiff's use of the Website. (*See*, RJN Ex. B.) Plaintiff's exclusion of the TOU from the Complaint is an attempt avoid the obligations and restrictions the TOU place on him, while simultaneously trying to enforce Motorola's statements. Plaintiff cannot have it both ways, and must abide by *all* of the terms and allege performance of *all* of the obligations placed on him. This, he cannot do.

The TOU includes several provisions relevant to this action, including a class action waiver, express agreed-to limit of Motorola's liability, a one-year statute of limitations, and choice of law and choice of venue provisions for Illinois. Plaintiff's Complaint fails to abide by any of these terms, and therefore should be dismissed with prejudice or at minimum, curtailed to comply with *all* of the terms of the very agreement he seeks to enforce.

First, Plaintiff agreed that "ANY AND ALL DISPUTES, CLAIMS, AND CAUSES OF ACTION ARISING OUT OF OR CONNECTED WITH THIS SITE AND/OR THESE TERMS, WILL BE RESOLVED INDIVIDUALLY, WITHOUT RESORT TO ANY FORM OF CLASS ACTION." (*See* RJN, Ex. B.) Accordingly, Plaintiff's class claims must be dismissed with prejudice or, as set forth in the concurrently filed Motion to Strike, should be stricken.

Second, Plaintiff agreed that "MOTOROLA'S TOTAL LIABILITY TO YOU FOR ALL LOSSES, DAMAGES, AND CAUSES OF ACTION, INCLUDING BUT NOT LIMITED TO THOSE BASED ON CONTRACT, TORT OR OTHERWISE, ARISING OUT OF YOUR USE OF THIS SITE, ITS CONTENT OR LINKS, SHALL NOT EXCEED THE AMOUNT YOU PAID, IF ANY, BY USING THIS SITE." (*Id.*) Plaintiff does not allege he paid any money by using the Website, and therefore is contractually unable to recover any damages.

Third, Plaintiff "agree[d] that regardless of any statute or law to the contrary, any claim or cause of action arising out of or related to use of the Site, or the Terms of Use must be filed within one (1) year after such claim or cause of action arose or be forever barred." (*Id.*) Despite this, Plaintiff has alleged claims based on conduct that occurred up to three years ago (DE 1, ¶ 70) and has asserted class claims extending back four years from the filing of the Complaint. (DE 1, ¶ 78.) Plaintiff is barred from asserting class claims, but even if he could assert such claims, they would be limited to a one-year period.

1    Finally, the TOU includes a choice of law provision identifying Illinois law, as well as a

2    forum selection clause, establishing that "any litigation shall be subject to the exclusive jurisdiction

3    of the state or federal courts in Chicago, Illinois, USA." (*See* RJN, Ex. B.) Such provisions are

4    enforceable. *Moretti v. Hertz Corp.*, No. C 13-02972 JSW, 2014 WL 1410432, at *2 (N.D. Cal.

5    Apr. 11, 2014) ("[T]he forum selection clause ... in an adhesion contract is enforceable even though

6    the [party] did not actually read it as long as the clause provided adequate notice to the defendant

7    that he was agreeing to the jurisdiction cited in the contract.") (citation omitted).

8        c.    *Plaintiff cannot establish Motorola breached the purported*

9              *agreement*

10    The Complaint alleges that Motorola breached three interrelated, promises it made to

11   Plaintiff under the TOU and Privacy Statement regarding the use of cookies. (DE 1, ¶ 162-163.)

12   Essentially, Plaintiff alleges that he rejected all non-essential cookies, but that he was nonetheless

13   still subjected to certain cookies. (*Id.*, ¶ 164.) As shown in the Complaint, Motorola specifically

14   provides its Website visitors, including Plaintiff, with specific steps to undertake to personalize

15   their experience on the Website, including in relation to cookies.  (*Id.*, at ¶ 163.) The steps, which

16   are not included in the Complaint, include:

17   - Not use our sites
     - Set your browser to notify you when you receive a cookie
18   - Set your browser to refuse to accept cookies
     - Utilize the cookie consent and control options offered by a Motorola website (if available
19     and as required by applicable law)
     - Delete our cookies after visiting our site
20   - Browse our site using your browser's anonymous usage setting (called "Incognito" in
       Chrome, "InPrivate" for Edge, "Private Browsing" in Firefox and Safari, etc.)
21     (RJN, Ex. A.)

22    The Privacy Statement also informed Plaintiff that, "[i]f you would like to opt-out of Google

23   Analytics for Display Advertisers and/or opt out of the customized Google Display Network, you

24   may do so by visiting Google's Ads Preferences Manager."  (RJN, Ex. A.) Moreover, The Privacy

25   Statement makes clear that "Motorola websites may not respond to Do-Not-Track signals sent by

26   certain browsers. Simply put, Motorola informed Plaintiff the manner in which it used cookies and

27   other technologies, and provided Plaintiff with the tools to modify that experience.

28    Plaintiff alleges only that he clicked the "Reject All non-essential cookies" button, but not

20

that he undertook any of the other enumerated steps. This includes, for example that Plaintiff did not visit "Google's Ads Preferences Manager," yet still complains that he was subjected to certain Google Analytics. (DE 1, ¶ 2.) Even accepting Plaintiff's allegations as to the "Reject All non-essential cookies" button as true, Plaintiff could have still prevented the purported cookies he complains of from launching on his device had he followed the additional steps Motorola provided.

*d.    Plaintiff fails to allege any damages*

For the reasons argued above, Plaintiff does not (and cannot plausibly) allege damages, and therefore cannot establish a claim for breach of contract. *See, e.g., Muha,* 106 Cal. App. 5th at 209-10). *See also, Rodriguez*, 2024 WL 4905217, at *4.

2.    Plaintiff cannot allege a breach of implied covenant of good faith and fair

dealings (Claim 8)

A claim for breach of implied covenant of good faith and fair dealings requires Plaintiff to prove: (1) the existence of a contract; (2) Plaintiff's performance; (3) Motorola's conduct *prevented* Plaintiff from receiving the benefits under the contract; (4) that Motorola did not act in good faith; and (5) the Plaintiff was thereby harmed. *See, e.g., Herskowitz v. Apple Inc.*, 940 F. Supp. 2d 1131, 1143 (N.D. Cal. 2013); *see also* CACI 325. "If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990).

Here, Plaintiff's claim mimics his breach of contract claim, and so should be dismissed as superfluous. *Id*.; (*compare* DE 1, ¶¶162-164; *with* ¶¶170-172). For the same reasons addressed above (*supra*, § E.1), Plaintiff has not alleged his own performance or harm, and this claim thus fails. Moreover, Plaintiff also fails to allege that Motorola *prevented* Plaintiff from receiving any alleged "benefit" under the alleged contract, or that Motorola was not acting in good faith (as opposed to, *inter alia*, there having been a bona error or mistake).

Plaintiff's attempt to expand his breach of contract claim by asserting the conclusory statement that Motorola violated the covenant of good faith and fair dealing likewise fails. (*Id*., ¶

21

178.) Plaintiff's only allegation is that, by allowing third party cookies to fire on his device, Motorola was "objectively unreasonable given its privacy promises." (*Id.*, ¶ 176.) Plaintiff cannot, however, expand his claim for breach of contract simply by asserting the actual breach was simply "unreasonable," and his claim therefore fails and should be dismissed with prejudice.

### F.      Plaintiffs fail to state a claim for fraud and misrepresentation (Claim 5)

Under California law, the elements of fraud and intentional misrepresentation are "(1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*, 107 Cal. App. 4th 54, 74 (2003), *as modified on denial of reh'g* (Apr. 8, 2003). When brought in a federal action, the Federal Rules of Civil Procedure govern pleading requirements. *See, e.g., Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). "Rule 9(b) requires that, when fraud is alleged, "a party must state with particularity the circumstances constituting fraud...." and "[a]ny averments which do not meet that standard should be 'disregarded,' or 'stripped' from the claim for failure to satisfy Rule 9(b)." *Id.*, at 1124. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.*; *see also, Lazar v. Superior Ct.*, 12 Cal.4th 631, 644-45 (1006) (same requirements under California law). General and conclusory allegations are insufficient. *See, e.g., Doutherd v. United Parcel Serv., Inc.*, No. 21-15966, 2022 WL 17582527, at *1 (9th Cir. Dec. 12, 2022).

Here, the Complaint does not identify any particular statement Motorola made to Plaintiff that was allegedly false. Instead, the Complaint merely asserts in conclusory fashion that Motorola's "Reject All non-essential cookies" button "transmitted to the Third Parties alongside Private Communications" and that "[t]hese misrepresentations and omissions were known exclusively to, and actively concealed by Defendant, not reasonably known to Plaintiff and Class members, and material at the time they were made." (DE 1, ¶¶ 141-42.) These conclusory allegations do not suffice to state a claim for fraud. *See Robinson Helicopter Co., Inc.*, 34 Cal.4th 979, 993 (2004); *see, e.g.*, *Mohebbi v. Khazen*, 50 F. Supp. 3d 1234, 1256 (N.D. Cal. 2014) (Plaintiff cannot "ask[] the Court [to] piece together which misrepresentations he alleges pertain to each of his fraud causes of action").

22

What's more, Motorola was unaware that Plaintiff alleged the "Reject All" button was not allegedly functioning properly until Plaintiff sent his pre-filing letter. The mere existence of the "Reject All" button shows that Motorola intended for non-essential cookies to cease firing once a Website visitor clicked the "Reject All" button, and believed that is what was happening. Because Plaintiff does not, and cannot, allege that Motorola knew the "Reject All" button was not allegedly working properly, he cannot allege Motorola knew any statements contained therein were untrue. Nor can Plaintiff allege an intent to defraud based on the Privacy Statement. And Plaintiff *knew* this prior to filing this lawsuit, rendering his claim for fraud spurious, at best. Plaintiff's claim should be dismissed, with prejudice.

Finally, as set forth above, Plaintiff has suffered no damage, and his claim should be dismissed with prejudice for that additional and independent reason.

## G.    Plaintiff's Trespass to Chattels Claim Must Be Barred As A Matter Of Law (Claim 9)

"[I]n order to prevail on a claim for trespass based on accessing a computer system, the plaintiff must establish: (1) defendant intentionally and without authorization interfered with plaintiff's possessory interest in the computer system; and (2) defendant's unauthorized use proximately resulted in damage. *Bui-Ford v. Tesla, Inc.*, No. 4:23-CV-02321, 2024 WL 694485, at *7 (N.D. Cal. Feb. 20, 2024). Importantly, the California Supreme Court has held that a claim for trespass to chattels "does not encompass, and should not be extended to encompass, an electronic communication that neither damages the recipient computer system nor impairs its functioning." *Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1347 (2003). And, the sort of harm required for a trespass claim is a "significant reduction in service constituting an interference with the intended functioning of the system." *In re iPhone Application Litig.*, 844 F. Supp. 2d at 1069. Finally, "loss of privacy" is insufficient to sustain a claim for trespass to chattels. *Id.*, at 1347; *see also Casillas v. Berkshire Hathaway Homestate Ins. Co.*, 79 Cal. App. 5th 755, 765 (2022) (recognizing the *Intel* court's implied finding that "trespass to chattels would not lie to protect interests in privacy.") (collecting cases).

Here, Plaintiff's Complaint is focused on the alleged privacy damages caused by the alleged

third-party software code being "stored onto Plaintiff's and Class members' devices." (DE ¶ 183.) But "nothing about the source code or the existence of cookies physically impairs the functioning of the plaintiffs' computing devices." *Doe I v. Google LLC*, 741 F. Supp. 3d 828, 846 (N.D. Cal. 2024). In fact, Plaintiff has not alleged *any* damage or impaired functioning of his unidentified device(s) as a result of the alleged conduct, but rather only alleges claims of privacy damages. (*See, e.g.,* DE 1, ¶¶ 181-183.) Plaintiff makes a cursory allegation of a "reduction of storage, disk space, and performance" of his device(s), but California courts as well as courts in this District have already rejected similar claims.

For instance, Plaintiff's allegations in the Complaint are similar to ones in *iPhone Application Litig.*, in which plaintiffs alleged that "Apple's creation of location history files and app software components 'consumed portions of the cache and/or gigabytes of memory on their devices." *In re iPhone Application Litig.*, 844 F. Supp. 2d at 1069. The court in *iPhone Application Litig.* rejected that theory, reasoning that "[w]hile these allegations conceivably constitute a harm, they do not plausibly establish a significant reduction in service constituting an interference with the intended functioning of the system, which is necessary to establish a cause of action for trespass." *Id.* (emphasis added); *see also, e.g.*, *Yunker v. Pandora Media, Inc.,* 2013 WL 1282980, at *16 (N.D. Cal. Mar. 26, 2013) (allegation that defendant "installed unwanted code that consumes portions of the memory on [plaintiff's] mobile device" insufficient); *see also Casillas*, 79 Cal. App. 5th at 765 (collecting cases). Here, Plaintiff does not, and cannot, allege *any* damage to his device(s) nor any impairment of their functioning, and his claim trespass to chattels claim should be dismissed with prejudice. *Intel Corp.*, 30 Cal. 4th at 1347.

**H.      Plaintiff's Unjust Enrichment Claim Is Barred As A Matter Of Law (Claim 6)**

Plaintiff's claim for unjust enrichment is improper and must fail, because "in California, there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015); *Hooked Media Group v. Apple Inc.*, 55 Cal. App. 5th 323, 336 (2020) ("California does not recognize a cause of action for unjust enrichment"). Court's *may* construe a claim for unjust enrichment as a quasi-contract claim seeking restitution, but construing Plaintiff's claim as such and allowing it to

proceed is inappropriate here. Specifically, Plaintiff contends that the Website's Privacy Statement contains "enforceable promises" relating to and subsuming issues of website privacy, and brings claims based on that alleged contract. (*See, e.g.,* DE 1, ¶ 163.) "[T]he mere existence of a contract that defines the parties' rights bars a claim for unjust enrichment." *See Sloan v. Gen. Motors LLC*, No. 16-CV-07244-EMC, 2020 WL 1955643, at *27 (N.D. Cal. Apr. 23, 2020); *see also Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996) ("unjust enrichment is an action in quasi-contract, which does not lie when an enforceable, binding agreement exists defining the rights of the parties."). Because Plaintiff alleges "a valid express contract covering the same subject matter exists between the parties, ... an action in quasi-contract is inappropriate," and should be dismissed with prejudice. *Deras v. Volkswagen Grp. of Am., Inc.*, No. 17-CV-05452-JST, 2018 WL 2267448, at *3 (N.D. Cal. May 17, 2018).

## I.     Leave to Amend Would be Futile

Leave to amend need not be given where doing so would cause undue prejudice to the defendant, or where any amendment would be futile. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962).  And, when considering whether to grant leave to amend, "prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003). Furthermore, where "no other court has the power to hear the case," dismissal should be with prejudice. *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988). Here, Plaintiff has not, and cannot, allege a concrete injury in fact, and therefore cannot establish standing. Because that defect is incurable, no other court can hear the case. Any amendment Plaintiff might make, therefore, would be futile and allowing such a futile amendment would prejudice Motorola, who would be required to engage in further motion practice.

## VI.     <u>CONCLUSION</u>

For the foregoing reasons, Motorola's Motion should be granted in its entirety, and the Complaint should be dismissed with prejudice and without leave to amend.

1    Dated: March 3, 2025                    K&L GATES LLP

2

3                                            By: */s/ Zachary T. Timm*
                                                Paul W. Sweeney, Jr.
4                                               Zachary T. Timm
                                                Johnathan A. Coleman
5
                                                Attorneys for Defendant
6                                               Motorola Mobility LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES – 4:24-CV-09533-JST**