Paul W. Sweeney, Jr. (SBN 112511)
paul.sweeney@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com
Johnathan A. Coleman (SBN 352670)
chief.coleman@klgates.com
**K&L GATES LLP**
10100 Santa Monica Blvd, 8th Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant Motorola Mobility LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GABRIELLI, an individual, on behalf of himself, the general public, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY LLC,<br><br>Defendant. | Case No. 4:24-cv-09533-JST<br><br>**REQUEST FOR JUDICIAL NOTICE AS TO MOTOROLA MOBILITY LLC'S MOTION TO DISMISS AND MOTION TO STRIKE THE COMPLAINT**<br><br>[Assigned to the Honorable Jon S. Tigar]<br><br>Hearing Date: May 22, 2025<br>Time:       2:00 P.M.<br>Courtroom:    6<br><br>Complaint Filed:   December 31, 2024 |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to Rule 201 of the Federal Rules of Evidence and relevant case law, Defendant Motorola Mobility LLC ("Motorola") respectfully requests that this Court take judicial notice of the following documents (collectively, the "Exhibits") or otherwise consider the Exhibits in connection with Motorola's concurrently filed Motion to Dismiss the Class Action Complaint and Motion to Strike the Class Action Complaint.

A. Motorola's "Website Privacy Statement" as of May 1, 2023 (available at: https://help.motorola.com/hc/apps/privacy/web/2023-05/en-us/), which is referenced in the Complaint and which Plaintiff alleges is a contract between himself (and the putative class members) and Motorola.  A true and correct copy of the Privacy Statement is attached hereto as **Exhibit A**, which was obtained on March 1, 2025, by Johnathan Coleman by accessing the URL described above, maximizing all sub-items, and printing the same to PDF.  (*See* Coleman Decl., ¶¶ 2-5.)

B. Motorola's "Terms of Use" (available at: https://www.motorola.com/us/en/legal/terms-of-use.html), which is part of the contract Plaintiff alleges exists between himself (and the putative class members) and Motorola.  A true and correct copy of the Terms of Use ("TOU") is attached hereto as **Exhibit B**, which was obtained on March 1, 2025, by Jonathan Coleman by accessing the URL described above, maximizing all sub-items, and printing the same to PDF.  (*See* Coleman Decl., ¶¶ 2 & 6.)

C. California Bill Analysis, Assembly Committee, 2015-2016 Regular Session, Assembly Bill 929, a true and correct copy of which is attached hereto as **Exhibit C.**

D. The second amended complaint in the matter of *Rodriquez v. Fountain9, Inc.*, pending in the Superior Court of California, for the County of Los Angeles, with a case number 24STCV04504, a true and correct copy of which is attached hereto as **Exhibit D.**

The Court may take notice of Exhibits A and B because they are incorporated by reference into the Complaint.  Exhibits A and B combine to form (at least a portion) of the written agreement Plaintiff alleges Motorola breached.  As such, they are central to the Complaint and its claims.  In fact Exhibit A (Motorola's Website Privacy Statement) is *repeatedly* referenced throughout the

1 Complaint. Exhibits A and B are also appropriate for judicial notice as publicly available websites authenticity is not subject to reasonable dispute.

Likewise, the Court may take judicial notice of Exhibits C and D because they are public records of the legislature and/or judiciary, which are not subject to reasonable dispute and are otherwise subject to judicial notice under applicable law.

## I.  LEGAL STANDARD

Where a Court considers material outside of the pleadings it need not convert a motion to dismiss to a motion for summary judgment where the material is judicially noticed or incorporated by reference. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Tellabs, Inc. v. Major Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (In ruling on a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) ("Under the 'incorporation by reference' rule . . . a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment."); *Perkins v. Linkedin Corp.,* 53 F. Supp. 3d 1222, 1240 (N.D. Cal. 2014).

Under Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

"Proper subjects of judicial notice when ruling on a motion to dismiss include legislative history reports; court documents already in the public record and documents filed in other courts; and publicly accessible websites." *Perkins v. Linkedin Corporation*, 53 F. Supp. 3d 1222, 1241 (N.D. Cal. 2014); *see also Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("Legislative history is properly a subject of judicial notice."); *Johnson v. Pluralsight, LLC*, 728 F. App'x 674, 676 n.3 (9th Cir. 2018) (granting plaintiff's motion to take judicial notice of five exhibits, "each of which pertains to the legislative history of the [relevant statute]"); *Aramark*

*Facility Servs. v. SEIU, Local 1877*, 530 F.3d 817, 826 n.4 (9th Cir. 2008) (granting request for judicial notice of legislative materials); *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (recognizing judicial notice is appropriate for documents filed publicly in other courts); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (taking judicial notice of "the list of approved 403(b) vendors displayed publicly on the respective web sites of the South Kitsap and El Dorado School Districts,"); *Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 617 (N.D. Cal. 2021) (taking judicial notice of Google's webpages, including its Privacy Policy, because "[t]hese documents appear on publicly available websites and are thus proper subjects for judicial notice."); *Pak's Trading Eur. B.V. v. Target,* 2018 WL 8333362, at *4 (C.D. Cal. July 5, 2018) (granting request for judicial notice of screenshots from government website).

In addition to judicially noticeable material under Rule 201(b), courts treat certain documents as though they are a part of the complaint itself. Under the "incorporation by reference" doctrine, the court can "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal marks, citation, and brackets omitted); *Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1137 (N.D. Cal. 2015) (incorporating by reference Defendant's privacy policy and terms of service in a California Invasion of Privacy Act case regarding the use of personal information on a web-based ridesharing application); *see also Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012) (A court "may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).").

Finally, in reviewing a motion to dismiss, courts can consider evidence on which the complaint "necessarily relies" if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). And a plaintiff cannot survive a motion to dismiss by strategically omitting references to documents upon which their claims are based to avoid incorporation by reference. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–706 (9th Cir. 1998). In *Parrino*, the Ninth Circuit explained that the extension of the incorporation

by reference doctrine to situations where documents are "crucial to plaintiff's claims, but not explicitly incorporated in his complaint" was necessary to "[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Id.* at 706.

## II.   ARGUMENT

### A.   Motorola's Privacy Statement and TOU are Incorporated by Reference Into the Complaint, Form the Basis of Plaintiff's Claim for Breach of Contract, and Are Otherwise Judicially Noticeable

Motorola's Privacy Statement and TOU, (Exhibits A and B respectively), are incorporated by reference into the Complaint, and thus can (and should) be considered when evaluating Motorola's Motion to Dismiss and Motion to Strike. Specifically, the Complaint repeatedly references the "Privacy Statement" (Ex. A), and in fact quotes portions of it verbatim. (*See, e.g.,* DE 1, ¶¶ 22, fn. 1, 33, 76, 146, 162-163, 165, 167, 170-171.) Moreover, the Complaint specifically alleges that the Privacy Statement constitutes an enforceable contract between Plaintiff and Motorola, and bases his claim for breach of contract *on that purported contract*. (*Id*.) Plaintiff "necessarily relies" on the very contract he alleges was breached and refers to the alleged contract repeatedly. The alleged contract is central to Plaintiff's contract claims, and the authenticity of the copies attached as Exhibits A and B are not in question. As such, the alleged contract is certainly incorporated by reference into the Complaint, and this Court can (and should) consider it when considering Motorola's Motion to Dismiss and Motion to Strike. *See, e.g., Marder*, 450 F.3d at 448; *see also Knievel*, 393 F.3d at 1076 ("We have extended the "incorporation by reference" doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint.") Plaintiff alleged that contract is comprised of the Privacy Statement (Ex. A), and it is thus incorporated by reference.

The TOU are likewise incorporated by reference as an additional portion of the same alleged contract. A written instrument must be construed as a whole, and multiple writings must be

1  considered together when part of the same contract." *Nish Noroian Farms v. Agric. Lab. Rels. Bd.*, 35 Cal. 3d 726, 735 (1984) (*citing* Cal. Civ. Code §§ 1641-1642); *see also, Motown Rec. Corp. v. Wilson*, 849 F.2d 1476 (9th Cir. 1988) (when more than one writing relates to the same matter between the same parties, they are construed together); *Arriagarazo v. BMW of N. Am., LLC*, 64 Cal. App. 5th 742, 748 (2021) (courts "consider the contract as a whole").  And "[w]here a writing refers to another document, that other document becomes constructively a part of the writing, and in that respect the two form a single instrument." *Language Line Servs., Inc. v. Language Servs. Assocs., LLC*, No. C 10-02605 JW, 2011 WL 13153247, at *7 (N.D. Cal. Mar. 17, 2011).

Here, the TOU and Privacy Statement are two writings that are each part of the same alleged contract governing Plaintiff's use of Motorola's website, with the TOU incorporating the Privacy Policy into itself as the policy governing Plaintiff's use of Motorola's Website. (Ex. B.)  Because the two documents are part of one alleged contract, they must be construed together when considering Plaintiff's breach of contract and related claims.  Plaintiff cannot survive Motorola's Motion to Dismiss and Motion to Strike by strategically omitting references to one portion of the alleged contract (specifically, the TOU) while focusing on another portion of the same alleged contract (the Privacy Statement).  *Parrino*, 146 F.3d at 705-706.  The TOU (Ex. B), therefore, should also be considered incorporated by reference and should be judicially noticed.  *See, e.g., Language Line Servs., Inc., LLC*, 2011 WL 13153247, at *7; *Motown Rec. Corp.*, 849 F.2d 1476.

Even if Exhibits A and B did not form the basis of Plaintiff's breach of contract claim and were not incorporated by reference, they would still be judicially noticeable, as they are properly authenticated screenshots of pages of Motorola's Website, which is publicly available. *See, e.g., Daniels-Hall*, 629 F.3d at 998-99;  *see also, Calhoun,* 526 F. Supp. 3d at 617*; Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1079 (C.D. Cal. 2021) (granting judicial notice of screenshots of website that plaintiff's complaint "extensively discusses"); *Love v. CCMH Fisherman's Wharf LLC*, 2021 WL 1734924, at *2 (N.D. Cal. May 3, 2021) ("The website screenshots are subject to judicial notice under the doctrine of incorporation by reference . . . ."). This Court should therefore grant Plaintiffs' Request with respect to Exhibits A and B and consider each when evaluating Motorola's Motion to Dismiss and Motion to Strike.

**B.     The California Bill Analysis and the Rodriguez Second Amended Complaint are Judicially Noticeable as Legislative and Court Records, Respectively**

The California Bill Analysis and the Rodriguez Second Amended Complaint, Exhibits C and D respectively, are both public records, which are appropriately judicially noticeable. Specifically, Exhibit C is the California Bill Analysis from the Assembly Committee on Privacy and Consumer Protection, dated April 21, 2015, pertaining to the California Invasion of Privacy Act. (*See*, Ex. C.) Included in the Bill Analysis are discussions of the pen register provision of CIPA, which forms the basis of Plaintiff's fourth claim. (DE 1, 43:12-13.) "Legislative history is properly a subject of judicial notice." *Anderson*, 673 F.3d at 1094 n.1; *see also Perkins*, 53 F. Supp. 3d at 1241. Accordingly, this Court can take judicial notice of the Bill Analysis, which demonstrates legislative intent regarding, *inter alia*, CIPA § 638.51. Exhibit D, meanwhile, is a court record, publicly filed in the Los Angeles Superior Court. (*See,* Ex. D.) Records of other courts—even those of California state trial courts—are judicially noticeable. *See, e.g., Holder*, 305 F.3d at 866.

Accordingly, Exhibits C and D are judicially noticeable.

### III.    CONCLUSION

For the reasons discussed herein, Motorola respectfully requests this Court to take judicial notice of Exhibits A-D, and/or consider the Exhibits incorporated by reference and consider each in evaluating Motorola's Motion to Dismiss and Motion to Strike.

Respectfully submitted,

Dated: March 3, 2025                                          K&L GATES LLP


                                                              By: */s/ Zachary T. Timm*
                                                                  Paul W. Sweeney, Jr.
                                                                  Zachary T. Timm
                                                                  Johnathon A. Coleman

                                                                  Attorneys for Defendant
                                                                  Motorola Mobility LLC