# EXHIBIT C

BILL ANALYSIS

AB 929

Page  1

`Date of Hearing:  April 21, 2015

ASSEMBLY COMMITTEE ON PRIVACY AND CONSUMER PROTECTION

Mike Gatto, Chair

AB 929
(Chau) - As Amended April 15, 2015

SUBJECT:  Pen registers:  authorized use

SUMMARY:  Authorizes state and local law enforcement agencies to
seek an emergency order to use pen registers and trap and trace
devices in telephone surveillance if there is probable cause to
believe that their use will lead to evidence of a crime.
Specifically, this bill:

1)Prohibits a person from installing or using a pen register or
  a trap and trace device without first obtaining a court order,
  as specified.

2)Authorizes a provider of electronic or wire communication
  service to use a pen register or a trap and trace device for
  any of the following purposes:

   a)   To operate, maintain, and test a wire or electronic
     communication service;

   b)   To protect the rights or property of the provider;

   c)   To protect users of the service from abuse of service or
     unlawful use of service;

AB 929

Page  2

   d)   To record the fact that a wire or electronic
     communication was initiated or completed to protect the
     provider, another provider furnishing service toward the
     completion of the wire communication, or a user of that
     service, from fraudulent, unlawful, or abusive use of
     service; or,

   e)   If the consent of the user of that service has been
     obtained.

1)Provides that a violation of these provisions is punishable by
  a fine not exceeding two thousand five hundred dollars
  ($2,500), or by imprisonment in the county jail not exceeding
  one year, or by imprisonment, or by both that fine and
  imprisonment.

2)Declares that a good faith reliance on an order issued or an
  authorization made pursuant to these provisions is a complete
  defense to a civil or criminal action.

3)Authorizes a peace officer to apply to a magistrate for an
  order or an extension of an order authorizing or approving the
  installation and use of a pen register or a trap and trace
  device.

4) Requires the application to be in writing under oath or its equivalent, include the identity of the peace officer making the application and the identity of the law enforcement agency conducting the investigation.

5) Requires the applicant to certify that the information likely

AB 929

Page  3

to be obtained is relevant to an ongoing criminal investigation and shall include a statement of the offense to which the information likely to be obtained by the pen register or trap and trace device relates.

6) Requires the magistrate to enter an ex parte order authorizing the installation and use of a pen register or a trap and trace device if the magistrate finds that the information likely to be obtained by the installation and use of a pen register or a trap and trace device is relevant to an ongoing criminal investigation, and finds that there is probable cause to believe that the pen register or trap and trace device will lead to obtaining evidence of a crime, contraband, fruits of crime, things criminally possessed, weapons, or other things by means of which a crime has been committed or reasonably appears about to be committed, or will lead to learning the location of a person who is unlawfully restrained or reasonably believed to be a witness in a criminal investigation or for whose arrest there is probable cause.

7) Requires the magistrate to enter an ex parte order authorizing the installation and use of a pen register or a trap and trace device if the magistrate finds that the information likely to be obtained by the installation and use of a pen register or a trap and trace device is relevant to an ongoing criminal investigation, and finds that there is probable cause to believe that the pen register or trap and trace device will lead to:

   a)    Stolen or embezzled property;

   b)    Property or things used as the means of committing a
         felony;

AB 929

Page  4

   c)    Property or things in the possession of any person
         with the intent to use them as a means of committing a
         public offense, or in the possession of another to whom
         he or she may have delivered them for the purpose of
         concealing them or preventing them from being discovered;

   d)    Evidence that tends to show a felony has been
         committed, or tends to show that a particular person has
         committed or is committing a felony;

e)    Evidence that tends to show that sexual exploitation
      of a child, or possession of matter depicting sexual
      conduct of a person under 18 years of age, has occurred
      or is occurring;

f)    The location of a person who is unlawfully
      restrained or reasonably believed to be a witness in a
      criminal investigation or for whose arrest there is
      probable cause;

g)    Evidence that tends to show a violation of specified
      worker's compensation and insurance provisions; or

h)    Evidence that tends to show violations of the Fish
      and Game Code or the Public Resources Code.

AB 929

Page  5

8)Authorizes the magistrate to seal portions of the application
  upon the request of the person seeking the pen register or
  trap and trap device, as specified.

9)Provides that information acquired solely pursuant to the
  authority for a pen register or trap and trace device shall
  not include any information that may disclose the physical
  location of the subscriber, except to the extent that the
  location may be determined from the telephone number.

10)Requires that an ex parte order authorizing the installation
   and use of a pen register or a trap and trace device to
   specify the following:

a)    The identity, if known, of the person to whom is
      leased or in whose name is listed the telephone line to
      which the pen register or trap and trace device is to be
      attached;

b)    The identity, if known, of the person who is the
      subject of the criminal investigation;

c)    The number and, if known, physical location of the
      telephone line to which the pen register or trap and
      trace device is to be attached and, in the case of a trap
      and trace device, the geographic limits of the trap and
      trace order;

d)    A statement of the offense to which the information
      likely to be obtained by the pen register or trap and
      trace device relates; and

e)    The order shall direct, if the applicant has
      requested, the furnishing of information, facilities, and
      technical assistance necessary to accomplish the
      installation of the pen register or trap and trace
      device.

AB 929

Page  6

11) An order authorizing the installation and use of a pen register or a trap and trace device may not exceed a period of 60 days, which may be extended by a period of no more than 60 days if there is continued probable cause that the information or items sought are likely to be obtained under the extension.

12) Requires an authorization order or extension to direct that the order be sealed until otherwise ordered by the magistrate or a judge of the superior court, and that the person owning or leasing the line to which the pen register or trap and trace device is attached not disclose the existence of the register, device or investigation. _

13) Requires a communication service provider, landlord, custodian, or other person to immediately provide the peace officer all information, facilities, and technical assistance necessary to install the pen register or trap and trade device, as specified, and to provide results to the peace officer at reasonable intervals during regular business hours for the duration of the order.

14) Authorizes the magistrate to examine on oath the person seeking the pen register or trap and trace device and any witnesses the person may produce, and may take his or her affidavit or their affidavits in writing.

15) Authorizes a magistrate, upon oral application by a peace officer, to grant oral approval for the installation and use of a pen register or a trap and trace device, without an order, if he or she determines all of the following:

AB 929

Page 7

a)      There are grounds upon which a 60-day order could be issued:

b)      There is probable cause to believe that an emergency situation exists with respect to the investigation of a crime; and

c)      There is probable cause to believe that a substantial danger to life or limb exists.

16) Requires the peace officer who made the oral application to submit a written application for an order to the original magistrate by midnight of the second full court day after the pen register or trap and trace device is installed.  If such an order is issued, the order shall cite the time of the oral approval and shall be retroactive to the time of the original oral approval.

17) Requires that, in the absence of an authorizing order, the use under the oral approval shall immediately terminate when the information sought is obtained, when the application for the order is denied, or by midnight of the second full court day after the pen register or trap and trace device is installed, whichever is earlier.

18) Requires a communication service provider, landlord, custodian, or other person who provides facilities or technical assistance pursuant to this section to be reasonably compensated by the requesting peace officer's law enforcement agency for the reasonable expenses incurred in providing the facilities and assistance.

19) Defines the terms "wire communication," "electric

AB 929

Page  8

communication," "pen register," and "trap and trace device."

20)Provides that no reimbursement is required because the only
   costs that may be incurred by a local agency or school
   district will be incurred because this act creates a new crime
   or infraction, eliminates a crime or infraction, or changes
   the penalty for a crime or infraction, or changes the
   definition of a crime.

EXISTING LAW:

1)Authorizes the Attorney General or a district attorney to make
  a written application to a judge of a superior court for an
  order permitting the interception of wire communication and
  electronic communication, as defined. (Penal Code (PC) Section
  629.50)

2)Permits an application to be made informally and granted
  orally if an emergency situation exists, and other factors are
  present. (PC 629.56)

3)Conditions the granting of an oral approval on the filing of a
  written application by midnight of the second full court day
  after the oral approval is made. (PC 629.56(b))

4)Prohibits a communication interception from lasting for longer
  than 30 days. (PC 629.58)

AB 929

Page  9

5)Permits an extension of the original order, not to exceed 30
  days, upon a showing that there is continued probable cause
  that the information sought is likely to be obtained under the
  extension. (PC 629.58)

FISCAL EFFECT:  Unknown

COMMENTS:

 1)Purpose of this bill .  This bill is intended to authorize
   state and local law enforcement to seek emergency orders for
   pen registers/trap and trace devices used in telephone
   surveillance, while requiring as a precondition a standard of
   evidence higher than under federal law. This bill is
   co-sponsored by the Los Angeles County District Attorney's
   Office and the Los Angeles County Sheriff's Department.

 2)Author's statement .  According to the author, "Federal law
   allows law enforcement agencies to use pen register and trap
   and trace devices, but they must obtain a court order from a
   judge prior to the installation of the device. However, during
   an emergency situation, they may use these devices without a
   court order if they obtain the court order within 48 hours of
   the use of the device. Law enforcement agencies must

demonstrate that there is reasonable suspicion that the use of
the device is relevant to an ongoing criminal investigation
and will lead to obtaining evidence of a crime for a judge to
authorize the use.

"Though federal law authorizes states and local law
enforcement officers to use pen register and trap and trace
devices by obtaining a court order first, it does not allow
them to obtain an emergency order unless there is a state
statue authorizing and creating a process for states and local

AB 929

Page  10

law enforcement officers to do so.

"AB 929 will provide law enforcement officers with a critical
tool in protecting public safety during ongoing criminal
investigations and emergency situations by authorizing the use
of a pen register or a trap and trace device based on a
finding of probable cause."

 3)Pen registers/trap and trace devices  .  As noted above, pen
registers/trap and trace devices are used by law enforcement
for telephone surveillance to record incoming and outgoing
phone numbers from a tapped line. Historically, "pen
registers" are used to record outgoing numbers from a
particular telephone line, while "trap and trace" devices
allow them to record the numbers that call in. The two terms
are often used together, because the two technologies are
almost always requested together.  For purposes of simplicity,
they will be jointly referred to here as a "pen/trap" device.

According to the author, "these technologies are extremely
useful for law enforcement in situations such as gang and
narcotic investigations. Federal law allows law enforcement
agencies to use pen register and trap and trace devices, but
they must obtain a court order from a judge prior to the
installation of the device [which cannot exceed 60 days in
duration].  However, during an emergency situation, they may
use these devices without a court order if they obtain the
court order within 48 hours of the use of the device. Law
enforcement agencies must demonstrate that there is reasonable
suspicion that the use of the device is relevant to an ongoing
criminal investigation and will lead to obtaining evidence of
a crime for a judge to authorize the use." A pen/trap order is

AB 929

Page  11

only for the capture of incoming and outgoing phone numbers,
and not to record audio or text messages, or to obtain
real-time geophysical data on a cellphone.

However, there is a legal complication with the use of emergency
orders. The Los Angeles District Attorney's Office writes,
"[t]hough federal law authorizes states and local law
enforcement officers to use pen register and trap and trace
devices by obtaining a court order first, it does not allow
them to obtain an emergency order unless there is a state
statute authorizing and creating a process for states and
local law enforcement officers to do so."  California does not
have such an authorizing statute, although six other states
do: Alabama, Florida, George, Iowa, Texas and Washington.

As a result of the lack of an authorizing statute, the Los
Angeles District Attorney's Office suggests that some law
enforcement agencies have utilized warrantless emergency
declarations without proper authorization, which is
technically a federal misdemeanor.

In response, AB 929 would explicitly authorize state and local
law enforcement officers to use pen register and trap and
trace devices, including during emergency situations.

 4)Standards of evidence  .  As noted above, pen/trap orders sought
on the basis of federal law, such as those sought by federal
law enforcement in federal courts, require the requesting
agency to prove "reasonable suspicion," a standard lower than
probable cause (described below), but more than an 'inchoate
and unparticularized suspicion or hunch', based on specific
and articulable facts, taken together with rational inferences
from those facts, and associated with a specific individual.
It is often applied as the standard of evidence sufficient for
a police officer to stop and frisk an individual. (see Terry
v. Ohio, 392 U.S. 1, 1968)

AB 929

Page  12

By comparison, Ballantine's Law Dictionary defines "probable
cause" as "a reasonable amount of suspicion, supported by
circumstances sufficiently strong to justify a prudent and
cautious person's belief that certain facts are probably
true." Probable cause is considered a higher standard of
evidence than reasonable suspicion, and is generally used as
the basis for arrests or search warrants.

Notably, there is some variation in the standards of evidence
used for pen/trap orders here in California. According to the
Los Angeles District Attorney's Office, the California
Attorney General's office has issued a legal opinion that
state law enforcement officers should be required to meet the
higher probable cause standard when seeking a pen/trap order
from a state court judge since 2003 due to the right of
privacy provisions in the California Constitution. Los Angeles
County, and some other counties as well, have decided to apply
the higher standard to their own requests for pen/trap orders,
but not all counties have followed suit, in large part because
the Attorney General's opinion is advisory only.

This bill would explicitly require the higher probable cause
standard for all pen/trap orders obtained by a state or local
law enforcement agency from a California magistrate.

 5)Arguments in support  .  According to the Los Angeles County
District Attorney's Office, "[AB 929] would authorize state
and local law enforcement officers to use pen register and
trap and trace devices under state law. AB 929 would also
authorize the issuance of emergency pen registers and trap and
trace devices. Under the provisions of AB 929 a California
court could issue a court order authorizing the use of a pen
register and/or a trap and trace device upon a showing of

AB 929

Page  13

probable cause which is a higher standard than the reasonable
suspicion standard required under federal law...AB 929 would
create a comprehensive pen register/trap and trace device
statute in the Penal Code to cover all requests for pen
registers and trap and trace devices in California, including
emergency open registers."

 6)<u>Question for the Committee</u> .  The key privacy question posed by
this bill is how the authorization of pen registers and trap
and trace devices under a probable cause standard of evidence
would impact individual privacy.

As noted above, the federal standard of evidence for getting a
pen/trap order is reasonable suspicion - and will remain that
way.  Federal agents going to federal court in California will
still be able to get pen/trap orders under the reasonable
suspicion standard provided by federal law. And by default,
state agencies working joint state/federal investigations
seeking a similar order from a federal magistrate under the
federal statute would abide by the same standard.

However, some agencies, such as the Los Angeles District
Attorney's Office, have opted to impose a higher standard -
probable cause - on their own pen/trap orders, voluntarily.
As a result, some law enforce agencies in other counties
currently abide by the lower federal standard when seeking a
pen/trap order, while others voluntarily follow the higher
standard.

This bill would impose the higher standard of probable cause
on all state and local law enforcement agencies and thereby
require some of those agencies to raise the standard they are
currently using.  To the extent that a higher evidentiary
standard means that law enforcement must show more evidence of
a potential crime before they can lawfully utilize invasive

AB 929

Page  14

surveillance technology like a pen/trap, individual privacy
would arguably be better protected by this bill.
 7)<u>Double-referral</u> .  This bill was double-referred to the
Assembly Public Safety Committee, where it was heard on April
7, 2015, and passed on a 6-0 vote.

REGISTERED SUPPORT / OPPOSITION:


Support

Los Angeles County District Attorney's Office (co-sponsor)

Los Angeles County Sheriff's Department (co-sponsor)

Association for Los Angeles Deputy Sheriffs

California District Attorneys Association

California Fraternal Order of Police

California State Sheriffs' Association

California Statewide Law Enforcement Association

Long Beach Police Officers Association

AB 929

Page  15

Los Angeles County Professional Peace Officers Association

Los Angeles Police Protective League

Riverside Sheriffs Association

Sacramento County Deputy Sheriffs' Association

Santa Ana Police Officers Association


Opposition

None received.


Analysis Prepared by:Hank Dempsey / P. & C.P. / (916) 319-2200