```
1   Paul W. Sweeney, Jr. (SBN 112511)
    paul.sweeney@klgates.com
2   Zachary T. Timm (SBN 316564)
    zach.timm@klgates.com
3   Johnathan A. Coleman (SBN 352670)
    chief.coleman@klgates.com
4   K&L GATES LLP
    10100 Santa Monica Boulevard
5   Eighth Floor
    Los Angeles, California 90067
6   Telephone: +1 310 552 5000
    Facsimile: +1 310 552 5001
7
8
    Attorneys for Defendant
9   Motorola Mobility LLC
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GABRIELLI, an individual, on behalf of himself, the general public, and those similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>MOTOROLA MOBILITY LLC,<br><br>        Defendant. | Case No. 4:24-cv-09533-JST<br><br>**MOTOROLA MOBILITY LLC'S NOTICE OF MOTION AND MOTION TO STRIKE THE CLASS ALLEGATIONS IN THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Assigned to the Honorable Jon S. Tigar]<br><br>Hearing Date: May 22, 2025<br>Time:         2:00 p.m.<br>Courtroom:  6<br><br>Complaint Filed:   December 31, 2024 |

1
**NOTICE OF MOTION AND MOTION TO STRIKE – 4:24-CV-09533-JST**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 22, 2025, at 2:00 p.m., or as soon thereafter as this matter may be heard by the Honorable Jon S. Tigar in Courtroom 6, 2nd Floor, of the above-entitled Court located at 1301 Clay Street, Oakland, California, 94612, Defendant Motorola Mobility LLC ("Motorola") will, and hereby does, move to strike portions of the Class Action Complaint ("Complaint") of Plaintiff ("Plaintiff"), individually and on behalf of all others similarly situated, and each claim asserted therein against Motorola.

Pursuant to Federal Rule of Civil Procedure[1] 12(f), Motorola moves to strike Plaintiff's class allegations on the grounds that the putative class is not capable of being certified. Specifically, (1) no class member has Article III standing; (2) Plaintiff and the other purported class members agreed to waive their class claims; (3) on the face of the Complaint, Plaintiff cannot satisfy the requirements of Rule 23(a) and (b); and (4) the class period, as defined, exceeds the applicable statutes of limitations.

This Motion is based on this Notice of Motion and Motion to Strike, Memorandum of Points and Authorities, Declaration of Jonathan Coleman ("Coleman Declaration") and exhibits thereto, Request for Judicial Notice ("RJN"), concurrently filed Motion to Dismiss with Prejudice, and all pleadings, arguments, and matters before the Court.

Dated: March 3, 2025                               K&L GATES LLP

By: */s/ Zachary T. Timm*
    Paul W. Sweeney, Jr.
    Zachary T. Timm
    Johnathan A. Coleman

    Attorneys for Defendant
    Motorola Mobility LLC

---

[1] Subsequent citations or references to the "Rules" shall refer to the Federal Rules of Civil Procedure.

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 1
I.    INTRODUCTION ............................................................................................................. 1
II.   FACTUAL BACKGROUND ............................................................................................ 1
III.  ISSUES TO BE DECIDED (CIV. L.R. 7-4(A)(3)) ........................................................... 3
IV.  LEGAL STANDARD ....................................................................................................... 3
V.   ARGUMENT .................................................................................................................... 4
    A.   The Class Allegations Should be Stricken ............................................................ 4
        1.   The putative class cannot be certified for lack of Article III standing ........ 4
            a.   The class allegations as to § 631 must be stricken .............. 5
            b.   The class allegations as to the remaining claims must be stricken    6
        2.   The class allegations should be stricken, because Plaintiff and the putative class members agreed their claims must be brought on an individual basis ................................................................................. 8
        3.   The putative class cannot be certified because, on its face, it cannot meet the requirements of Rule 23 (a) and (b) ............................................ 9
            a.   Numerosity does not exist ....................................................... 9
            b.   The class allegations should be stricken because individual questions will predominate ....................................................... 10
            c.   The fraud and misrepresentation claims will never be appropriate for certification because individual questions will predominate   11
    B.   The Class Definition Should be Stricken Because it is Contrary to Established Statutes of Limitations ...................................................................... 11
    C.   The Court Should Not Delay Consideration of These Issues Until the Certification Stage ............................................................................................. 13
VI.  CONCLUSION ............................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bates v. United Parcel Serv., Inc.*,
 511 F.3d 974 (9th Cir. 2007).................................................................................................. 7

*Bliss CoreCivic, Inc.*,
 978 F.3d 1144 (9th Cir. 2020)............................................................................................... 12

*Calhoun v. Google, LLC*,
 113 F.4th 1141 (9th Cir. 2024)........................................................................................... 9, 12

*Comcast Corp. v. Behrend*,
 569 U.S. 27 (2013).................................................................................................................. 9

*Dana Huges v. Vivint, Inc., et al.*,
 Case No. 2:24-cv-03081-GW-KS (C.D. Cal. July 12, 2024)................................................... 5

*Denney v. Deutsche Bank AG*,
 443 F.3d 253 (2d Cir. 2006)................................................................................................... 7

*Enoh v. Hewlett Packard Enter. Co.*,
 No. 17-CV-04212-BLF, 2018 WL 3377547 (N.D. Cal. July 11, 2018)................................. 11

*Halvorson v. Auto-Owners Life Ins. Co.*,
 718 F.3d 773 (8th Cir. 2013)................................................................................................... 7

*In re Asacol Antitrust Litig.*,
 907 F.3d 42 (1st Cir. 2018)..................................................................................................... 7

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
 934 F.3d 619 (D.C. Cir. 2019)................................................................................................ 7

*Langan v. United Servs. Auto. Ass'n*,
 69 F. Supp. 3d 965 (N.D. Cal. 2014) ................................................................................. 3, 13

*Language Line Servs., Inc. v. Language Servs. Assocs., LLC*,
 No. C 10-02605 JW, 2011 WL 13153247 (N.D. Cal. Mar. 17, 2011)................................... 8

*Matera v. Google Inc.*,
 No. 15-CV-04062-LHK, 2016 WL 5339806 (N.D. Cal. Sept. 23, 2016)............................... 6

*May v. Google LLC*,
 No. 24-CV-01314-BLF, 2024 WL 4681604 (N.D. Cal. Nov. 4, 2024).............................. 12, 13

*Mazza v. Am. Honda Motor Co.*,
 666 F.3d 581 (9th Cir. 2012).............................................................................................. 4, 6

*Moon v. Cnty. of Orange*,
 No. SACV19258JVSKESX, 2020 WL 2332164 (C.D. Cal. Mar. 18, 2020) ..................... 3, 13

*Muha v. Experian Information Solutions, Inc.*,
  106 Cal. App. 5th 199 (2024) .......................................................................................... 5

*Nish Noroian Farms v. Agric. Lab. Rels. Bd.*,
  35 Cal. 3d 726 (1984) .................................................................................................... 8

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
  31 F.4th 651 (9th Cir. 2022) .................................................................................. 4, 6, 7

*JONATHAN GABRIELLI, individually & on behalf of all others similarly situated, Plaintiff, v. INSIDER, INC., Defendant.*,
  No. 24-CV-01566 (ER), 2025 WL 522515, at *8 (S.D.N.Y. Feb. 18, 2025) ............... 6

*PepsiCo, Inc. v. California Sec. Cans*,
  238 F. Supp. 2d 1172 (C.D. Cal. 2002) .......................................................................... 6

*Pyrodyne Corp. v. Pyrotonics Corp.*,
  847 F.2d 1398 (9th Cir. 1988) ....................................................................................... 6

*Ramirez v. Baxter Credit Union*,
  No. 16-CV-03765-SI, 2017 WL 1064991 (N.D. Cal. Mar. 21, 2017) ......................... 11

*Rodriguez v. Fountain9, Inc.*,
  No. 24STCV04504, 2024 WL 4905217 (Cal.Super. Nov. 21, 2024) ........................... 5

*Sanders v. Apple Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009) .................................................................... 4, 13

*Shabaz v. Polo Ralph Lauren Corp.*,
  586 F. Supp. 2d 1205 (C.D. Cal. 2008) ........................................................................ 12

*Sprint Sols., Inc. v. Thirty-One Echo, Inc.*,
  No. 5:15-CV-02439-EJD, 2018 WL 1510210 (N.D. Cal. Mar. 27, 2018) ................... 12

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021) ....................................................................................................... 4

*Whittlestone, Inc. v. Handi-Craft Co.*,
  618 F.3d 970 (9th Cir. 2010) ................................................................................... 3, 13

*Winsor v. Sequoia Benefits & Ins. Servs., LLC*,
  62 F.4th 517 (9th Cir. 2023) .......................................................................................... 5

*Yagman v. Allianz Ins.*,
  No. LACV1500921JAKJCX, 2015 WL 5553460 (C.D. Cal. May 11, 2015) .............. 4

**Statutes**

Cal. Code Civ. Proc. § 337 ................................................................................................. 12

Cal. Code Civ. Proc. § 338(d) ............................................................................................ 12

Cal. Code. Civ. Proc. § 338(b) ........................................................................................... 12

Cal. Pen. Code § 631 ........................................................................................... 4, 5, 6, 12

Cal. Pen. Code § 637.2(b) .................................................................................................. 6

Cal. Pen. Code § 638.51 ............................................................................................... 6, 12

**Rules**

Fed. R. Civ. P. 12(f) .................................................................................................... 3, 13

Fed. R. Civ. P. 23 ............................................................................................................ 13

Fed. R. Civ. P. 23(a) ................................................................................................ 1, 3, 9

Fed. R. Civ. P. 23(b) ................................................................................................ passim

Fed. R. Civ. P. 23(c) ....................................................................................................... 13

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As set forth in Motorola's concurrently filed Motion to Dismiss Plaintiff's Complaint, the Complaint should be dismissed in its entirety because: (1) Plaintiff has not, and cannot, allege a concrete injury-in-fact to support Article III standing; (2) Motorola is not subject to personal jurisdiction; and (3) the Complaint fails to state facts to support any of the alleged claims. That notwithstanding, in the event this Court is disinclined to grant Motorola's Motion to Dismiss in its entirety and any portion of the Complaint survives—which it should not—certain portions of the Complaint should be stricken. Specifically, Plaintiff's class allegations are fatally flawed in a manner that cannot be repaired through discovery, and so should be stricken.

*First,* no members of the putative class have standing to bring the claims alleged in the Complaint.

*Second*, Plaintiff and each of the putative class members waived their ability to bring the claims alleged in the Complaint on a class-wide basis.

*Third*, on the face of the Complaint, the putative class cannot meet the requirements of Rule 23(a) and (b). Plaintiff cannot satisfy the numerosity requirement of Rule 23(a). Further, individual issues will predominate, rendering the class un-certifiable under Rule 23(b).

*Fourth*, the alleged definition of the "Class Period" extends beyond the applicable statutes of limitations for nearly all of the claims alleged, and therefore must be stricken to comport with such limitations.

## II. FACTUAL BACKGROUND[2]

According to the Complaint, Motorola is a Delaware company with its principal place of business in Illinois. (DE 1 (Complaint), ¶ 7.) Motorola specializes in electronics, including smartphones and other mobile devices. (*Id*., ¶ 20.) Motorola owns and operates a website at www.motorola.com (the "Website"). (*Id*., ¶ 1.) When consumers visit Motorola's website, a consent banner/popup is immediately and conspicuously displayed, which informs visitors that

---

[2] Motorola disputes the allegations in Plaintiff's Complaint but recognizes certain facts may be taken as true at this stage, and so recites the relevant facts alleged here.

Motorola uses certain cookies and similar technologies, presents visitors with Motorola's privacy statement, and informs visitors that by continuing to browse the Website or clicking the "X" they agree to the terms. (*Id*., ¶ 23.) This pop-up window invites users to "Click Here to Reject All non-essential cookies." (*Id*.; *see also* RJN Ex. A.) This tool explains to visitors that Motorola relies on third-party partners to track and record certain actions and behaviors including, inter alia, including page views, IP address, and clickstream data. (*Id*.)

The pop-up window also invites users to visit Motorola's "Website Privacy Statement" for additional information. (DE 1, ¶ 23.) This Privacy Statement makes clear that Motorola collects information about visitors to its Website—including user activity on Motorola's website—and that such information is maintained by Motorola and its service providers and partners. (RJN Ex. A.) Further, this privacy policy instructs users "that certain Motorola websites may not respond to Do-Not-Track signals sent by certain browsers" and informs them of alternative measures users may take to ensure their privacy. (*Id*.)

The Privacy Statement presented in this popup is one portion of the Motorola's "Terms of Use" (the "TOU"), which, when reviewed wholistically, governs a visitor's use of the Website, and forms the basis of the relationship between Motorola and those visitors. (DE 1, at ¶ 162; *see also*, RJN Ex. B.) In addition to the Privacy Statement incorporated by reference into the Complaint, the TOU also includes several other important terms governing Motorola's relationship with visitors to its Website, which the visitors agree to by continuing to use Motorola's Website. Those terms include, among others, a class action waiver, a venue selection provision identifying Chicago, IL, as the proper venue for adjudication of any claims arising in connection with Plaintiff's website usage, and the governing law governing any dispute to be the law of Illinois. (*See*, RJN, at Ex. B.)

Plaintiff alleges that he visited Motorola's website on multiple occasions over the course of the last four years, including, in or around February 2022, December 2022, November 2023, and January 2024. (DE 1, ¶ 70.) Plaintiff alleges that he entered into an agreement with Motorola governing his use of the Website. (*Id*., ¶¶ 161-179.) Plaintiff alleges that, after being presented with the aforementioned popup, he selected and clicked the "Reject All non-essential cookies" link. (*Id*., at ¶ 72.) Plaintiff alleges that he then proceeded to use the Website and that, despite clicking

the "Reject All" button, cookies and other tracking technologies continued to be placed on his device. (*Id*., at ¶ 75.) Plaintiff does not allege that Motorola intentionally tracked or recorded his information after he clicked the "Reject All" button; nor does he allege, because he cannot in good faith do so, that said tracking or recording was not the result of a bona fide error or mistake.

Plaintiff alleges that he transmitted electronic communications to Motorola's computer servers utilized to operate the website, and that Motorola violated its TOU by allegedly allowing third-party software to continue to track Plaintiff after Plaintiff's rejection of the collection of communications. (*Id*. ¶¶ 15, 31-33.).)

### III.   ISSUES TO BE DECIDED (CIV. L.R. 7-4(A)(3))

A. Whether the class allegations in the Complaint should be stricken for lack of standing;

B. Whether Plaintiff and the putative class members waived their ability to bring the alleged claims on a class wide basis;

C. Whether the class allegations in the Complaint should be stricken because Plaintiff will never be able to meet the requirements of Rule 23 (a) and (b); and

D. Whether the class allegations in the Complaint, and particularly the class definition, should be stricken for exceeding the applicable statutes of limitations.

### IV.   LEGAL STANDARD

Pursuant to Rule 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although disfavored when used for the purposes of delay, "[t]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). Accordingly, "a court may grant a motion to strike class allegations if it is clear from the complaint that the class claims cannot be maintained." *Moon v. Cnty. of Orange,* No. SACV19258JVSKESX, 2020 WL 2332164, at *2 (C.D. Cal. Mar. 18, 2020) (striking class allegations relating to a violation of CIPA); *see also Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 988 (N.D. Cal. 2014) (recognizing that class allegations may be stricken "when the face of the complaint shows conclusively that the proposed class cannot be certified,"

and granting motion to strike class allegations); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) ("Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery.") Indeed, striking facially uncertifiable class allegations that discovery cannot resolve at the pleadings stage is particularly important, as to allow such claims to stand "would inject significant uncertainty as to the scope of discovery and other pre-trial proceedings." *Yagman v. Allianz Ins.*, No. LACV1500921JAKJCX, 2015 WL 5553460, at *4 (C.D. Cal. May 11, 2015).

## V.  ARGUMENT

### A.  The Class Allegations Should be Stricken

Plaintiff seeks to define the class in this lawsuit as follows:

> "All persons who browsed the Website in the State of California after clicking the "Reject All" button in the popup cookies consent banner within the four years preceding the filing of the Complaint."

(DE 1, ¶78.) On its face, this class is not viable.

#### 1.  The putative class cannot be certified for lack of Article III standing

"Every class member must have Article III standing in order to recover individual damages." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). Courts evaluate standing in class claims differently depending on whether a claim provides for injunctive relief or not. "[I]n cases seeking injunctive or declaratory relief, only one plaintiff need demonstrate standing to satisfy Article III." *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 682 fn. 32 (9th Cir. 2022) But where no injunctive relief is available, "[N]o class may be certified that contains members lacking Article III standing." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012), (*overruled by Olean Wholesale Grocery Coop.*, 31 F.4th at fn. 32 on the grounds that only one plaintiff needs to demonstrate standing *for injunctive or other equitable relief*, but expressly noting *Maza* otherwise remains good law).

Only one of Plaintiff's claims—Claim 3 for violations of CIPA § 631—purports to seek injunctive relief. Consequently, Plaintiff's other eight causes of action are governed by *Mazza,* requiring allegations that all putative class members have standing to support those claims. Even

1  Plaintiff's § 631 claim, though, requires all putative class members to have standing, as injunctive
2  relief is not an available remedy.[3] Regardless of the standard used, however, the class allegations
3  must be stricken because *no* putative class member has Article III standing.

                        a.      *The class allegations as to § 631 must be stricken*

In order for the class allegations to survive with respect to § 631, the Complaint needs to establish that at least one member of the putative class has standing to pursue the § 631 claim, and that injunctive relief is available for such claim. The Complaint fails on both accounts.

To establish the Court's subject matter jurisdiction at this stage, the Complaint must clearly allege facts demonstrating each element of Article III standing: (i) that a class member suffered an injury that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by Motorola; and (iii) that the injury would likely be redressed by judicial relief. *See Winsor v. Sequoia Benefits & Ins. Servs., LLC*, 62 F.4th 517, 523 (9th Cir. 2023) (citations omitted). As more fully set forth in the Motion to Dismiss, which is expressly incorporated by reference herein, the Complaint fails to state facts sufficient to establish that either Plaintiff *or any putative class member* has suffered an injury-in-fact as a result of the alleged violation of § 631, and therefore *no* putative class member has standing and the class claims must be stricken. *See, e.g., Muha v. Experian Information Solutions, Inc.,* 106 Cal. App. 5th 199, 209-10 (2024); *see also, Rodriguez v. Fountain9, Inc.*, No. 24STCV04504, 2024 WL 4905217, at *4 (Cal.Super. Nov. 21, 2024) (holding "Plaintiff's allegation of injury still fails to meet the 'concrete' injury required for standing. The alleged injury is abstract and hypothetical because it is solely premised on statutory damages under CIPA," and sustaining the demurrer without leave to amend.); *Dana Huges v. Vivint, Inc., et al.*, Case No. 2:24-cv-03081-GW-KS, Dkt. 18 (C.D. Cal. July 12, 2024) (Hon. George H. Wu) (striking class allegations and dismissing plaintiff's complaint in a CIPA action where the complaint failed to allege specifically *what* information was captured by the alleged trap and trace process, and *how* such capture caused her a concrete injury, thereby failing to allege Article III standing).  In fact, Plaintiff Jonathan Gabrielli himself just had a similar complaint he filed in the Southern District of

---

[3] Plaintiff is very careful not to plead that Motorola's alleged conduct is on-going because he knows he cannot make that allegation in good faith.  Consequently, it is doubtful that any injunctive relief would be appropriate because the request would be moot.

5

**MEMORANDUM OF POINTS AND AUTHORITIES – 4:24-CV-09533-JST**

New York dismissed, with prejudice, for lack of standing. *JONATHAN GABRIELLI, individually & on behalf of all others similarly situated, Plaintiff, v. INSIDER, INC., Defendant.*, No. 24-CV-01566 (ER), 2025 WL 522515, at *8 (S.D.N.Y. Feb. 18, 2025) (dismissing, with prejudice, claims for public disclosure of private facts, intrusion upon seclusion, unjust enrichment, and violations of CIPA § 638.51 for lack of standing.)

What's more, even if Plaintiff's claims survive Motorola's Motion to Dismiss and the instant Motion and eventually prevail, this action will not result in an injunction. CIPA allows a plaintiff to "bring an action to enjoin and restrain any violation of this chapter." Cal. Pen. Code § 637.2(b). "A plaintiff is not automatically entitled to an injunction simply because it proves its affirmative claims." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *citing Pyrodyne Corp. v. Pyrotonics Corp.*, 847 F.2d 1398, 1402 (9th Cir. 1988). "To establish standing for prospective injunctive relief, a plaintiff may not rely solely on [p]ast exposure to illegal conduct. Instead, a plaintiff must demonstrate continuing, present adverse effects from the defendant's illegal conduct, *id.*, or that the plaintiff has suffered or is threatened with a concrete and particularized legal harm coupled with a sufficient likelihood that he will again be wronged in a similar way." *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 5339806, at *15 (N.D. Cal. Sept. 23, 2016) (citations omitted). The Complaint fails to allege any continuing wrongful conduct by Motorola and only speculation by Plaintiff about theoretical harm that might occur in the future (DE 1, ¶ 77), and so, on the face of the Complaint, injunctive relief is not available.

As such, *even if* the Complaint alleged that a putative class member has standing, generally—which it does not—the class allegations as to the § 631 claim are not governed by the "injunctive/equitable relief" standing exception identified in *Olean Wholesale Grocery Coop., Inc.*, but rather should be considered under the general rule that "[N]o class may be certified that contains members lacking Article III standing" as established in *Mazza*.

### b.   The class allegations as to the remaining claims must be stricken

For the claims that do not seek injunctive relief, there is a split of authority on *how many* uninjured class members there can be before certification cannot be allow. Several circuits, including at least the Second Circuit and Eighth Circuit, require *all* members of a putative class to

have Article III standing, and will refuse to certify a class where *any* member lacks such standing. *See, e.g., Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006) ("no class may be certified that contains members lacking Article III standing," and noting any "class must therefore be defined in such a way that anyone within it would have standing."); *see also Halvorson v. Auto-Owners Life Ins. Co.*, 718 F.3d 773, 778 (8th Cir. 2013) ("In order for a class to be certified, each member must have standing and show an injury in fact that is traceable."). Other circuits, such as the First Circuit and D.C. Circuit, reject class certification where more than a *de minimis* number of the putative class members lack standing. *See, e.g., In re Rail Freight Fuel Surcharge Antitrust Litig.*, 934 F.3d 619, 624 (D.C. Cir. 2019) (Recognizing that "common proof covering 'virtually all' members of the proposed class, and leaving only a '*de minimis*' number of cases requiring individualized proof of injury and causation, would be enough to show predominance."); *see also In re Asacol Antitrust Litig.*, 907 F.3d 42, 53-54 (1st Cir. 2018) (reversing the grant of class certification where more than a *de minimis* number of class members suffered no injury). While a third group—which includes the Ninth Circuit—has taken a more permissive approach. *See, e.g., Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) ("In a class action, standing is satisfied if at least one named plaintiff meets the requirements."); *but see, Olean Wholesale Grocery Coop., Inc.*, 31 F.4th at 669, 682, fn. 14 (stating that "a court must consider whether the possible presence of uninjured class members means that the class definition is fatally overbroad," and that "[a] district court is in the best position to determine whether individualized questions, including those regarding class members' injury, will overwhelm common ones and render class certification inappropriate under Rule 23(b)(3)," but declining to consider whether "the possible presence of a large number of uninjured class members raises an Article III issue" because plaintiffs established that "all class members have standing.") In light of this split, the Supreme Court recently granted a petition for a writ of certiorari on the question of "[w]hether a federal court may certify a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) when some members of the proposed class lack any Article III injury." *See Laboratory Corporation of America Holdings, dba Labcorp, v. Luke Davis, et. al.* Case No. 24-304. This petition arose out of a Ninth Circuit

1  decision, and will have a significant impact on the issue of how Article III standing, or lack thereof,
2  is viewed in class action cases moving forward.

3      It does not matter which standard is applied in the instant matter, because the Complaint
4  fails to meet any of the above. Specifically, the Complaint fails to allege that *any* putative class
5  member (whether Plaintiff or anyone else) has Article III standing, and so fails to satisfy even the
6  most permissive view of standing. As discussed in the Motion to Dismiss, the Complaint simply
7  fails to allege any putative class member suffered a concrete injury-in-fact.

8      Because the Complaint fails to allege Article III standing as to any of the alleged claims,
9  and because no amount of discovery can cure such defect, the class allegations should be stricken.

10     2.    <u>The class allegations should be stricken, because Plaintiff and the putative</u>
11     <u>class members agreed their claims must be brought on an individual basis</u>

12     The Complaint alleges that Plaintiff's and the putative class members' use of Motorola's
13 Website was governed by a written agreement. (*See, e.g.*, DE 1, ¶¶ 161-179.) As further discussed
14 in Motorola's Motion to Dismiss, which is incorporated hereinto, if Plaintiff establishes such a
15 written contract existed, California law dictates that *all* portions of that agreement must be
16 considered. *See, e.g., Nish Noroian Farms v. Agric. Lab. Rels. Bd.*, 35 Cal. 3d 726, 735 (1984) ("A
17 written instrument must be construed as a whole, and multiple writings must be considered together
18 when part of the same contract.") (*citing* Cal. Civ. Code §§ 1641-1642); *see also Language Line*
19 *Servs., Inc. v. Language Servs. Assocs., LLC*, No. C 10-02605 JW, 2011 WL 13153247, at *7 (N.D.
20 Cal. Mar. 17, 2011) ("[w]here a writing refers to another document, that other document becomes
21 constructively a part of the writing, and in that respect the two form a single instrument.").

22     One such writing that comprises any such contract is the Motorola Terms of Use ("TOU"),
23 which include a class action waiver. Specifically, pursuant to the TOU, Plaintiff and the putative
24 class members agreed that "ANY AND ALL DISPUTES, CLAIMS, AND CAUSES OF ACTION
25 ARISING OUT OF OR CONNECTED WITH THIS SITE AND/OR THESE TERMS, WILL BE
26 RESOLVED INDIVIDUALLY, WITHOUT RESORT TO ANY FORM OF CLASS ACTION."
27 (See RJN, Ex. B.) Because Plaintiff and the putative class members have all agreed their claims
28 shall be resolved individually, they cannot pursue this class action lawsuit.

1  Moreover, even if Plaintiff does not establish that a written contract existed, he and the
2  remaining putative class members are still subject to the class action waiver, and so the class claims
3  should still be stricken. To determine whether a website visitor consented to terms of use on a
4  website—where "consent can be [express] or implied"—courts evaluate whether a "reasonable
5  user" would understand what they are consenting to. *Calhoun v. Google, LLC*, 113 F.4th 1141,
6  1147-49 (9th Cir. 2024). Here, The TOU specifically directs a Website visitor to "***read these Terms***
7  ***of Use ("Terms") carefully before using this web site. If you do not agree to these Terms, then***
8  ***please do not use this site.***" and specifies the Website is provided to visitors "subject to these
9  Terms.") (RJN, Ex. B) (emphasis in original). A "reasonable user" would certainly understand the
10  provisions of the TOU. Further, given Plaintiff's allegation that his use of the Website was
11  governed by certain agreements, in addition to his status as a repeat-plaintiff in website privacy
12  cases, he knew (or at least should have known) that the TOU governed his browsing experience.

### 3. The putative class cannot be certified because, on its face, it cannot meet the requirements of Rule 23 (a) and (b)

#### a. Numerosity does not exist

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (citation omitted). As such, "[t]o come within the exception, a party seeking to maintain a class action "must affirmatively demonstrate his compliance with Rule 23." *Id*. (citation omitted). One such requirement set forth by Rule 23 (a)(1) is that a prerequisite to certifying a class is the need to demonstrate "the class is so numerous that joinder of all members is impractical." *See,* Fed. R. Civ. P. 23(a)(1). However, no such showing could be made here for the simple reason that, as addressed above and in the concurrently filed Motion to Dismiss, neither Plaintiff nor any putative class members suffered any concrete injury-in-fact, and therefore lack standing. Because Plaintiff—let alone any putative class members—does not have standing, the class size is zero people.

Even if that were not the case, Plaintiff is still unable to satisfy the numerosity requirement of Rule 23(a). The entire premise of Plaintiff's case is that he clicked a "Reject All" button, it was not functioning properly, and therefore certain cookies were still loaded onto his device. If the

"Reject All" button was not working, how could Plaintiff ever show that a putative class of consumers clicked the button and continued to browse the Motorola website? Plaintiff has not even posited the type of evidence that would be available to show that individuals (other than Plaintiff himself) clicked the "Reject All" button and continued to browse the website. It is counter-intuitive to believe it can be done.

Plaintiff has alleged that "he estimates that [the class] is composed of more than 100 persons," but does so in a conclusory manner devoid of any factual or logical reasoning. Plaintiff does not, for example, allege the average Website traffic. Nor the length of time the "Reject All" button was allegedly not functioning properly. Nor the number of people who purportedly clicked the "Reject All" button during that time. Rather, Plaintiff has alleged a putative class defined as visitors to the Website while the "Reject All" button was not functioning properly, who reviewed the Privacy Statement and other policies governing their use of the Website, clicked the "Reject All" button, continued to utilize the Website, during which they were allegedly subjected to certain cookies and other similar technologies, which caused them harm. The set of circumstances involved to form this putative class render it difficult to determine if the allegations describe anyone in addition to Plaintiff (and in fact, not even Plaintiff satisfies the definition as he has not been injured). Because the face of the Complaint belies a finding of numerosity, the class allegations should be stricken.

        b.  *The class allegations should be stricken because individual questions will predominate*

Another requirement under Rule 23(b)(3) is that "the questions of law or fact common to class members predominate over any questions affecting only individual members." The Complaint alleges Plaintiff and the putative class members are all subject to the Website's policies. (*See, e.g.,* DE 1, at ¶ 162.) To the extent, however, any class member believes they are *not* subject to the TOU as Plaintiff has alleged, an individual inquiry must then be conducted to determine whether or not that specific putative class member did in fact agree to be bound by the TOU. This individual inquiry would be necessary to determine if a specific individual may continue as part of the putative class, or if they have waived such ability and are required to pursue an individual action. Because

this is a fundamental and gate keeping inquiry, allowing the class allegations to stand would be likely to result in extraordinary discovery efforts, including deposing every putative class member.

### c. The fraud and misrepresentation claims will never be appropriate for certification because individual questions will predominate

The Complaint's claim for fraud is similarly dependent on individual questions. Plaintiff's claim for fraud and/or misrepresentations is based upon the allegations that the putative class members knew what the "Reject All" button did, that the putative class members clicked that "Reject All" button in reliance on Motorola's purported statements, that the "Reject All" button was not properly functioning, that the putative class members would not have used the Website if he knew the "Reject All" button was not functioning properly, and that the putative class members have been damaged by the improper functioning. (*See* DE 1, ¶¶ 139-150.) Naturally, however, there will be varying levels of knowledge and reliance with respect to the alleged misrepresentation at issue in this case. Some Website visitors may not have cared about the "Reject All" button and/or whether it was functioning as it would not have impacted their use of the Website, for example. To the extent, the button was not functioning as anticipated as alleged in the Complaint, some may believe "no harm, no foul" in these circumstances. For each of these sub-classes, individual issues of knowledge, reliance, and damages will predominate over individual issues, and thus class certification is not possible.

### B. The Class Definition Should be Stricken Because it is Contrary to Established Statutes of Limitations

Courts often strike allegations of class members whose claims are clearly time barred. *See, e.g.*, *Enoh v. Hewlett Packard Enter. Co.*, No. 17-CV-04212-BLF, 2018 WL 3377547, at *15 (N.D. Cal. July 11, 2018) (granting motion to strike and requiring plaintiffs to "amend their overbroad class definition for their race discrimination claims to exclude individuals . . . who suffered injuries outside of the four year statute of limitations period under Section 1981); *see also*, *Ramirez v. Baxter Credit Union*, No. 16-CV-03765-SI, 2017 WL 1064991, at *8 (N.D. Cal. Mar. 21, 2017) ("A proposed class period dating back to August 15, 2010 [where lawsuit was filed on July 5, 2016] for a cause of action with a one-year limitations period is facially invalid."); *Shabaz v. Polo Ralph*

11

**MEMORANDUM OF POINTS AND AUTHORITIES – 4:24-CV-09533-JST**

*Lauren Corp.*, 586 F. Supp. 2d 1205, 1211 (C.D. Cal. 2008) (same); *May v. Google LLC*, No. 24-CV-01314-BLF, 2024 WL 4681604, at *9 (N.D. Cal. Nov. 4, 2024) (analyzing the applicable statutes of limitations on each of plaintiffs' claims and striking class allegations "to the extent that they encompass periods beyond those permitted by the statutes of limitations.")

Here, the Complaint alleges nine separate claims, each with their own statutes of limitations ranging from one year to four years. Specifically, Plaintiff's privacy-related claims for invasion of privacy (Claim 1) and intrusion upon seclusion (Claim 2) are each subject to a two-year statute of limitations. *See, e.g., Calhoun v. Google LLC*, 526 F. Supp. 3d 605, 624 (N.D. Cal. 2021) (*citing* Cal. Code Civ. Proc. § 335.1). Plaintiff's claims for violations of § 631 (Claim 3) and § 638.51 (Claim 4) of CIPA are both subject to a one-year statute of limitations, with each alleged violation being subject to its own statute of limitations. *Id.*, at 624-25 (citing *Bliss CoreCivic, Inc.*, 978 F.3d 1144, 1148 (9th Cir. 2020). Plaintiff's claim for common law fraud, deceit and/or misrepresentation (Claim 5) is subject to a three-year statute of limitations. *See* Cal. Code Civ. Proc. § 338(d). Plaintiff's claim for unjust enrichment, which is based upon alleged misrepresentations (Claim 6) is likewise subject to a three-year statute of limitations. *See, e.g., Sprint Sols., Inc. v. Thirty-One Echo, Inc.*, No. 5:15-CV-02439-EJD, 2018 WL 1510210, at *4 (N.D. Cal. Mar. 27, 2018). Plaintiff's claims for breach of an alleged written contract (Claim 7) and breach of implied covenant of good faith and fair dealing relating to that written contract (Claim 8) are subject to a four-year statute of limitations. *See* Cal. Code Civ. Proc. § 337. Finally, Plaintiff's claim for trespass to chattels (Claim 9) is subject to a three-year statute of limitations. *See* Cal. Code. Civ. Proc. § 338(b).

Plaintiff defines the "Class" to be "All persons who browsed the Website in the State of California after clicking the 'Reject All' button in the popup cookies consent banner within the four years preceding the filing of this Complaint," which occurred on December 31, 2024. (DE 1, ¶ 78.) As clearly outlined above, however, that purported "Class Period" far exceeds the applicable statutes of limitations for all claims except the two contract-based claims. As such, the putative class is facially overbroad and all class allegations inconsistent with the applicable statutes of limitations must be stricken and the "Class" definition must be amended.

Similarly, because claims under CIPA are subject to a one-year statute of limitations, neither

Plaintiff nor the any putative class members can be allowed to pursue even statutory damages for alleged violations that occurred prior to December 31, 2023.

### C. The Court Should Not Delay Consideration of These Issues Until the Certification Stage

"Pursuant to Rule 23(c), 'the court must—at an early practicable time—determine by order whether to certify the action as a class action.'" *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) (*quoting* Fed. R. Civ. P. 23(c)(1)(A)). When, as here, it is apparent on the face of the Complaint that class certification would be improper, it is appropriate to strike the class claims via a 12(f) motion. *See, e.g.*, *Moon*, 2020 WL 2332164, at *2 (C.D. Cal. Mar. 18, 2020); *see also Langan*, 69 F. Supp. 3d at 988. This is true as to striking claims in their entirety, as well as striking portions of claims to ensure compliance with the applicable statutes of limitations. *See, e.g., May*, 2024 WL 4681604, at *9. Allowing the class allegations to stand here would be highly prejudicial to Motorola, which would need to defend against uncertifiable class allegations through discovery, and would run contrary to both Rule 23 and Rule 12(f). *See, e.g., Whittlestone, Inc.*, 618 F.3d at 973 ("[t]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.")

## VI. CONCLUSION

For the foregoing reasons, Motorola's Motion to Strike should be granted, and the class allegations should be stricken in their entirety. Or, if this Court is disinclined to strike them in their entirety, the class allegations should be stricken where inconsistent with the applicable statutes of limitations.

Dated: March 3, 2025                                K&L GATES LLP

By: */s/ Zachary T. Timm*
Paul W. Sweeney, Jr.
Zachary T. Timm
Johnathan A. Coleman

Attorneys for Defendant
Motorola Mobility LLC