**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Kali R. Backer (State Bar No. 342492)
kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Andreas E. Moffett (*pro hac vice* application forthcoming)
andreas@gutridesafier.com
1775 Eye Street, NW Suite 1150
Washington, DC 20006
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JONATHAN GABRIELLI, as an individual, on behalf of himself, the general public, and those similarly situated,

Plaintiff,

v.

MOTOROLA MOBILITY LLC.,

Defendant.

Case No. 4:24-cv-09533-JST

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE CLASS ALLEGATIONS IN THE COMPLAINT**

Hon. Jon S. Tigar

Hearing Date: May 22, 2025
Hearing Time: 2:00 PM
Courtroom: Courtroom 6

Complaint Filed: December 31, 2024

**TABLE OF CONTENTS**


I. INTRODUCTION ..... 1

II. ARGUMENT ..... 1

A. Plaintiff has Article III Standing for Each of his Claims. ..... 2

B. Motorola Presents Premature Class Certification Arguments. ..... 6

1. It is Premature to Address Article III Standing of Class members. ..... 7

2. Plaintiff Alleges Numerosity Exists. ..... 8

3. Plaintiff Alleges that Common Questions Predominate. ..... 9

4. The Class Definition Should not be Stricken. ..... 10

C. Motorola's Terms of Use Pose no Obstacle to Plaintiff's Claims. ..... 12

III. CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Cases**

*B.K. v. Desert Care Network*,
No. 2:23-cv-05021, 2024 U.S. Dist. LEXIS 18970 (C.D. Cal. Feb. 1, 2024) ................................ 16

*Bates v. Bankers Life & Casualty Co.*,
848 F.3d 1236 (9th Cir. 2017) ........................................................................................ 9

*Bates v. UPS*,
511 F.3d 974 (9th Cir. 2007) ........................................................................................ 11

*Brown v. Google LLC*,
525 F. Supp. 3d 1049 (N.D. Cal. 2021) ........................................................................ 15

*Brown v. Hain Celestial Grp., Inc.*,
No. C 11-03082-LB, 2014 U.S. Dist. LEXIS 162038 (N.D. Cal. Nov. 18, 2014) ........................ 16

*Bui-Ford v. Tesla, Inc.*,
No. 4:23-CV-02321-JST, 2024 U.S. Dist. LEXIS 28767 (N.D. Cal. Feb. 20, 2024)..................... 10

*Butel v. Marathon Refin. & Logistics Servs., LLC*,
No. 2:23-cv-04547 2024 U.S. Dist. LEXIS 99393 (C.D. Cal. June 3, 2024)................................. 7

*Canady v. Bridgecrest Acceptance Corp.*,
No. CV-19-04738, 2022 U.S. Dist. LEXIS 17064 (D. Ariz. Jan. 31, 2022) ................................ 14

*Carranza v. Terminix Int'l Co. Ltd. P'ship*,
529 F. Supp. 3d 1139 (S.D. Cal. 2021)............................................................................ 2

*Chose v. Accor Hotels & Resorts (Maryland) LLC*,
No. 19-cv-06174-HSG, 2020 U.S. Dist. LEXIS 26243 (N.D. Cal. Feb. 14, 2020)....................... 14

*Clancy v. The Bromley Tea Co.*,
308 F.R.D. 564 (N.D. Cal. 2013).................................................................................... 1

*Davidson v. Kimberly-Clark Corp.*,
889 F.3d 956 (9th Cir. 2018) .......................................................................................... 2

*Denney v. Deutsche Bank AG*,
443 F.3d 253 (2d Cir. 2006)........................................................................................... 11

*Discover Bank v. Superior Court*,
36 Cal. 4th 148, 165 (2005) .......................................................................................... 17

*Eigenberg v. USA Waste of Cal., Inc.*,
No. 5:24-cv-00490, 2024 U.S. Dist. LEXIS 135827 (C.D. Cal. July 30, 2024)........................... 14

*F.G. v. Coopersurgical, Inc.*,
No. 24-cv-01261-JST, 2024 U.S. Dist. LEXIS 219644 (N.D. Cal. Dec. 4, 2024)................ 2, 9, 10

*Flodin v. Cent. Garden & Pet Co.*,
No. 21-cv-01631-JST, 2024 U.S. Dist. LEXIS 192904 (N.D. Cal. Oct. 23, 2024)......................... 2

*Gabrielli v. Insider, Inc.*,
No. 24-cv-01566, 2025 U.S. Dist. LEXIS 28788 (S.D.N.Y. Feb. 18, 2025)................................. 6

*Gatling-Lee v. Del Monte Foods, Inc.*,
2023 WL 11113888 (N.D. Cal. Mar. 28, 2023)................................................................ 10

*Halvorson v. Auto-Owners Life Ins. Co.*,
718 F.3d 773 (8th Cir. 2013) ........................................................................................ 11

*Hawkins v. Kroger Co.*,
906 F.3d 763 (9th Cir. 2018) ........................................................................................ 12

*Heeger v. Facebook Inc.*,
509 F. Supp 3d 1182 (N.D. Cal. 2020) ..................... 7

*Hexcel Corp. v. Ineos Polymers, Inc.*,
681 F.3d 1055 (9th Cir. 2012) ..................... 15

*Hughes v. Vivint, Inc.*,
No. CV 24-3081, 2024 U.S. Dist. LEXIS 232423 (C.D. Cal. July 12, 2024) ..................... 7

*In re Asacol Antitrust Litig.*,
907 F.3d 42 (1st Cir. 2018) ..................... 11

*In re Cooper Cos. Inc. Sec. Litig.*,
254 F.R.D. 628 (C.D. Cal. 2009) ..................... 12

*In re Facebook, Inc. Internet Tracking Litigation*,
956 F.3d 589 (9th Cir. 2020) ..................... 4, 5, 12

*In re Google Inc. Cookie Placement Consumer Privacy Litig.*,
934 F.3d 316 (3d Cir. 2019) ..................... 4

*In re Hulu Privacy Litig.*,
No. C 11-03764-LB, 2014 U.S. Dist. LEXIS 83661 (N.D. Cal. June 16, 2014) ..................... 17

*In re Natera Prenatal Testing Litig.*,
664 F. Supp. 3d 995 (N.D. Cal. 2023) ..................... 1, 9

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
443 U.S. App. D.C. 86, 934 F.3d 619 (2019) ..................... 11

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*,
505 F. Supp. 2d 609 (N.D. Cal. 2007) ..................... 9, 13

*Kassman v. KPMG LLP*,
925 F. Supp. 2d 453 (S.D.N.Y. 2013) ..................... 14

*Leaser v. Prime Ascot, L.P.*,
No. 2:20-cv-02502, 2022 U.S. Dist. LEXIS 39209 (E.D. Cal. Mar. 3, 2022) ..................... 13

*Matera v. Google Inc.*,
No. 15-CV-04062-LHK, 2016 U.S. Dist. LEXIS 130778 (N.D. Cal. Sep. 23, 2016) ..................... 8

*Moghadam v. Alleviate Tax, LLC*,
No. 8:24-1810-MWC (DFMx), 2025 U.S. Dist. LEXIS 33878 (C.D. Cal. Feb. 24, 2025) ..................... 9

*Muha v. Experian Information Solutions, Inc.*,
106 Cal. App. 5th 199 (2024) ..................... 5

*Oh v. Hamni Fin. Corp.*,
No. 2:20-cv-02844-FLA (JCx), 2024 U.S. Dist. LEXIS 128675 (C.D. Cal. Mar. 19, 2024) ..................... 12

*Olean Wholesale Grocery Coop., Inc.* v. *Bumble Bee Foods LLC*,
31 F.4th 651 (9th Cir. 2022) ..................... 5, 7, 10, 11

*Ortega v. Santa Clara Cty. Jail*,
No. 19-17547, 2021 U.S. App. LEXIS 36289 (9th Cir. Dec. 9, 2021) ..................... 15

*Rodriguez v. Fountain9, Inc.*,
No. 24-STCV04504, 2024 WL 4905217 (Cal. Super. Nov. 21, 2024) ..................... 6

*Tabak v. Apple Inc.*,
No. 19-cv-02455, 2020 U.S. Dist. LEXIS 259745 (N.D. Cal. Nov. 25, 2020) ..................... 1

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) ..................... 5, 6

*Turner v. Porsche Cars N. Am., Inc.*, No. CV 23-06465, 2023 U.S. Dist. LEXIS 225946, *25 (C.D. Cal. Dec. 19, 2023 ....12

*United States ex rel. Air Control Techs. v. Pre Con Indus.*, 720 F.3d 1174 (9th Cir. 2013) .... 15

*Vines v. Loandepot.Com, LLC*, No. 8:24-cv-01067-FWS-ADS, 2024 U.S. Dist. LEXIS 215708 (C.D. Cal. Sep. 11, 2024) .... 16

*Vizcarra v. Michaels Stores, Inc.*, 710 F. Supp. 3d 718 (N.D. Cal. 2024) .... 1

*Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954 (9th Cir. 2009) .... 15

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010) .... 1, 2, 3, 5

*Williams v. Affinity Ins. Servs.*, No. 23-cv-06347, 2024 U.S. Dist. LEXIS 110920 (N.D. Cal. June 24, 2024) .... 2

*Yockey v. Salesforce, Inc.*, 688 F. Supp. 3d 962 (N.D. Cal. 2023) .... 4

*Yumul v. Smart Balance, Inc.*, 733 F.Supp.2d 1117 (C.D. Cal. 2010) .... 16

**Statutes**

Cal. Pen. Code § 637.2(b) .... 5

**Other Authorities**

7AA Charles Alan Wright, Arthur R. Miller & Mary K. Kane, FEDERAL PRACTICE AND PROCEDURE CIVIL § 1785.3 (3d. 2005) .... 7

**Rules**

Fed. R. Civ. P. 12(b)(1) .... 2, 5

Fed. R. Civ. P. 12(b) .... 3

Fed. R. Civ. P. 12(f) .... passim

Fed. R. Civ. P. 23 .... 1, 2, 8

## I. INTRODUCTION

If Motorola's goal was to "avoid the expenditure of time and money that must arise from litigating spurious issues[,]" it should not have filed its Rule 12(f) motion. *Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973 (9th Cir. 2010). Motorola moves to strike Plaintiff's class claims under Rule 12(f) in a motion (ECF No. 13, "MTS") largely duplicative of its Motion to Dismiss (ECF No. 12, "MTD"). This Motion fails for the same reasons that Motorola's MTD fails. Further, most of its motion to strike both prematurely and inappropriately asks this Court to import Rule 23 class certification requirements into the *pleadings*. These are premature arguments and *should not* be addressed at the pleading stages. This Court has repeatedly denied similar motions on the same basis. *See, e.g.*, *In re Natera Prenatal Testing Litig.*, 664 F. Supp. 3d 995, 1013 (N.D. Cal. 2023) (Tigar, J.) (denying motion to strike nationwide class allegations at the pleading stage as premature); *Clancy v. The Bromley Tea Co*., 308 F.R.D. 564, 572 (N.D. Cal. 2013) (Tigar, J.) (same); *Tabak v. Apple Inc*., No. 19-cv-02455, 2020 U.S. Dist. LEXIS 259745, at *24 (N.D. Cal. Nov. 25, 2020) (Tigar, J.) (similar). Motorola's motion must be denied in full.

## II. ARGUMENT

"Rule 12(f) motions to strike are not the proper vehicle for seeking dismissal of class allegations." *Vizcarra v. Michaels Stores, Inc*., 710 F. Supp. 3d 718, 732 (N.D. Cal. 2024). The ultimate decision under Rule 12(f) lies within the discretion of the court. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018). "[A] motion to strike class claims based only on the pleadings is proper ***only if*** the court is 'convinced that any questions of law are clear and not in dispute, and that under ***no*** set of circumstances could the claim or defense succeed." *See F.G. v. Coopersurgical, Inc.*, No. 24-cv-01261-JST, 2024 U.S. Dist. LEXIS 219644, at *26 (N.D. Cal. Dec. 4, 2024) (Tigar, J.). The function of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone*, 618 F.3d at 973. Courts "must take the substantive allegations of the complaint as true" for Rule 12(f) purposes, but "need not accept conclusory or generic allegations regarding the suitability of the litigation for resolution through class action." *Flodin v. Cent. Garden & Pet Co.*, No. 21-cv-01631-JST, 2024 U.S. Dist. LEXIS 192904, at *5 (N.D. Cal. Oct. 23, 2024) (Tigar, J.).

Generally, motions to strike are disfavored because "such motions are usually used as a delaying tactic." *Carranza v. Terminix Int'l Co. Ltd. P'ship*, 529 F. Supp. 3d 1139, 1142 (S.D. Cal. 2021) (citation omitted). "Thus, courts will generally grant a motion to strike ***only*** when the moving party has proved that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Williams v. Affinity Ins. Servs*., No. 23-cv-06347, 2024 U.S. Dist. LEXIS 110920, at *2 (N.D. Cal. June 24, 2024) (Tigar, J.) (citation omitted).

Here, Motorola's duplicative arguments do *not* raise any "spurious issues" properly addressed by Rule 12(f). Instead, Motorola *invents* them. To be clear, Plaintiff has standing to bring his claims, as explained in his opposition to Defendant's Motion to Dismiss. Even if he did not, however, the proper vehicle is a 12(b)(1) motion, not under 12(f). Instead, Motorola impermissibly imposes Rule 23 standards in its inappropriate Rule 12(f) motion. Motorola's motion must be denied.

**A. Plaintiff has Article III Standing for Each of His Claims.**[1]

Preliminarily, this Court should not entertain any standing arguments in the context of a Rule 12(f) motion, because such arguments are improper in this context. "Rule 12(f) is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint." *Whittlestone*, 618 F.3d at 974 (citations omitted). This Court can—and *should*—stop its inquiry there. Plaintiff has demonstrated Article III standing for his privacy claims. *See* Plaintiff's Opposition to Defendant's Motion to Dismiss Class Action Complaint ("Pl. Opp.") at pg. 3-6. Motorola's remaining Article III challenges relate to "Plaintiff's other . . . causes of action." MTS at 4-5. But Motorola's 12(b)(1) motion did not challenge Plaintiff's Article III standing for those remaining claims. (*See* MTD at V.A). Instead, Motorola challenges Plaintiff's Article III standing for those claims only in its Motion to Strike. *See* MTS at (V.A.1.b). Motorola could have properly brought its standing arguments pursuant to 12(b)(1). It chose not to. Motorola inappropriately "read[s] Rule 12(f) in a manner [to] allow[] litigants to use it as a means to dismiss some or all of a pleading," here, to bring additional 12(b)(1) arguments under a different motion. That is improper because as the Ninth Circuit explained, allowing dismissal under Rule 12(f) would create redundancies in the Federal Rules. *Whittlestone,*

[1] In its Motion to Dismiss, Motorola *only challenges* Mr. Gabrielli's Article III standing as to his privacy claims.

*Inc.*, 618 F.3d at 974 (citations omitted). Further, the Ninth Circuit held that using Rule 12(f) as a vehicle to present dismissal arguments is improper because dismissal of a pleading under Rule 12(f) would be subject to a different standard of review than if the same substantive action was dismissed under Rule 12(b)(1). *Id*. Motorola's Rule 12(f) motion is clearly a workaround to get itself an additional 12 pages on briefing that should have been raised in its Rule 12(b) motion. The Court should accordingly reject any arguments related to standing that were not properly raised in Motorola's 12(b) motion. Regardless, Plaintiff successfully pleads a concrete injury for Article III standing purposes for all his claims. *See* Pl. Opp. at pg. 3-6.

CIPA "codif[ies] a substantive right to privacy, the violation of which gives rise to a concrete injury sufficient to confer standing." *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589, 598 (9th Cir. 2020); *see also Yockey v. Salesforce, Inc*., 688 F. Supp. 3d 962, 969-70 (N.D. Cal. 2023) (same); *In re Google Inc. Cookie Placement Consumer Privacy Litig*., 934 F.3d 316, 325 (3d Cir. 2019) ("History and tradition reinforce that a concrete injury for Article III standing purposes occurs when Google, or any other third party, tracks a person's internet browser activity without authorization."). Plaintiff pleads that Motorola "intentionally and without consent or other legal justification, caused cookies to be stored on Plaintiff's and Class members' browsers and devices, which enabled the Third Parties and Defendant to track and collect Plaintiff's and Class members' Private Communications and use the data collected for their own advantage, as described above." CAC at ¶¶ 2, 181. Plaintiff therefore has Article III standing because he has alleged a CIPA violation. Because he has standing, Plaintiff has demonstrated that a class member has suffered an injury-in-fact as a result of the CIPA violation, which is all that is required for the class allegations to survive. *See Olean Wholesale Grocery Coop., Inc*. v. *Bumble Bee Foods LLC*, 31 F.4th 651, 682 fn. 32 (9th Cir. 2022) ("[O]nly one plaintiff need demonstrate standing to satisfy Article III.").[2]

[2] Motorola's argument that all absent class members must prove standing before the court may certify a class relies on a quote from a prior case that *Olean* explicitly overruled. *See* MTS at 4. Motorola argues that the overruling was limited to injunctive relief claims, and therefore still governs claims seeking damages, *id.*, but *Olean* was not so limited. *Olean* held "[w]e therefore overrule the statement in *Mazza* that 'no class may be certified that contains members lacking Article III standing." 31 F.4th at 682 n.32. Moreover, Motorola's desired limitation to injunctive relief is directly at odds with *Olean*'s analysis as to *damages*, where the Court held "we reject the dissent's argument that Rule 23 does not permit certification of a class that potentially includes more than a de minimis number of uninjured class members." 31 F.4th at 669. Those uninjured class members would necessarily lack

Even if this Court reads Motorola's 12(f) as a 12(b)(1), regardless of the Ninth Circuit's mandate in *Whittlestone*, Motorola's rehashed 12(b)(1) arguments fail. Motorola again cites *Muha v. Experian Information Solutions, Inc.*, 106 Cal. App. 5th 199, 209-10 (2024) to analyze standing under California's CIPA, when *Muha* examined standing only under the Federal Fair Credit Reporting Act ("FCRA")—the same statute the Supreme Court declined to find constituted a "harm with a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021). As the Supreme Court recognized in *TransUnion*—and the Ninth Circuit made abundantly clear in *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d at 598-99—the "disclosure of private information" and "intrusion upon seclusion" are precisely the types of "injuries with a close relationship to harms traditionally recognized as providing a basis for the lawsuits." 594 U.S. at 425.

Next, Motorola again mistakenly relies on *Gabrielli v. Insider, Inc.*, No. 24-cv-01566, 2025 U.S. Dist. LEXIS 28788, at *13 (S.D.N.Y. Feb. 18, 2025) and *Rodriguez v. Fountain9, Inc.*, No. 24-STCV04504, 2024 WL 4905217, at *4 (Cal. Super. Nov. 21, 2024) to argue that Plaintiff's detailed list of browsing activity and personal communications track and collected by the third-party at CAC ¶ 18 "fails to state facts sufficient to establish that either Plaintiff *or any putative class member*" suffered an injury-in-fact at all.[3] Again, these cases are inapposite because the plaintiffs in those cases

Article III standing, yet the Court held that a class could still be certified. Rather than denying class certification, the Ninth Circuit's approach is to eliminate uninjured class members during claims administration. *See, e.g., Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1132 (9th Cir. 2017).

[3] Plaintiff alleges that Motorola caused third-party tracking cookies to surreptitiously collect Plaintiff's "**Browsing History**: Information about the webpages a Website user visits, including the URLs, titles, and keywords associated with the webpages viewed, time spent on each page, and navigation patterns; **Visit History**: Information about the frequency and total number of visits to the Website; **Website Interactions**: Data on which links, buttons, or ads on the Website that a user clicks; **User Input Data**: The information the user entered into the Website's form fields, including search queries, the user's name, age, gender, email address, location, and/or payment information; **Demographic Information**: Inferences about age, gender, and location based on browsing habits and interactions with Website content; **Interests and Preferences**: Insights into user interests based on the types of Website content viewed, products searched for, or topics engaged with; **Shopping Behavior**: Information about the Website products viewed or added to shopping carts; **Device Information**: Details about the Website user's device, such as the type of device (mobile, tablet, desktop), operating system, and browser type; **Referring URL**: Information about the website that referred the user to the Website; **Session Information**: Details about the user's current Website browsing session, including the exact date and time of the user's session, the session duration and actions taken on the Website during that session; **User Identifiers**: A unique ID that is used to recognize and track a specific Website user across different websites over time; and/or **Geolocation**

alleged only that defendants caused the collection of *IP addresses*—an injury that courts have held to be insufficient to convey standing. *Compare Fountain9*, 2024 WL 4905217 at *4 and *Gabrielli*, 2025 U.S. Dist. LEXIS 28788, at *13 *with Heeger v. Facebook Inc.*, 509 F. Supp 3d 1182, 1190 (N.D. Cal. 2020) ("[p]laintiffs do not plausibly allege anything more than the collection of IP addresses, and there is no legally protected privacy interest in IP addresses."); *see also Hughes v. Vivint, Inc.*, No. CV 24-3081, 2024 U.S. Dist. LEXIS 232423, at *14 (C.D. Cal. July 12, 2024) (tentative decision refusing to find Article III standing in a CIPA case where "[p]laintiff does not clearly allege what personalized information of hers was actually collected"). That is not the case here. *See* CAC at ¶ 18.

Thus, pursuant to *Olean*, since "*only one* plaintiff need demonstrate standing to satisfy Article III," Plaintiff's case against Motorola properly seeks injunctive relief, and Mr. Gabrielli has properly sufficiently demonstrated standing. 31 F.4th at 682 fn. 32. Here, CIPA allows Plaintiffs to "bring an action to enjoin and restrain *any violation* of this chapter." MTS at 6 (quoting Cal. Pen. Code § 637.2(b)). As Motorola acknowledges, Plaintiff *explicitly* seeks "injunctive relief" for its CIPA claims. *See* CAC at ¶ 126 ("Pursuant to California Penal Code § 637.2, Plaintiff . . . [seeks] injunctive relief"); *see also* Prayer for Relief ¶ G. ("Plaintiff . . . respectfully requests judgment against Defendant as follows: An order temporarily and permanently enjoining Defendant from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint[.]"). Thus, "Plaintiff[] seek[s] both injunctive and declaratory relief." *Butel v. Marathon Refin. & Logistics Servs., LLC*, No. 2:23-cv-04547, 2024 U.S. Dist. LEXIS 99393, at *16 n.4 (C.D. Cal. June 3, 2024) (rejecting standing challenge made on the basis that some class members may not have been injured since the plaintiff seeks both injunctive and declaratory relief).

Moreover, Plaintiff has demonstrated *standing* to seek that injunctive relief against Motorola. As Motorola's own cited case explains, "Plaintiff has suffered . . . a concrete and particularized legal harm coupled with a sufficient likelihood that he will again be wronged in a similar way." *See Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 U.S. Dist. LEXIS 130778, at *54 (N.D. Cal. Sep. 23, 2016) (denying Defendant's 12(b)(1) motion "[b]ecause Google has not established a consent defense

---

**Data**: General location information based on the Website user's IP address or GPS data, if accessible." CAC at ¶ 18.

[under CIPA], Plaintiff has alleged 'real and immediate threat of repeated injury' from Google's alleged interception, scanning, and analysis practices."). Plaintiff alleges Motorola's control over its own Website (CAC ¶ 20); that Motorola's own "misrepresentations and omissions" on that Website "were known exclusively to, and actively concealed by Defendant" (CAC ¶ 142); that when Plaintiffs "clicked or selected the 'Click Here to Reject All nonessential cookies' link, Defendant nonetheless continued to cause the Third Parties' cookies to be placed on users' devices and/or transmitted to the Third Parties along with user data, enabling them to collect user data in real time that discloses Website visitors' Private Communications" (CAC ¶ 27); that Motorola did so "intentionally" (CAC ¶¶ 100, 103, 104, 181, 183), "without consent" (*id.*), and "outright lie[d]" about it (CAC ¶ 2).

Rather than accept the facts as pled, Motorola ignores the allegations of the Complaint again when it asserts Plaintiff "fails to allege any continuing wrongful conduct by Motorola[.]" MTS at 6. Specifically, Plaintiff alleged that "[b]ecause [he] does not know how the Website is programmed, which can change over time, and because he does not have the technical knowledge necessary to test whether the Website honors users' requests to reject all nonessential cookies and tracking technologies, Plaintiff will be unable to rely on Defendant's representations when browsing the Website in the future absent an injunction that prohibits Defendant from making misrepresentations on the Website" regarding its cookie and tracking technologies. CAC ¶ 77. Put differently, there is *nothing* to stop Motorola's malfeasance from occurring again. And if Motorola truly believes its malfeasance is "routine commercial behavior" and that this is "simply how the internet operates," Motorola appears to argue that the harm will happen again, too. *See* MTD at 4, 13. Thus, because Plaintiff has shown standing sufficient to seek injunctive relief—and indeed *seeks* injunctive relief—Motorola's 12(f) as to Article III standing must be denied.

**B. Motorola Presents Premature Class Certification Arguments.**

Plaintiff does not need to certify his class before he serves discovery. This Court, and an overwhelming majority of courts in this Circuit, have repeatedly declined to strike nationwide class allegations on the pleadings*. See, e.g., In re Natera Prenatal Testing Litig*., 664 F. Supp. 3d at 1013 (Tigar, J.) "A decision to grant a motion to strike class allegations . . . is the functional equivalent of denying a motion to certify a case as a class action." *Moghadam v. Alleviate Tax, LLC*, No. 8:24-

1810-MWC (DFMx), 2025 U.S. Dist. LEXIS 33878, at *7-8 (C.D. Cal. Feb. 24, 2025) (*citing Bates v. Bankers Life & Casualty Co.*, 848 F.3d 1236, 1238 (9th Cir. 2017)). "[D]ismissal of class allegations at the pleading stage should be done rarely and . . . the better course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery." *See Coopersurgical, Inc.*, 2024 U.S. Dist. LEXIS 219644, at *26 (quoting *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007)) (see also 7AA Charles Alan Wright, Arthur R. Miller & Mary K. Kane, FEDERAL PRACTICE AND PROCEDURE CIVIL § 1785.3 (3d. 2005)) (providing that the practice employed in the overwhelming majority of class actions is to address class certification issues only after an appropriate period of discovery). "Courts in this district rarely grant motions to strike class allegations at the pleading stage on the ground that the claims at issue are not subject to certification under Rule 23." *Bui-Ford v. Tesla, Inc.*, No. 4:23-CV-02321-JST, 2024 U.S. Dist. LEXIS 28767, at *22-23 (N.D. Cal. Feb. 20, 2024) (Tigar, J.).

But that is *precisely* what Motorola asks this Court to do. Motorola fails to offer sufficient justification as to why this Court should "strike the class allegations here, where discovery has not yet commenced and the issues raised by [Defendant] are ones to be addressed at the class certification, not the motion to dismiss, stage." *Coopersurgical, Inc.*, 2024 U.S. Dist. LEXIS 219644, at *26 (*citing Gatling-Lee v. Del Monte Foods, Inc.*, 2023 WL 11113888, at *14 (N.D. Cal. Mar. 28, 2023) (Tigar, J.)). Instead, Motorola emptily concludes "it is apparent on the face of the Complaint that class certification would be improper," and that Plaintiff's class allegations are "uncertifiable." MTS at 13. In so doing, Motorola peacocks several wildly premature class certification arguments.

**1. It is Premature to Address Article III Standing of Class members.**

At the pleadings, it is premature to address the Article III standing of unnamed class members, provided that one plaintiff "demonstrate[s] standing to satisfy Article III." *Olean*, 31 F.4th at 682 fn. 32. As explained *supra*, Plaintiff has demonstrated standing. The Court can stop its inquiry there.

Undeterred, Motorola cites *class certification* decisions from the Second, Eighth, First, D.C. and Ninth Circuits to argue "there is a split of authority on how many uninjured class members there can be before certification cannot be allow [sic]." MTS at 6. That is completely beside the point. None of these cases are apposite, because each case Motorola cites is a *class certification* decision,

undergirded by Rule 23 with the benefit of discovery. *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006) (evaluating class member Article III standing at ***class certification***); *Halvorson v. Auto-Owners Life Ins. Co.*, 718 F.3d 773, 778 (8th Cir. 2013) (same); *In re Rail Freight Fuel Surcharge Antitrust Litig*., 443 U.S. App. D.C. 86, 934 F.3d 619 (2019) (same); *In re Asacol Antitrust Litig*., 907 F.3d 42 (1st Cir. 2018) (same); *Bates v. UPS*, 511 F.3d 974 (9th Cir. 2007) (same); *Olean*, 31 F.4th 651 (same).

The only justification Motorola gives for shoehorning a Rule 23 motion into a Rule 12(f) filing is that "no amount of discovery can cure such defect" with the Complaint. MTS at 8. Not so. Discovery will shed light on class members' standing. Plaintiff alleges that the class is "[a]ll persons who browsed the Website in the State of California" after rejecting third-party tracking cookies in Motorola's "popup cookies consent banner within the four years preceding the filing of this Complaint[.]" CAC ¶ 78. Discovery can—and *will*—determine whether Plaintiff's allegations are substantiated across the class: namely, whether "Defendant, intentionally and without consent or other legal justification, caused cookies to be stored on Plaintiff's and Class members' browsers and devices, which enabled the Third Parties and Defendant to track and collect Plaintiff's and Class members' Private Communications and use the data collected for their own advantage[.]" CAC ¶ 181. If Plaintiff's discovery shows that Motorola "outright lie[d]" to class members about their "substantive right to privacy," then it "gives rise to a concrete injury sufficient to confer standing" for all class members. *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d at 598.

**2. Plaintiff Alleges Numerosity Exists.**

Plaintiff alleges that the size of the class is "more than 100 persons . . . [rendering] the joinder of all such persons [a]s impracticable[.]" CAC ¶ 80. "Numerosity is presumed where the Plaintiff class contains forty or more members[.]" *Oh v. Hamni Fin. Corp.*, No. 2:20-cv-02844-FLA (JCx), 2024 U.S. Dist. LEXIS 128675, *6 (C.D. Cal. Mar. 19, 2024) (*quoting In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. 2009)). "Additionally, it is not necessary to state the exact number of class members when the plaintiff's allegations plainly suffice to meet the numerosity requirement[.]" *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. at 634. This Court must "accept the

complaint's well-pleaded factual allegations as true[,] and construe all inferences in the plaintiff's favor[.]" *See Hawkins v. Kroger Co.*, 906 F.3d 763, 767 n.2 (9th Cir. 2018).

Even if this Court considered Motorola's question that "how could Plaintiff ever show that a putative class of consumers clicked the button and continued to browse the Motorola website,"[4] (MTS at 10), the answer is "discovery." Depsite Motorola's assertion to the contrary, it is not Plaintiff's burden at the *pleadings* to "posit[] type[s] of evidence that would be available" through discovery for Defendant's benefit. *Id*. Even if it was, Plaintiff intends to discover the records Motorola maintains regarding "website traffic," and the number of persons who "Reject[ed] All" tracking cookies on Motorola's website during the class period. *Id*. Likewise, Plaintiff intends to subpoena the Third Parties to discovery the records that they maintain about Plaintiff and class members including any information they have about cookie rejections on the Website. This is precisely why striking class allegations are "more properly decided on a motion for class certification, after the parties have had an opportunity to conduct class discovery and develop a record." *Leaser v. Prime Ascot, L.P.*, No. 2:20-cv-02502, 2022 U.S. Dist. LEXIS 39209, at *10 (E.D. Cal. Mar. 3, 2022); *see also In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d at 615 ("dismissal of class allegations at the pleading stage should be done rarely and that the better course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery").

**3. Plaintiff Alleges that Common Questions Predominate.**

Plaintiff meets his burden at the pleading stage, and alleges common questions that predominate over individualized questions, because "each class member's claim derives from the same unlawful conduct that led them to believe that Defendant would not cause third-party cookies to be placed on their browsers . . . after Class members chose to reject all non-essential cookies and

[4] This argument is especially puzzling because Motorola intimates that it does not keep any records of its website visitors rejecting tracking cookies (and calling into doubt whether "it can be done" at all). *See* MTS at 10. If Motorola is indeed making that argument, it is conceding a violation of GDPR Articles 5(2) and 7(1), where Motorola (as a processor of personal data) "shall be responsible for, and be able to demonstrate compliance with" the requirement that "personal data shall be . . . kept in a form which permits identification of data subjects[,]" including cookie consent and rejection. *Compare* GDPR Article 5(2) *with* GDPR Article 7 (1) ("where [personal data] processing is based on consent, the controller shall be able to demonstrate that the data subject has consented to processing of his or her personal data."). Plaintiff finds it unlikely that Motorola intends to make this argument, given that such an admission could subject Motorola to scrutiny from multiple National Data Protection Authorities throughout the European Union. *See generally* www.motorola.fr.

tracking technologies on the website[.]" CAC ¶ 81. Put differently, the common questions of "[w]hether [Motorola's] actions violate California laws[,]" and "[w]hether Plaintiff and class members are entitled to damages" as a result of Motorola's "outright lies" predominate over "individual inquir[ies]" as to whether any individual class member "did in fact agree to be bound by [Motorola's] TOU." *Compare* CAC ¶¶ 82 and 2 *with* MTS at 10. These allegations are not facially deficient to establish predominance such that this Court should strike them. *See, e.g., Eigenberg v. USA Waste of Cal., Inc.*, No. 5:24-cv-00490, 2024 U.S. Dist. LEXIS 135827, at *11 (C.D. Cal. July 30, 2024) (denying Rule 12(f) motion regarding predominance analysis); *Chose v. Accor Hotels & Resorts (Maryland) LLC*, No. 19-cv-06174-HSG, 2020 U.S. Dist. LEXIS 26243, at *20 (N.D. Cal. Feb. 14, 2020) (denying Rule 12(f) motion to strike class allegations on predominance grounds "because such motions are usually premature before the issue of class certification is before the court."). Motorola's alleged lack of common questions "go to whether Plaintiffs can satisfy the requirements of Rule 23(a)(2), (b)(2), and (b)(3)," are "exactly the sorts of issues that would be litigated and decided in the context of a motion for class certification," and are thus "procedurally premature" for a 12(f) motion. *Canady v. Bridgecrest Acceptance Corp*., No. CV-19-04738, 2022 U.S. Dist. LEXIS 17064, at *8-9 (D. Ariz. Jan. 31, 2022) (quoting *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 464-65 (S.D.N.Y. 2013)).

**4. The Class Definition Should not be Stricken.**

Plaintiff pleads a plainly practical class period, reasonably limited to the longest statute of limitations provided by his claims. Motorola correctly identifies that Plaintiff's claims are subject to different statutes of limitations. *See* MTS at 12. Out of these, Plaintiff's breach of contract claim is its longest-lived, with a four-year statute of limitations. Plaintiff's Class Period is "the four years preceding the filing of this Complaint" specifically to address Motorola's breach of contract. CAC ¶ 81. Thus, class members who were harmed four years prior are properly included in the class.

Plaintiff's remaining causes of action are tolled by both the doctrine of fraudulent concealment and the discovery rule. Claims may be dismissed as untimely "only when the running of the statute [of limitations] is apparent on the face of the complaint." *United States ex rel. Air Control Techs. v. Pre Con Indus*., 720 F.3d 1174, 1178 (9th Cir. 2013) (quoting *Von Saher v. Norton*

*Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2009)). Dismissal "based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Ortega v. Santa Clara Cty. Jail*, No. 19-17547, 2021 U.S. App. LEXIS 36289, at *2 (9th Cir. Dec. 9, 2021) (cleaned up). "A statute of limitations may be tolled if the defendant fraudulently concealed the existence of a cause of action in such a way that the plaintiff, acting as a reasonable person, did not know of its existence." *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012) (citation omitted). "To plead fraudulent concealment, the plaintiff must allege that: (1) the defendant took affirmative acts to mislead the plaintiff; (2) the plaintiff did not have actual or constructive knowledge of the facts giving rise to its claim; and (3) the plaintiff acted diligently in trying to uncover the facts giving rise to its claim." *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1070 (N.D. Cal. 2021) (internal quotation marks and citation omitted). And the "delayed discovery rule tolls the statute of limitations, which requires the plaintiff to plead facts which show "(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Yumul v. Smart Balance, Inc.*, 733 F.Supp.2d 1117, 1130 (C.D. Cal. 2010).

Here, because Motorola led class members to believe that their rejection of non-essential cookies would be honored, class members were unable to discover the truth, tolling the remaining non-contractual statutes of limitations. Plaintiff has pled each element of fraudulent concealment sufficient to toll the remaining statutes of limitation: "[Motorola] fraudulently and deceptively informed Plaintiff and Class members that he and they could 'Click Here to Reject All non-essential cookies.") CAC at ¶ 140. "[D]espite Defendant's representations otherwise, Defendant caused third-party cookies and software code to be stored on consumers' devices, and to be transmitted to the Third Parties alongside Private Communications[.]" *Id.* at ¶ 141. "These misrepresentations and omissions were known exclusively to, and actively concealed by [Motorola]." *Id.* at ¶ 142. These allegations are sufficient to allege tolling for various prospective class members under the delayed discovery rule, as they may be unable to the discovery earlier, despite reasonable diligence. *See B.K. v. Desert Care Network*, No. 2:23-cv-05021, 2024 U.S. Dist. LEXIS 18970, at *5 (C.D. Cal. Feb. 1,

2024) (holding that a delayed discovery argument posed a "barrier to dismissal" when the plaintiff alleged that the defendants secretly incorporated Pixels into their web properties and patient portals).

Finally, "[t]he proper stage for fine-tuning the class definition is certification, not pleading." *Vines v. Loandepot.Com, LLC*, No. 8:24-cv-01067-FWS-ADS, 2024 U.S. Dist. LEXIS 215708, at *10 (C.D. Cal. Sep. 11, 2024). Courts in this district "regularly allow class definitions to be adjusted over the course of a lawsuit." *See e.g.*, *Brown v. Hain Celestial Grp., Inc*., No. C 11-03082-LB, 2014 U.S. Dist. LEXIS 162038, at *17 (N.D. Cal. Nov. 18, 2014). And even "definitional flaws can and often should be resolved by refining the class definition rather than by flatly denying class certification on that basis." *See In re Hulu Privacy Litig*., No. C 11-03764-LB, 2014 U.S. Dist. LEXIS 83661, at *48 (N.D. Cal. June 16, 2014) (citations omitted). Motorola provides no reason for this Court to find this case the exception, rather than the rule.

### C. Motorola's Terms of Use Pose No Obstacle to Plaintiff's Claims.

Motorola's Terms of Use ("TOU") pose no obstacle to Plaintiff's putative class action, First, Motorola fails to show that Plaintiff assented to the TOU *at all*. *See* Pl. Opp. at pg. 20-22. if Motorola could show Plaintiff's assent to the TOU, Motorola cannot enforce its class action waiver; "class action waivers are . . . unconscionable as unlawfully exculpatory [as] a principle of California law that does not specifically apply to arbitration agreements, but to contracts generally." *See Discover Bank v. Superior Court*, 36 Cal. 4th 148, 165 (2005) (rev'd as to its application in arbitration agreements); *see also Turner v. Porsche Cars N. Am., Inc*., No. CV 23-06465, 2023 U.S. Dist. LEXIS 225946, *25 (C.D. Cal. Dec. 19, 2023) (refusing to dismiss class claims on the basis of a class action waiver in the applicable contract because plaintiff asserted it was unconscionable under the *Discover Bank* rule and holding that issue was not appropriate for resolution at the dismissal stage). These arguments are refuted at Plaintiff's Opposition to Defendant's Motion to Dismiss Class Action Complaint, which Plaintiff expressly incorporates herein. *See* ("Pl. Opp.") at pg. 22.

## III. CONCLUSION

For the foregoing reasons, Motorola's motion to strike must be denied in its entirety.

Dated: April 3, 2025

**GUTRIDE SAFIER LLP**

/s/ *Marie A. McCrary*
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Kali R. Backer (State Bar No. 342492)
kali@gutridesafier.com
Andreas E. Moffett (*pro hac vice* application forthcoming)
andreas@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiff*