**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
hayley@gutridesafier.com
Kali R. Backer (State Bar No. 342492)
kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Andreas E. Moffett (*pro hac vice* application forthcoming)
andreas@gutridesafier.com
1775 Eye Street, NW Suite 1150
Washington, DC 20006
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JONATHAN GABRIELLI, as an individual, on behalf of himself, the general public, and those similarly situated,

Plaintiff,

v.

MOTOROLA MOBILITY LLC.,

Defendant.

Case No. 4:24-cv-09533-JST

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AS TO DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE THE COMPLAINT**

Hon. Jon S. Tigar

Hearing Date: May 22, 2025
Hearing Time: 2:00 PM
Courtroom: Courtroom 6

Complaint Filed: December 31, 2024

## I. INTRODUCTION

Motorola's Request for Judicial Notice seeks to introduce evidence outside the Complaint to support its motion to dismiss and motion to strike, even though all but one of the documents are not referenced in the Complaint, and all of the documents contain disputed facts. This Court should judicially notice only Motorola's Privacy Statement (Exhibit A), which is explicitly referenced in the Complaint, and deny judicial notice of the remaining documents.

## II. ARGUMENT

"Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Judicial notice under Rule 201, however, permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is "not subject to reasonable dispute" if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id*. at (b)(1)-(2). Although "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment[,]" "a court cannot take judicial notice of disputed facts contained in such public records." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018), *quoting Lee v. City of Los* Angeles, 250 F.3d 668, 689 (9th Cir. 2001). The rule is consistent "with the prohibition against resolving factual disputes at the pleading stage." *Khoja* at 1003. Finally, "where a document is unnecessary or irrelevant to a court's decision, the court need not take judicial notice." *Ramachandran v. City of Los Altos*, No. 18-cv-01223-VKD, 2024 U.S. Dist. LEXIS 136561, at *11 (N.D. Cal. Aug. 1, 2024).

A court may, however, consider "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). In so doing, the Court must evaluate if "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

"It is improper to juidicial[ly] notice a document when the substance of the document is subject to varying interpretations, and there is a reasonable dispute as to what the document

establishes." *Landrum v. Mercedes-Benz Fin. Servs. USA LLC*, 2024 U.S. Dist. LEXIS 241375, at *8 (C.D. Cal. Oct. 30, 2024) (refusing to take judicial notice of disputed contract) (citing *Khoja*, 899 F.3d at 1000). Incorporation by reference "is not warranted when the document merely creates a defense to the well-pleaded allegations." *Khoja*, 899 F.3d at 1002. And when the plaintiff "challenge[s] the authenticity of the document proffered by Defendant, the District Court err[s] in taking judicial notice of it." *Id.* (*quoting Taylor v. Deutsche Bank Nat'l Tr*. Co., 727 F. App'x 241, 243 (9th Cir. 2018)) (cleaned up).

Here, Motorola asks this Court to judicially notice four documents: Motorola's Privacy Statement; Motorola's Terms of Use; selected legislative history for CIPA's pen register provision; and a complaint filed in Los Angeles Superior Court. Out of these, *only* Motorola's Privacy Statement—Motorola's "Exhibit A"—is properly judicially noticeable. The rest are not.

**A. Motorola's Terms of Use (Exhibit B) are Not Judicially Noticeable.**

Motorola's Terms of Use ("TOU" or "Exhibit B") are not judicially noticeable, because the TOU is not referenced in the complaint—either explicitly *or* by "incorporation." *See generally* CAC. Accordingly, it fails the first necessary step of *Marder v. Lopez*; "the complaint [does not] refer to the document." 450 F.3d at 448. Since it is indisputable that the Complaint does not refer to the TOU, Motorola instead rehashes the same arguments it made in its Motion to Dismiss: it claims that the Privacy Statement *and* the TOU together constitute "the alleged contract . . . central to Plaintiff's contract claims." RJN at 5-6. But as Plaintiff argues in his opposition to the Motions, he disputes that the two policies are part of the same contract. *See* Opposition to Motion to Dismiss ("Opp. to MTD") at 20-23, *see also* Opposition to Motion to Strike ("Opp. to MTS") at 12. While Motorola's TOU references (and therefore could be said to constructively incorporate) its Privacy Statement, the inverse is *not* true. The Privacy Statement makes no mention of the existence of Motorola's TOU. And unlike the Privacy Statement—which is clearly referenced in the cookie consent banner (*see* CAC ¶ 1 (referencing the Privacy Statement in underlined blue hyperlink next to Motorola's "Click Here to Reject All non-essential cookies" button))—there are *no* facts in the record establishing that Plaintiff assented to the TOU at all. *Compare* MTD *with* CAC; *see also* CAC ¶ 1 (the cookie consent banner does not contain a hyperlink to the TOU).

Motorola asserts, without support, that "when reviewed wholistically [sic]," the TOU and the Privacy Statement must be read together. MTD at 3. But without facts in the record demonstrating—at *least*—(i) Motorola's "reasonably conspicuous notice of the [TOU] to which the consumer will be bound;" and (ii) Plaintiff's "unambiguous[] manifest[ation of] *his or her assent to those terms*," the TOU cannot be a contract which binds Plaintiff. *See Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022). There are no facts that establish that Plaintiff would have ever seen the TOU. It does not state where (if anywhere) the notice of the TOU appeared on the Website, or where Plaintiff would have otherwise encountered Motorola's TOU. Neither the cookie consent banner or the Privacy Policy mentions the TOU or provides a link to it. Without that information, this Court cannot take judicial notice of the TOU.

Even if Motorola offered any evidence of those facts, the TOU still is not subject to judicial notice because Plaintiff disputes that he agreed to the TOU. "[A] court cannot take judicial notice of disputed facts[,]" because that would conflict "with the prohibition against resolving factual disputes at the pleading stage." *Khoja*, 899 F.3d at 999. Put differently, the court cannot "credit the truth of any fact recounted or matter asserted" as to the disputed facts in that document. *See Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Company*, 364 F. Supp. 3d 1061, 1083 (N.D. Cal. 2019). Thus, even if this Court recognized the TOU as a "properly authenticated screenshot[]" (RJN at 6) of Motorola's website, the Court *cannot* judicially notice that screenshot as a binding contract. *Id*. Finding otherwise would give Motorola an end-run around demonstrating contract formation by judicially noticing the "contract." *See generally Berman*, 30 F.4th at 856.

**B. The Court should Deny Motorola's Request for Judicial Notice With Respect to Exhibits C and D.**

Motorola seeks judicial notice of part of CIPA's legislative history (California Bill Analysis, Assembly Committee, 2015-2016 Regular Session, Assembly Bill 929 ("Exhibit C")) and the Second Amended Complaint in the matter of *Rodriguez v. Fountain9, Inc.*, an unpublished case from Los Angeles County Superior Court of California ("Exhibit D"). These documents are not referenced in the Complaint. *See generally* CAC. Rather, Motorola relies on Exhibit C to persuade this Court to

walk back prior holdings in this District finding that CIPA's definition of a "pen register" is *not* limited solely to telephones. *See Mirmalek v. L.A. Times Communs. LLC*, 2024 U.S. Dist. LEXIS 227378, at *7 (N.D. Cal. Dec. 12, 2024) ("the California' Legislature's chosen definition of a pen register is specific as to the type of data [collected], but vague and inclusive as to the form of the collection tool (i.e., a device or process)") (internal quotations omitted); *Shah v. Fandom, Inc.*, No. 24-cv-01062-RFL, 2024 U.S. Dist. LEXIS 193032, at *9 (N.D. Cal. Oct. 21, 2024); *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1050-51 (S.D. Cal. 2023). MTD at 15. And Motorola only relies on Exhibit D to further the argument that Plaintiff did not allege a sufficient concrete injury under CIPA. MTD at 7. "It is improper to judicially notice a document when the substance of the document is subject to varying interpretations, and there is a reasonable dispute as to what the documents establishes." *Khoja*, 899 F.3d at 1000 (*citing Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011)).

Here, Motorola asks the Court to engage in statutory interpretation from an incomplete legislative history to come to a *legal* conclusion already rejected by courts in this District. *See* MTD at 15. Although the Court may properly judicially notice legislative history, it must not infer legislative intent of an unambiguous statute from piecemeal legislative history on a Request for Judicial Notice. *See BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183 (2004) (the statutory interpretation "inquiry begins with the statutory text, and ends there as well if the text is unambiguous."). And "where a document is unnecessary or irrelevant to a court's decision, the court need not take judicial notice." *Ramachandran v. City of Los Altos*, 2024 U.S. Dist. LEXIS 136561, at *11 (N.D. Cal. Aug. 1, 2024). Moreover, applying the legislative intent of CIPA's "purpose" is an inference necessarily relying on "varying interpretations," and is thus "improper [for] judicial notice." *Khoja*, 899 F.3d at 1000. "[C]ourt[s] also decline[] to look into CIPA's legislative history when the text of Section 632 clearly covers the behavior described in Plaintiffs' Amended Complaint." *CS Wang & Assoc. v. Wells Fargo Bank, N.A.*, 305 F. Supp. 3d 864 (N.D. Ill. 2018).

Here, "the Court should be cautious regarding taking judicial notice of certain facts and attempt to determine previous legislative intent, interpretation, and whether such was the basis and proper basis, at this stage," especially when presented with an incomplete legislative history. *Cal.*

*Ass'n for the Pres. of Gamefowl v. Stanislaus Cty.*, 2023 U.S. Dist. LEXIS 22299, *120 (E.D. Cal. Feb. 9, 2023). Motorola requests this Court judicially notice *only one* of the *six* bill analyses for CIPA, from a committee of *one* of the California Legislature's chambers. *Compare* 13-1 Ex. C (04/17/15 – Assembly Privacy and Consumer Protection) *with* BILL ANALYSIS - AB-929 (2015-2016) Pen registers: authorized use (07/08/15 – Assembly Floor Analysis; 07/01/15 – Senate Floor Analyses; 06/15/15 – Senate Public Safety; 04/28/15 – Assembly Appropriations; 04/06/15 – Assembly Public Safety).[1] Relying on that one section of legislative history, Motorola urges this Court to find that "[i]f the legislature intended [CIPA] to apply to non-telephonic devices, it could have [done so] and would have refrained from specifying that it applied to telephones." MTD at 15. But one does not need legislative history to see that the legislature did intend that CIPA apply to non-telephonic devices. The definition of "pen register" in the statute is clear: "a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication." Cal. Penal Code § 638.50(b). The plain language of the statute makes clear that "pen register" as used in CIPA is broader than a device placed on a phone line and Defendant would suggest. As explained above, Defendant's interpretation of the snippet of legislative history is in direct tension with this District's rulings in *Mirmalek*, *Shah*, and *Greenley*. As such, Motorola is advancing an inference that relies on "varying interpretations" of the document, and is thus "improper [for] judicial notice." *Khoja*, 899 F.3d at 1000.

Exhibit D fares no better. Motorola uses Exhibit D—a complaint from a case that is "not citeable in California state court," let alone federal court, per Motorola's Counsel's own admission[2]—

---

[1] Publicly available at https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201520160AB929.

[2] *See* Michael J. Stortz, Paul W. Sweeney, Jr., Katy M. Ramos*; No Harm, No Foul–CIPA Claims Dismissed for Lack of Standing* (available at https://www.klgates.com/No-Harm-No-Foul-CIPA-Claims-Dismissed-for-Lack-of-Standing-3-3-2025) (Acknowledging that *Rodriguez v. Fountain9, Inc.*, No. 24STCV04504, 2024 WL 4905217 (Cal. Super. Ct. L.A. Cty. Nov. 21, 2024) is "not citable in California state court"). *See also* Cal. Rule of Court 8.1115 ("[A]n opinion of a California Court of Appeal or superior court appellate division that is not certified for publication or ordered published must not be cited or relied on by a court or a party in any other action.").

to make a *legal* determination that Plaintiff "relies on statutory damages and vague claims of injury to privacy." MTD at 7. Rule 201 is not a method for noticing disputed legal issues. Thus, for the purpose that Motorola seeks to use the document, Exhibit D is "improper [for] judicial notice." *Khoja*, 899 F.3d at 1000. Even if this Court judicially recognizes the existence of the complaint attached as Exhibit D, it must restrict its notice "to show the document was filed or that a proceeding occurred," because the court cannot "credit the truth of any fact recounted or matter asserted in the documents" as to the disputed facts in this case. *Successor Agency to Former Emeryville Redevelopment Agency v. Swagelok Company*, 364 F. Supp. 3d 1061, 1083 (N.D. Cal. 2019).

## III. CONCLUSION

For the foregoing reasons, Motorola's Request for Judicial Notice of Exhibits B, C, and D must be denied.

Dated: April 3, 2025

**GUTRIDE SAFIER LLP**

/s/ Marie McCrary
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
hayley@gutridesafier.com
Kali R. Backer (State Bar No. 342492)
kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Andreas E. Moffett (*pro hac vice* application forthcoming)
andreas@gutridesafier.com
1775 Eye Street, NW Suite 1150
Washington, DC 20006
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiff*