Paul W. Sweeney, Jr. (SBN 112511)
paul.sweeney@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com
Chief Coleman (SBN 352670)
chief.coleman@klgates.com
**K&L GATES LLP**
10100 Santa Monica Blvd, 8th Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant
Motorola Mobility LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GABRIELLI, an individual, on behalf of himself, the general public, and those similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>MOTOROLA MOBILITY LLC<br><br>　　　　　　Defendants. | Case No. **4:24-cv-09533-JST**<br><br>**MOTOROLA MOBILITY LLC'S REPLY TO PLAINTIFF JONATHAN GABRIELLI'S OPPOSITION TO THE MOTION TO STRIKE**<br><br>[Assigned to the Honorable Jon S. Tigar]<br><br>Hearing Date: May 22, 2025<br>Time:　　　　2:00 PM<br>Courtroom:　　6<br><br>Complaint Filed: December 31, 2024 |

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     ARGUMENT ........................................................................................................ 1

      a.      Rule 12(f) is the Proper Mechanism to Strike the Class Allegations in the Complaint. ...................................................................................... 1

      b.      Plaintiff Lacks Standing to Bring a Claim Against Plaintiff. ......................... 3

      c.      The Arguments for Striking the Class Allegation are Properly Before the Court. ...................................................................................... 5

            1.      It is Not Premature to Address Article III Standing of the Class in the Context of a Motion to Strike. ............................................... 5

                  i.      *Numerosity Does Not Exist.* ............................................... 6

                  ii.     *The Class Allegations Should Be Stricken Because Individual Questions Will Predominate.* ............................... 7

      d.      Several of Plaintiff's Claims are Time-Barred ................................................. 8

III.    CONCLUSION .................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aiello v. Providian Financial Corp.*,
    257 B.R. 245 ............................................................................................................... 5

*Alig. v. Rocket Mortg., LLC*,
    126 F.4th 965 (4th Cir. 2025)...................................................................................... 8

*Bui-Ford v. Tesla, Inc.*,
    No. 4:23-CV-02321, 2024 WL 694485 (N.D. Cal. Feb. 20, 2024) ........................ 6

*Byars v. Sterling Jewelers, Inc.*,
    No. 5:22 Civ. 1456, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023)........................... 3

*Chose v. Accor Hotels & Resorts (Maryland) LLC*,
    No. 19-CV-06174-HSG, 2020 WL 759365 (N.D. Cal. Feb. 14, 2020) ................... 8

*Clancy v. The Bromley Tea Co.*,
    308 F.R.D. 564 (N.D. Cal. 2013) ........................................................................ 2, 6

*Colorado Cross Disability Coal. v. Abercrombie & Fitch Co.*,
    765 F.3d 1205 (10th Cir. 2014).................................................................................. 2

*Comcast Corp. v. Behrend*,
    569 U.S. 27 (2013)..................................................................................................... 6

*In re Cooper Cos. Inc. Sec. Litig.*,
    254 F.R.D. 628 .......................................................................................................... 7

*Donelson v. Ameriprise Fin. Servs., Inc.*,
    999 F.3d 1080 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 2675 (2022) ..................... 2

*Doninger v. Pac. Nw. Bell, Inc.*,
    564 F.2d 1304 (9th Cir.1977)................................................................................... 7

*Elson v. Black*,
    56 F.4th 1002 (5th Cir. 2023).................................................................................... 2

*F.G. v. Coopersurgical, Inc.*,
    No. 24-cv-01261-JST, 2024 WL 4982991 (N.D. Cal. Dec. 4, 2024) ...................... 2

*Fox v. Ethicon Endo-Surgery, Inc.*,
    35 Cal. 4th 797 (2005) .............................................................................................. 9

*Gatling-Lee v. Del Monte Foods, Inc.*,
    No. 22-CV-00892-JST, 2023 WL 11113888 (N.D. Cal. Mar. 28, 2023) ................ 6

ii

*Heeger v. Facebook, Inc.*,
    509 F. Supp. 3d 1182 (N.D. Cal. 2020) ................................................................ 3

*Ji v. Naver Corp.*,
    No. 21 Civ. 5143, 2022 WL 4624898 (N.D. Cal. Sept. 30, 2022)........................... 4

*Jolly v. Eli Lilly & Co.*,
    44 Cal. 3d 1103, 245 Cal.Rptr. 658, 751 P.2d 923 (1988)...................................... 9

*Kiliuk v. ADT Sec. Servs., Inc.*,
    263 F.R.D. 544 (C.D.Cal.2008) ............................................................................. 1

*Liau v. Weee! Inc.*,
    No. 23 Civ. 1177 (PAE), 2024 WL 729259 (S.D.N.Y. Feb. 22, 2024) ................... 4

*Lien v. Talkdesk, Inc.*,
    No. 24-CV-06467-VC, 2025 WL 551664 (N.D. Cal. Feb. 19, 2025) ...................... 4

*Lightoller v. Jetblue Airways Corp.*,
    No. 23 Civ. 361, 2023 WL 3963823 (S.D. Cal. June 12, 2023) .............................. 3

*Manning v. Bos. Med. Ctr. Corp.*,
    725 F.3d 34 (1st Cir. 2013) .................................................................................... 1

*Massie v. Gen. Motors LLC*,
    No. 21-787, 2022 WL 534468 (D. Del. Feb. 17, 2022) .......................................... 3

*Mazza v. Am. Honda Motor Co.*,
    666 F.3d 581 (9th Cir. 2012)................................................................................... 3

*McGowan v. Weinstein*,
    505 F. Supp. 3d 1000 (C.D. Cal. 2020)................................................................... 9

*McGuire v. BMW of North America, LLC*,
    2014 WL 2566132 (D.N.J. 2014)............................................................................ 5

*Mikulsky v. Noom, Inc.*,
    682 F. Supp. 3d 855 (S.D. Cal. 2023) ..................................................................... 3

*Nagel v. DFL Pizza, LLC*,
    No. 1:21-CV-00946-DDD-SBP, 2024 WL 5095298 (D. Colo. Dec. 4, 2024) ........ 3

*In re Natera Prenatal Testing Litig.*,
    664 F. Supp. 3d 995 (N.D. Cal. 2023) .................................................................... 6

*Oh v. Hamni Fin. Corp.*,
    No. 2:20-cv-02844-FLA (JCX), 2024 WL 3435259 (C.D. Cal. Mar. 19 2024) ...... 7

*Pilgrim v. Universal Health Card, LLC*,
    660 F.3d 943 (6th Cir. 2011).................................................................................. 2

*Rodriguez v. Autotrader.com, Inc.*,
   Case No. 2:24-cv-08735-RGK-JC, 2025 WL 1085787 (C.D. Cal. April 4, 2025.) .......................................................................................................... 5

*Rodriguez v. Autotrader.com, Inc.*,
   No. 2:24-CV-08735-RGK-JC, 2025 WL 65409 (C.D. Cal. Jan. 8, 2025) .............................. 4

*Sanders v. Apple Inc.*,
   672 F.Supp.2d 978 (N.D.Cal.2009) .................................................................. 1, 5

*Smidga v. Spirit Airlines, Inc.*,
   No. 2:22 Civ. 1578, 2024 WL 1485853 (W.D. Pa. Apr. 5, 2024) ........................... 4

*Tabak v. Apple Inc.*,
   No. 19-CV-02455-JST, 2020 WL 12049056 (N.D. Cal. Nov. 25, 2020) ................................ 6

*Tietsworth v. Sears*,
   720 F. Supp. 2d 1123 (N.D. Cal. 2010) ................................................................. 5

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021) ......................................................................................... 3

*Vaca v. Wachovia Mortg. Corp.*,
   198 Cal. App. 4th 737, 129 Cal. Rptr. 3d 354 (2011) ......................................... 10

*Young v. Standard Fire Ins. Co.*,
   No. 21-35777, 2023 WL 21465 (9th Cir. Jan. 3, 2023) ......................................... 2

**Other Authorities**

45 Collier Bankr. Cas. 2d ..................................................................................... 5

5C Fed. Prac. & Proc. Civ. § 1383 (3d ed.) ...................................................... 3, 9

Federal Rule of Civil Procedure 23 ..................................................... *passim*

## I.    **INTRODUCTION**

As set forth in Motorola Mobility LLC's ("Motorola" or "Defendant") concurrently filed Reply to Plaintiff's Opposition to the Motion to Dismiss Plaintiff's Complaint, the Complaint should be dismissed in its entirety. In the event this Court is disinclined to grant Motorola's Motion to Dismiss in its entirety or if any portion of the Complaint survives—which it should not—certain portions of the Complaint should be stricken as discussed in Motorola's Motion to Strike ("Motion"). Specifically, Plaintiff Jonathan Gabrielli's allegations are fatally flawed in a manner that cannot be repaired through any legitimate means, including discovery, and should be stricken.

*First,* no members of the putative class have standing to bring the claims alleged in the Complaint.

*Second*, Plaintiff and each of the putative class members waived their ability to bring the claims alleged in the Complaint on a class-wide basis.

*Third*, on the face of the Complaint, the putative class cannot meet the requirements of Rule 23(a) and (b). Plaintiff cannot satisfy the numerosity requirement of Rule 23(a). Further, individual issues will predominate, rendering the class un-certifiable under Rule 23(b).

*Fourth*, the alleged definition of the "Class Period" extends beyond the applicable statutes of limitations for nearly all of the claims alleged, and therefore must be stricken to comport with such limitations.

## II.    **ARGUMENT**

### a.    **Rule 12(f) is the Proper Mechanism to Strike the Class Allegations in the Complaint.**

In his Opposition, Plaintiff argues that the Court should not entertain the Motion, because of a mistaken belief that Rule 12(f) is not the proper vehicle for seeking dismissal of class allegations. (See DE 21, "Opp" at 1:16.) This is not so. Federal courts have ruled that class allegations may be stricken where "the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders v. Apple Inc.,* 672 F.Supp.2d 978, 990 (N.D.Cal.2009); *see also Kiliuk v. ADT Sec. Servs., Inc.,* 263 F.R.D. 544, 547 (C.D.Cal.2008); see also *Manning v. Bos. Med. Ctr. Corp.,*

725 F.3d 34, 59 (1st Cir. 2013) (holding if it is "obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis ... [courts may] delete the complaint's class allegations." (quotations omitted).  Further, to the extent Plaintiff cites *F.G. v. Coopersurgical, Inc.*, No. 24-cv-01261-JST, 2024 WL 4982991 at *9 (N.D. Cal. Dec. 4, 2024), which states "[a] motion to strike class claims based only on the pleadings is proper **only if** the court is 'convinced that any questions of law are clear and not in dispute, and that under **no** set of circumstances could the claim or defense succeed," this case supports Defendant's motion. *Id.* As this Court has held *"a plaintiff cannot create standing where it does not exist by seeking to certify a class." Clancy v. The Bromley Tea Co*., 308 F.R.D. 564, 570 (N.D. Cal. 2013). Here, Plaintiff lacks standing, therefore, no set of circumstances could allow his claims to succeed.

In fact, to certify a class action, a plaintiff must satisfy all of Federal Rule of Civil Procedure 23(a)'s requirements and also satisfy one of Rule 23(b)'s provisions. *See, e.g., Colorado Cross Disability Coal. v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1213 (10th Cir. 2014). Although courts typically assess the viability of class claims at the certification stage, district courts **"are permitted to make such determinations on the pleadings and before discovery is complete when it is apparent from the complaint that a class action cannot be maintained."** *Elson v. Black*, 56 F.4th 1002, 1006 (5th Cir. 2023) (citation omitted); *see also Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) ("Rule 23(c)(1)(A) says that the district court should decide whether to certify a class at an early practicable time in the litigation, and nothing in the rules says that the court must await a motion by the plaintiffs."). In making this determination, courts apply the same standards applied at the certification stage, asking whether a complaint's allegations satisfy Federal Rule of Civil Procedure 23's requirements. *See, e.g., Young v. Standard Fire Ins. Co.*, No. 21-35777, 2023 WL 21465, at *1 (9th Cir. Jan. 3, 2023) ("A decision to grant a motion to strike class allegations ... is the functional equivalent of denying a motion to certify a case as a class action." (quotations omitted)); *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1092 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 2675 (2022) (determining that district courts may grant motion to strike class claims because "[t]his is consistent with Rule 23(c), which governs class-action certification"); *Id.* at 1094 (concluding a district court abused its discretion by denying a motion to

strike without considering whether plaintiff "could bring a class action under Rule 23(b), as it [was] apparent from the pleadings that the class [could not] be certified" under Rule 23(b)(2) (quotation omitted)). *Nagel v. DFL Pizza, LLC*, No. 1:21-CV-00946-DDD-SBP, 2024 WL 5095298, at *3 (D. Colo. Dec. 4, 2024).  Therefore, it is appropriate to strike class allegations where "it is apparent from the pleadings that the class cannot be certified or that the definition of the class is overbroad." 5C Fed. Prac. & Proc. Civ. § 1383 (3d ed.).

### b. Plaintiff Lacks Standing to Bring a Claim Against Plaintiff.

"Every class member must have Article III standing in order to recover individual damages." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). "[N]o class may be certified that contains members lacking Article III standing." *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 594 (9th Cir. 2012), (*overruled by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, fn. 32 (9th Cir. 2022) on the grounds that only one plaintiff needs to demonstrate standing *for injunctive or other equitable relief*, but expressly noting *Maza* otherwise remains good law). Only one of Plaintiff's claims—Claim 3 for violations of CIPA § 631—purports to seek injunctive relief. (DE 1, ¶ 127.) Consequently, Plaintiff's other eight causes of action are governed by *Mazza,* requiring allegations that all putative class members have standing to support those claims. Moreover, despite Plaintiff's purported request for injunctive relief, in his Claim 3, all punitive class members are still required to have standing as § 631 does not provide injunctive relief as an available remedy.

Further, Plaintiff argues that a mere allegation of an invasion of privacy under CIPA is enough to properly constitute a concrete injury-in-fact. (Opp., p. 3:9-15.)  This is not so and federal courts have widely confirmed this in dismissing similar claims. *See, e.g.*, *Lightoller v. Jetblue Airways Corp.*, No. 23 Civ. 361, 2023 WL 3963823, at *3 (S.D. Cal. June 12, 2023) (dismissing for lack of standing because "a bare CIPA violation by itself is insufficient to demonstrate Article III injury in fact"); *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 865 (S.D. Cal. 2023) (same); *Byars v. Sterling Jewelers, Inc.*, No. 5:22 Civ. 1456, 2023 WL 2996686, at *3–4 (C.D. Cal. Apr. 5, 2023) (same); *Massie v. Gen. Motors LLC*, No. 21-787, 2022 WL 534468, at *2, *5 (D. Del. Feb. 17, 2022) (same); *Heeger v. Facebook, Inc.*, 509 F. Supp. 3d 1182, 1188, 1189–

3

91 (N.D. Cal. 2020) (no injury in fact where Facebook was alleged to have collected "IP addresses showing locations where [plaintiff] accessed his Facebook account"); *Ji v. Naver Corp.*, No. 21 Civ. 5143, 2022 WL 4624898, at *7 (N.D. Cal. Sept. 30, 2022) (collection of "user and device identifiers" could not give rise to "a privacy injury"); *Smidga v. Spirit Airlines, Inc.*, No. 2:22 Civ. 1578, 2024 WL 1485853, at *4 (W.D. Pa. Apr. 5, 2024) ("[C]ourts have held that even the collection of basic contact information by [ ] software or where the plaintiffs merely visited the website are not [ ] concrete harms."); *see also Liau v. Weee! Inc.*, No. 23 Civ. 1177 (PAE), 2024 WL 729259, at *5 (S.D.N.Y. Feb. 22, 2024) (data leak of "relatively quotidian *private* information"—"customers' names, email addresses, and phone numbers, but not payment data or passwords"—did not give rise to a concrete harm (emphasis added)).

In a recently decided case, a court dismissed a CIPA claim, without leave to amend, for lack of standing because the Court deemed the communications collected were "simply not private or personal enough to confer standing" where the plaintiff only interacted with the company a negligible amount. *Lien v. Talkdesk, Inc.*, No. 24-CV-06467-VC, 2025 WL 551664 (N.D. Cal. Feb. 19, 2025). Further, Plaintiff fails to properly address the fact that one court just granted a motion to dismiss *against this very same Plaintiff* (Gabrielli) on the basis that he had failed to state a concrete injury and therefore lacked Article III standing. *See Jonathan Gabrielli,* No. 24-CV-01566 (ER), 2025 WL 522515, at *8 (S.D.N.Y. Feb. 18, 2025) (dismissing, with prejudice, claims for public disclosure of private facts, intrusion upon seclusion, unjust enrichment, and violations of CIPA § 638.51.) Although Plaintiff contends his prior enforcement of his privacy rights have no bearing on this matter, Motorola disagrees and so do the courts. (Opp., at p. 4:12.)  Plaintiff's prior "enforcement of his privacy claims," makes him "an individual that seeks out legal violations and files lawsuits to ensure legal compliance." *Rodriguez v. Autotrader.com, Inc*., No. 2:24-CV-08735-RGK-JC, 2025 WL 65409 at n.2 (C.D. Cal. Jan. 8, 2025).  In the same case, *Rodriguez*, but deciding a motion to dismiss the second amended complaint, decided on April 4, 2025, a California federal court held that testers, like Plaintiff here, who "visit[] and enter[] information into Defendant's website expecting the information to be accessed, recorded, and disclosed… cannot claim an injury when her expectations were ultimately met" even if the tester "had dual motivations for using

Defendant's website." *Rodriguez v. Autotrader.com, Inc.,* Case No. 2:24-cv-08735-RGK-JC, 2025 WL 1085787 at *1 (C.D. Cal. April 4, 2025.). The fact that Plaintiff here claims that he tried to engage a banner button that should have prevented the recording of data that he inputted in the website is irrelevant for purposes of his demonstrating concrete injury and standing because (i) in "testing" the button Plaintiff knew that there was the possibility that it could malfunction and data might be recorded – why else test it?, and (ii) the fact that some data may have been recorded by itself does not qualify as a concrete injury in fact. Therefore, despite his contentions that he had the dual intention of browsing on the website as well, Plaintiff lacks standing, as he cannot claim a concrete injury. The Complaint does not assert any facts that could lead to a conclusion that any other class member would be able to allege (or prove) they suffered a concrete injury in fact sufficient to confer standing upon them.

### c.  The Arguments for Striking the Class Allegation are Properly Before the Court.

1.  It is Not Premature to Address Article III Standing of the Class in the Context of a Motion to Strike.

Plaintiff contends that dismissal of class allegations is premature. (Opp., at p. 7:21-23.) However, federal courts have granted motions to strike based on class allegations when they are asserted in contravention of a clear legal bar against class treatment of the action, such as the plaintiff's lack of standing or the assertion of claims under a statute that does not permit class treatment. See, e.g., *McGuire v. BMW of North America, LLC,* 2014 WL 2566132, *6 (D.N.J. 2014) (striking class allegations and dismissing claims to the extent brought under the laws of states in which named plaintiff lacked standing); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1147 (N.D. Cal. 2010) (striking class allegations where proposed class was unascertainable); *Aiello v. Providian Financial Corp.*, 257 B.R. 245, 253, Bankr. L. Rep. (CCH) P 78163 (N.D. Ill. 2000), *aff'd*, 239 F.3d 876, 37 Bankr. Ct. Dec. (CRR) 109, 45 Collier Bankr. Cas. 2d (MB) 591, Bankr. L. Rep. (CCH) P 78356 (7th Cir. 2001) (striking class allegations because plaintiff lacked standing); *See, e.g.,* Moreover, "[p]ursuant to Rule 23(c), 'the court must—at an early practicable time— determine by order whether to certify the action as a class action.'" *Sanders v. Apple Inc.*, 672 F.

1    Supp. 2d 978, 990 (N.D. Cal. 2009) (*quoting* Fed. R. Civ. P. 23(c)(1)(A)). Therefore, the motion to

2    strike is not premature and the Court should grant the motion to strike.[1]

3         *i.    Numerosity Does Not Exist.*

4         The class action is an exception to the usual rule that litigation is conducted by and on behalf

5    of the individual named parties only." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (citation

6    omitted). As such, "[t]o come within the exception, a party seeking to maintain a class action "must

7    affirmatively demonstrate his compliance with Rule 23." *Id*. (citation omitted). One such

8    requirement set forth by Rule 23 (a)(1) is that a prerequisite to certifying a class is the need to

9    demonstrate "the class is so numerous that joinder of all members is impractical." *See,* Fed. R. Civ.

10   P. 23(a)(1). However, no such showing is made in the Complaint here for the simple reason that,

11   as addressed above and in the Motion to Strike, the Motion to Dismiss, and concurrently filed Reply

12   to Opposition to the Motion to Dismiss, neither Plaintiff nor any putative class members suffered

13   any concrete injury-in-fact, and therefore lack standing.[2] Because Plaintiff—let alone any putative

14   class members—does not have standing, the class size is zero people.

---

15
16   [1] Plaintiff cites cases ruled on by this Court to support his argument that it would be premature to
     strike his class claims.  However, those cases are distinguishable. Here, Motorola has established
17   Plaintiff lacks standing. Several of the cases cited by Plaintiff do not address the issue of standing.
     *See, Bui-Ford v. Tesla, Inc.,* No. 4:23-CV-02321, 2024 WL 694485 (N.D. Cal. Feb. 20, 2024)
18   (denying motion to strike based on atypicality of plaintiffs who were not subject to arbitration
     clauses, but class members were subject to said clauses.); *Tabak v. Apple Inc.,* No. 19-CV-02455-
19   JST, 2020 WL 12049056 (N.D. Cal. Nov. 25, 2020) (denying motion to strike based on argument
     that state law prohibited a plaintiff from asserting class claims.) The cases that do address standing
20   are readily distinguishable because in those instances the Court specifically found that the plaintiffs
     did have standing to pursue the asserted claims. See e.g. *Clancy v. The Bromley Tea Co*., 308 F.R.D.
21   564 (N.D. Cal. 2013) (denying motion to strike as this Court found Plaintiff did have standing and
     therefore leaving the question for class certification as to whether plaintiff could represent class
22   members who purchased products which plaintiff did not buy.) *Id*. at 571. Noteworthy in *Clancy* is
     the Court's statement, arguably applicable here, that "a plaintiff cannot create standing where it
23   does not exist by seeking to certify a class." *Id*. at 570.).  In *In re Natera Prenatal Testing Litig.,*
     664 F. Supp. 3d 995 (N.D. Cal. 2023), the plaintiff had standing to assert the claims, and the Court
24   denied a motion to strike because the issue regarding standing to represent purchasers of different
     products was deemed best considered at class certification stage. *See also Gatling-Lee v. Del Monte
25   Foods, Inc*., No. 22-CV-00892-JST, 2023 WL 11113888 (N.D. Cal. Mar. 28, 2023) (denying
     motion to strike because plaintiff had standing to assert the claims.). Here, Plaintiff Gabrielli, the
26   only named representative, lacks standing and therefore the class allegations should be stricken.
27   [2] Plaintiff's Complaint alleges that the other putative class members are "similarly situated", and
28   consequently if Plaintiff lacks standing as Motorola contends, so do the other class members.

Plaintiff contends that discovery must be allowed to determine if the class presents numerosity. (Opp. at pgs. 8:12-19 and 9:5-9.) A party who hopes at some point to seek class certification is not always entitled to discovery on the class certification issue. See, e.g., *Doninger v. Pac. Nw. Bell, Inc.,* 564 F.2d 1304, 1313 (9th Cir.1977) (stating that class certification was properly denied without discovery where plaintiffs could not make a *prima facie* showing of Rule 23's prerequisites or that discovery measures were "likely to produce persuasive information substantiating the class action allegations"). Moreover, Plaintiff does not address where his estimation of the class composing of more than 100 persons is derived. And, while Plaintiff cites *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 634 and *Oh v. Hamni Fin. Corp.*, No. 2:20-cv-02844-FLA (JCX), 2024 WL 3435259 at *2 (C.D. Cal. Mar. 19 2024) to support his argument that numerosity is presumed when the class contains forty or more members, the cases are inapposite as, in those instances, the courts had sufficient facts to make a presumption that the class would be over forty individuals. Here, even if he could demonstrate that class member had standing to pursue these claims, Plaintiff does not address his methodology for finding the number of individuals in the class.  Nor the length of time the "Reject All" button was allegedly not functioning properly. (See DE 1, ¶ 78.)  Nor the number of people who purportedly clicked the "Reject All" button during that time. (See DE 1, ¶ 80.)  Therefore, the class action allegations of the Complaint are not well-pleaded and the Court need not construe the allegations in Plaintiff's favor.

Plaintiff has not been able to credibly argue in his Opposition how any amount of discovery would show the number of individuals (other than Plaintiff) who clicked the "Reject All" button. (*See* Opp., at p. 9:7-9.) And Plaintiff cannot make a prima facia showing otherwise. Therefore, the class allegations should be stricken.

    *ii.*   *The Class Allegations Should Be Stricken Because Individual Questions Will Predominate.*

Plaintiff contends he meets his pleading burden alleging that common question predominate over individualized questions, because of his allegation that "each class member's claim derives from the same unlawful conduct that led them to believe that Defendant would not cause third-party cookies to be placed on their browsers . . . after Class members chose to reject all non-essential

cookies and tracking technologies on the website[.]" (DE 1, ¶ 81.)  However, even if a consumer clicked the Reject button, and continued to use Motorola's website, the consumer may have, should have, or could have reviewed the Terms of Use ("TOU").  The TOU includes a class action waiver which explicitly informs the user that they cannot assert a claim on a classwide basis related to a purported website-based injury.  Thus, those consumers would understand that they are not/cannot be members of the class.  Similarly, if, for example, the putative class member is a repeat or sophisticated Motorola website shopper, he or she was or may have already been aware of the TOU and its terms.   To the extent, however, any class member believes they are *not* subject to the TOU, as Plaintiff appears to argue, an individual inquiry must then be conducted to determine whether or not that specific putative class member did in fact know that s/he agreed to be bound by the TOU by continuing to utilize the website. Likewise, if a putative class member believes he or she has suffered an injury different than that alleged in the Complaint that would constitute an injury in fact which would confer standing upon them, individualized inquiries would be required to determine which class members do or do not have Article III standing. *See Alig. v. Rocket Mortg., LLC*, 126 F.4th 965, 974 (4th Cir. 2025) (citing *TransUnion*, 594 U.S. at 431.).  Again, Plaintiff attempts to argue Rule 12(f) is not the proper mechanism to rule on the issues of class certification citing *Eigenberg v. USA Waste of California, Inc.,* No. 5:24-CV-00490-SVW-SHK, 2024 WL 4404961 (C.D. Cal. July 30, 2024) and *Chose v. Accor Hotels & Resorts (Maryland) LLC*, No. 19-CV-06174-HSG, 2020 WL 759365 (N.D. Cal. Feb. 14, 2020).  However, both courts found that Rule 12(f) is only inapplicable if the facts are sufficiently pled.  In fact, in *Chose*, the court **did** strike the plaintiff's class allegations, because it found that the punitive damages claims were insufficiently pleaded. *Chose*, 2020 WL 759365 at *6.

Because this is a fundamental and gate keeping inquiry, even if standing exists, allowing the class allegations to remain would be likely to result in extraordinary discovery efforts, including deposing many alleged putative class members in order to make individual factual inquiries and related determinations.  Therefore, the motion to strike should be granted.

   **d.  <u>Several of Plaintiff's Claims are Time-Barred.</u>**

Plaintiff contends that his causes of action are tolled by the discovery rule. (Opp., at p. 10:25-26.) Pursuant to the "discovery rule," the accrual of a cause of action is postponed until the "plaintiff discovers, or has reason to discover, the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005). "A plaintiff has reason to discover a cause of action when he or she has reason at least to suspect a factual basis for its elements." *Id.* Therefore, it is inquiry notice, not actual notice, that is relevant to the discovery rule. *Id.* For the discovery rule to apply, the plaintiff "must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Id.* at 808, 27 Cal.Rptr.3d 661, 110 P.3d 914 (internal quotation marks omitted); *see McGowan v. Weinstein*, 505 F. Supp. 3d 1000, 1018–19 (C.D. Cal. 2020).

Plaintiff contends that because Motorola led class members to believe that their rejection of non-essential cookies would be honored, class members were unable to discover the truth, tolling the remaining non-contractual statutes of limitations. (Opp., at p. 16:18.) However, the California Supreme Court has stated, "the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1110, 245 Cal.Rptr. 658, 751 P.2d 923 (1988). Just as Plaintiff has said, finding what alleged information is being collected is simple to discover. Moreover, if some putative class members received targeted ads – which is another individualized issue – and those ads were in sufficient volume, those members of the putative probably should have suspected their alleged injury – that their data had been collected contrary to their request manifested by clicking the Reject button.  This determination requires individual factual inquiries and evaluations.

As outlined in the Motion, a purported "Class Period" of four years far exceeds the applicable statutes of limitations for all claims except the two contract-based claims. As such, the putative class is facially overbroad and all class allegations inconsistent with the applicable statutes of limitations must be stricken and the "Class" definition must be amended. 5C Fed. Prac. & Proc. Civ. § 1383 (3d ed.).

Plaintiff also alleges a tolling of the statute of limitations based on the doctrine of fraudulent concealment. (Opp., at p. 10:25-26.)  However, "[f]or a defendant to be equitably estopped from asserting a statute of limitations, the plaintiff must be directly prevented ... from filing [a] suit on time." *Vaca v. Wachovia Mortg. Corp.*, 198 Cal. App. 4th 737, 746, 129 Cal. Rptr. 3d 354, 360 (2011); see also Al-Ahmend, *supra*, 603 F. Supp. 3d at 877.  Here, Plaintiff fails to allege any intentional or deceptive conduct, beyond the allegation that the "Reject All" button was improperly functioning, to prevent Plaintiff from being able to timely file his motion. There is no allegation in the Complaint that Motorola did anything to conceal that the Reject button was allegedly not working.  And if it did, how was Plaintiff able to determine the Reject button was not working?  He may have had to hire an attorney who used an expert consultant to reach a conclusion that the Reject button wasn't working properly, but Plaintiff certainly does no allege that he had to unravel a Motorola "cover -up" – no "cover up" is alleged -- to discover the alleged malfunctioning button.

Therefore, the proposed class period dating back to 2020, when the action was filed on December 31, 2024 far exceeds the applicable statute of limitations for all claims except the two contract-based claims.  As such, the putative class is facially overbroad and all class allegations inconsistent with the applicable statutes of limitations must be stricken and the "Class" definition alleged must be amended. Similarly, because claims under CIPA are subject to a one-year statute of limitations, neither Plaintiff nor any putative class members can be allowed to pursue even statutory damages for alleged violations that occurred prior to December 31, 2023. Therefore, the Court should strike the class period.

### III.   CONCLUSION

For the foregoing reasons, Motorola's Motion to Strike should be granted, and the class allegations should be stricken in their entirety. Or, if this Court is disinclined to strike them in their entirety, the class allegations should be stricken where inconsistent with the applicable statutes of limitations.

K&L GATES LLP

Dated: April 24, 2025

By:  /s/ Chief Coleman
     Paul W. Sweeney, Jr.
     Zachary T. Timm
     Chief Coleman

     Attorneys for Defendant
     Motorola Mobility LLC