Paul W. Sweeney, Jr. (SBN 112511)
paul.sweeney@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com
Chief Coleman (SBN 352670)
chief.coleman@klgates.com
**K&L GATES LLP**
10100 Santa Monica Blvd, 8th Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant
Motorola Mobility LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JONATHAN GABRIELLI, an individual, on behalf of himself, the general public, and those similarly situated,

Plaintiff,

v.

MOTOROLA MOBILITY LLC

Defendants.

Case No. **4:24-cv-09533-JST**

**MOTOROLA MOBILITY LLC'S REPLY TO PLAINTIFF JONATHAN GABRIELLI'S OPPOSITION TO THE REQUEST FOR JUDICIAL NOTICE**

[Assigned to the Honorable Jon S. Tigar]

Hearing Date: May 22, 2025
Time: 2:00 PM
Courtroom: 6

Complaint Filed: December 31, 2024

# TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. Motorola's Privacy Policy (Exhibit A) is Judicially Noticeable .......... 1

B. Motorola's Terms of Use (Exhibit B) Should Be Judicially Noticed as it was Incorporated in the Complaint by Reference. .......... 1

C. The Legislative History (Ex. C to the Motion to Dismiss) May be Judicially Noticed. .......... 2

D. The Second Amended Complaint (Ex. D to the Motion to Dismiss) May be Judicially Noticed. .......... 3

III. CONCLUSION .......... 4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Holder*,
673 F.3d 1089 (9th Cir. 2012) ..... 2

*Cairns v. Franklin Mint Co.*,
107 F. Supp. 2d 1212 (CD. Cal. 2000), aff'd, 292 F.3d 1139 (9th Cir. 2000) ..... 2

*Caldwell v. Caldwell*,
420 F. Supp. 2d 1102 (N.D. Cal. 2006), aff'd, 545 F.3d 1126 (9th Cir. 2008) ..... 2

*Coremetrics Inc. v. Atomic Park.com, LLC*,
370 F. Supp. 2d 1013 (N.D. Cal. 2005) ..... 2

*In re Corner Stone Propane Partners, L.P. Sec. Litg.*,
355 F. Supp. 2d 1069 (N.D. Cal. 2005) ..... 1

*Fink v. Kirchmeyer*,
720 F.Supp.3d 780 (N.D. Cal. 2024) ..... 2

*Johnston v. Discover Bank*,
No. SACV-ll-00628-JST, 2011 WL 2420216 (CD. Cal. June 16, 2011) ..... 3

*Kaufman & Broad Communities, Inc, et al. v. Performance Plastering, Inc.*,
133 Cal. App 4th 26 (2005) ..... 3

*Lakes v. Ubisoft, Inc.*,
No. 24-CV-06943-TLT, 2025 WL 1036639 (N.D. Cal. Apr. 2, 2025) ..... 2

*No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp.*,
320 F.3d 920 (9th Cir. 2003) ..... 1

*Ramos v. Capital One, N.A.*,
No. 17-CV-00435- BLF, 2017 WL 3232488 (N.D. Cal. July 27, 2017) ..... 2

*Rearden LLC v. Rearden Commerce, Inc.*,
597 F. Supp. 2d 1006 (N.D. Cal. 2009) ..... 2

*Regal Stone Ltd. v. Cota*,
Nos. 08-5098 SC, 07-5800 SC, 07-6045 SC, 08-2052 SC, 08-2268 SC, 08-5096 SC, 09-1469 SC, 2010 WL 3504846 (N.D. Cal. Sept. 7,2010) ..... 3

*U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo*,
971 F.2d 244 (9th Cir. 1992) ..... 3

*Rodriguez v. Fountain9, Inc.*,
No. 24STCV04504, 2024 WL 4905217 (Cal.Super. Nov. 21, 2024) .................................. 3, 4

*Stimac v. Wieking*,
785 F. Supp. 2d 847 (N.D. Cal. 2011) ........................................................................ 3

*Van Buskirk v. Cable News Network, Inc.*,
284 F.3d 977 (9th Cir. 2002)........................................................................................ 1

**Other Authorities**

Federal Rule of Evidence 201 ........................................................................................ 2, 4

Motorola's website at www.motorola.com ........................................................................ 2

Federal Rule of Civil Prodecure 12(b)(6) ........................................................................ 1, 3

Federal Rule of Civil Prodecure Rule 12(c)........................................................................ 3

# I. INTRODUCTION

Motorola's Request for Judicial Notice is properly before the Court. It references items incorporated within the complaint or documents that concern facts that may be judicially noticed as prescribed by law. The Court should, therefore, grant Motorola's request for judicial notice of all the exhibits attached to the judicial notice request.

# II. ARGUMENT

## A. Motorola's Privacy Policy (Exhibit A) is Judicially Noticeable

Plaintiff's Opposition ("Opposition") concedes that Motorola's Privacy Policy should be Judicially Noticed. Opposition ("Opp." at 1: 4-6). Therefore, there is no dispute that it may be properly considered in ruling on Motorola's Motion to Dismiss.

## B. Motorola's Terms of Use (Exhibit B) Should Be Judicially Noticed as it was Incorporated in the Complaint by Reference.

In ruling on a motion to dismiss, the court can rely on the doctrine of "incorporation by reference" to consider documents that were referenced extensively in the complaint and whose authenticity is not challenged. See *Van Buskirk v. Cable News Network, Inc*., 284 F.3d 977, 980 (9th Cir. 2002) a (citing *In re Silicon Graphics Inc. Sec. Litg*., 183 F.3d 970, 986 (9th Cir. 1999));*In re Corner Stone Propane Partners, L.P. Sec. Litg*., 355 F. Supp. 2d 1069, 1076 (N.D. Cal. 2005); *No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp.,* 320 F.3d 920, 925 n.2 (9th Cir. 2003). Under the "incorporation by reference" rule adopted by the Ninth Circuit, the court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment.

Plaintiff alleges Motorola breached its Privacy Policy when the "Reject All" button allegedly malfunctioned. (DE 1, ¶ 5.) Although Plaintiff failed to attach the Privacy Policy or the Terms of Use ("TOU"), the TOU specifically includes a link to and invites users to view the current version of the Privacy Policy making the Privacy Policy a part of the TOU – as admitted by Plaintiff (Opp., at p. 2:21-22) – and he cannot deny these policies are inter-related, both physically and conceptually, and if one of these documents bears upon his claims so does the other. Nor does he deny the authenticity of the TOU. Additionally, the Court may consider the TOU/Privacy Policy

because it is posted directly on Motorola's website at www.motorola.com. (*See* DE 13-1, 13-3, 13-4.) Judicial notice of websites maintained publicly on the World Wide Web, the contents of which are readily ascertainable and widely disseminated, is appropriate. See e.g., *Rearden LLC v. Rearden Commerce, Inc.*, 597 F. Supp. 2d 1006, 1013 n.3 (N.D. Cal. 2009) ("The court takes judicial notice of contents of this website and other websites cited herein pursuant to Federal Rule of Evidence 201."); *Caldwell v. Caldwell*, 420 F. Supp. 2d 1102, 1105 n.3 (N.D. Cal. 2006) (granting judicial notice of the UC Berkeley Museum of Paleontology website and a portion of that site), aff'd, 545 F.3d 1126 (9th Cir. 2008); *Coremetrics Inc. v. Atomic Park.com, LLC*, 370 F. Supp. 2d 1013, 1021 (N.D. Cal. 2005) (taking judicial notice of content on Atomic Park's website); *Cairns v. Franklin Mint Co.*, 107 F. Supp. 2d 1212, 1216 (CD. Cal. 2000) (taking judicial notice of pages on Warhol Museum's website), aff'd, 292 F.3d 1139 (9th Cir. 2000). Further, where a defendant provides copies of the relevant webpages to the court of "policies that are publicly available on [a company's] Website" the court may take judicial notice. *Lakes v. Ubisoft, Inc.,* No. 24-CV-06943-TLT, 2025 WL 1036639 at *4 (N.D. Cal. Apr. 2, 2025). Finally, the Court may consider the documents because they are a part of the entire purported contract Plaintiff alleges was formed, only a small portion of which he wants to acknowledge, in asserting his breach of contract claim (Claim 7). Because Plaintiff argues the existence of a contract that he agreed to resulting from his use of the website, he must live with the entire contract including the TOU which governs its usage.[1]

**C. <u>The Legislative History (Ex. C to the Motion to Dismiss) May be Judicially Noticed.</u>**

In addition, "[l]egislative history is properly a subject of judicial notice." *Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012); *Fink v. Kirchmeyer*, 720 F.Supp.3d 780, fn. 3 (N.D. Cal. 2024) (same); *see Ramos v. Capital One, N.A.*, No. 17-CV-00435- BLF, 2017 WL 3232488, at *3 (N.D. Cal. July 27, 2017) (taking judicial notice of senate committee hearing notes.)

As discussed in *Ramos*, though the bill analysis pre-dates the introduction of the amendment, they can still provide the Senate's perspective on the statute's meaning prior to the

[1] Contrary to the argument in the Opposition, at 3:11-20, there are no disputed facts given the allegations of his Complaint. He alleges he entered into a contract when he used the website. The TOU/Privacy Policy indisputably govern the use of the website.

amendment and the potential purpose of the amendment. See also, *Kaufman & Broad Communities, Inc, et al. v. Performance Plastering, Inc*., 133 Cal. App 4th 26, 32 (2005) (listing judicially noticeable legislative history in California to include "Reports of the Legislative Analyst").

Plaintiff's argument that there is much more to the legislative history of the CIPA statute is a red-herring argument. (Opp. at 4:26-5:6.). Motorola, in its Motion to Dismiss, set forth what it believes to be the relevant legislative history, including Exhibit C. If Plaintiff believes that other legislative history is to the contrary, it is his burden to present that history here, which he did not. As such, the Court should grant the request for judicial notice of Exhibit C to the Motion to Dismiss.

**D. The Second Amended Complaint (Ex. D to the Motion to Dismiss) May be Judicially Noticed.**

It is well-settled that a court can take judicial notice of court records. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"); see e.g., *Regal Stone Ltd. v. Cota*, Nos. 08-5098 SC, 07-5800 SC, 07-6045 SC, 08-2052 SC, 08-2268 SC, 08-5096 SC, 09-1469 SC, 2010 WL 3504846, at *6 (N.D. Cal. Sept. 7,2010) (taking judicial notice of allegations in pleading); *Stimac v. Wieking*, 785 F. Supp. 2d 847, 849 (N.D. Cal. 2011) (taking judicial notice of court records from other district courts). Indeed, a court can take judicial notice of the existence of allegations, pleadings, court filings, and court orders when considering a motion to dismiss under Rule 12(b)(6). See e.g., *Johnston v. Discover Bank*, No. SACV-ll-00628-JST (JCGX), 2011 WL 2420216, at *1 n.l (CD. Cal. June 16, 2011) (granting request for judicial notice of existing of pleadings and applying Rule 12(b)(6) standard to Rule 12(c) motion).

The Second Amended Complaint is a document that is filed in a court record (California Superior Court). The Court should take judicial notice of the allegations in and the existence of Second Amended Complaint in the matter of *Rodriguez v. Fountain9, Inc.*, as it is properly before the Court. Motorola is not asking the Court to accept the truth of the allegations made in the Second Amended Complaint. The purpose of its inclusion here is to permit the Court to compare the allegations of a privacy injury made in *Rodriquez,* a case cited in Motorola's Motion to Dismiss, to

the alleged injury that Plaintiff argues it suffered in this case. The two complaints' similarities are namely: (1) third-party software collected data for advertising and marketing purposes (*compare Rodriguez* compl., at ¶ 48 *with Gabrielli* Complaint, at ¶ 14); (2) the plaintiffs in the respective actions did not consent to said third-party collection of data (*compare* Rodriguez compl., at ¶ 53 *with Gabrielli* Compl. ¶ 27); (3) the third-party software allegedly collected the private data of individuals who browsed the company's website (*compare* Rodriguez compl., at ¶¶ 21, 25 *with* Gabrielli Compl., at ¶¶ 18, 30); and (4) the plaintiffs' alleged injuries resulted from a third-party's collection of purportedly private data. (*compare* Rodriguez compl. at ¶ 101 *with* Gabrielli Compl., at ¶ 95.) The *Rodriguez* court held that Plaintiff's "allegation of injury still fails to meet the "concrete" injury required for standing" as the injury was "abstract and hypothetical because it is solely premised on statutory damages under CIPA." *Rodriguez v. Fountain9, Inc.*, No. 24STCV04504, 2024 WL 4905217 at *4 (Cal.Super. Nov. 21, 2024).[2]

## III. CONCLUSION

The Federal Rules of Evidence state that the Court "must" take judicial notice of such records if "a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Here, Defendants have provided the Court with the necessary information to take judicial notice of the documents described above, despite Plaintiff's erroneous objections. Defendants, therefore, respectfully request that the Court take judicial notice of these documents.

[2] Plaintiff curiously references in footnote 2 of the Opposition, at 6, an article written by Motorola's counsel here. He argues the article states, among other things, that California **state court rules** do not permit the *Rodriquez* case to be cited in California **state courts** because it is a state trial court ruling. Counsel assumes that Plaintiff understands that the instant case is in federal court, not California state court. Plaintiff does not to cite any prohibition in **federal court rules** to citing a California state trial court ruling, and the undersigned counsel is unaware of any such rule.

K&L GATES LLP

Dated: April 24, 2025

By: /s/ Chief Coleman
Paul W. Sweeney, Jr.
Zachary T. Timm
Chief Coleman

Attorneys for Defendant
Motorola Mobility LLC