1  Paul W. Sweeney, Jr. (SBN 112511)
2  paul.sweeney@klgates.com
   Zachary T. Timm (SBN 316564)
3  zach.timm@klgates.com
   Chief Coleman (SBN 352670)
4  chief.coleman@klgates.com
   **K&L GATES LLP**
5  10100 Santa Monica Blvd, 8ᵗʰ Floor
   Los Angeles, CA 90067
6  Telephone: +1 310 552 5000
   Facsimile: +1 310 552 5001
7

8  Attorneys for Defendant
   Motorola Mobility LLC
9

               UNITED STATES DISTRICT COURT
10
               NORTHERN DISTRICT OF CALIFORNIA
11

12

13  JONATHAN GABRIELLI, an individual, on          Case No. **4:24-cv-09533-JST**
    behalf of himself, the general public, and those
14  similarly situated,                             **MOTOROLA MOBILITY LLC'S**
                                                    **RESPONSE TO PLAINTIFF'S SUR-**
15                Plaintiff,                        **REPLY TO ITS REPLY TO**
                                                    **PLAINTIFF'S OPPOSITION TO**
16         v.                                       **MOTION TO DISMISS**

17  MOTOROLA MOBILITY LLC
                                                    [Assigned to the Honorable Jon S. Tigar]
18                Defendants.
                                                    Hearing Date: May 22, 2025
19                                                  Time:        2:00 PM
                                                    Courtroom:   6
20
                                                    Complaint Filed: December 31, 2024
21

22

23

24

25

26

27

28

## I. __INTRODUCTION__

In its Sur-Reply, Plaintiff Jonathan Gabrielli ("Plaintiff" or "Gabrielli") challenges two aspects of the Reply filed by Defendant Motorola Mobility LLC's ("Defendant" or "Motorola"). *First*, Plaintiff argues that he is not a tester and his dual motivation for browsing Motorola's website nullifies his status as a tester. (DE 31-2, at p. 4:1.) *Second*, Plaintiff misconstrues the holding of a recently decided Ninth Circuit opinion, *Briskin v. Shopify, Inc.,* 135 F.4th 739, 752 (9th Cir. 2025), to argue that the Court has personal jurisdiction over Motorola. (Id. at p. 5:12-14.) As discussed below, neither of these arguments are availing. Plaintiff has still failed to plead facts in his Complaint sufficient to demonstrate that he has suffered a concrete injury necessary to confer standing, or that the Court has personal jurisdiction over Motorola. The arguments made in the Sur-Reply do not overcome the deficiencies of the Complaint. Therefore, the Motion to Dismiss should be granted.

## II. __ARGUMENT__

### A. __Plaintiff Lacks Standing to Prosecute the Claims Made in the Complaint.__

Plaintiff has gotten hung up on labels. He argues vociferously that he is not a "tester". But "tester" is simply a label that is affixed to someone, like Plaintiff, who, among other things, spends time seeking out legal violations and then filing lawsuits. This is precisely how "tester" was defined by the court in the *Rodriguez* case cited in Motorola's Reply -- "an individual that seeks out legal violations and files lawsuits to ensure legal compliance." *Rodriguez v. Autotrader.com, Inc.,* No. 2:24-CV-08735-RGK-JC, 2025 WL 65409, at *1 fn. 2 (C.D. Cal. Jan. 8, 2025).[1] In his Complaint here and in similar lawsuits that he has filed, *e.g., Gabrielli v. Insider, Inc.*, No. 24-CV-01566 (ER) 2025 WL 522515, at *8 (S.D.N.Y. February 18, 2025), Plaintiff has demonstrated that his multiple website visits are not simply innocent internet shopping excursions where he stumbles across alleged privacy violations. Nevertheless, and most importantly, regardless of the label, Plaintiff lacks standing to assert his various California invasion of privacy claims because a review of the

---

[1] Plaintiff argues that he has pleaded he does not have the technical knowledge to test a website. This misses the point. One does not need such knowledge to seek out, unassisted or assisted, legal violations and file repeated lawsuits. Nor does one have to self-label himself/herself as a tester.

allegations of the Complaint make it abundantly clear he has not suffered a concrete injury. The court in *Insider, Inc., supra*, did not need to use the word "tester" to dismiss his purported California privacy violation claims with prejudice because he lacked standing due to no concrete injury.

Further, to the extent Plaintiff alleges that he also "visited the website to browse information about Motorola's products," his dual purposes is unavailing. (DE 31-2, "Sur-Reply" at p. 4:1.) Even if he had a "dual motivation for using Defendant's website, acting not just as a tester, but also as a legitimate user that simply wanted to use the website's service… it does not change the fact that [she or he] expected [his or her] privacy to be invaded, thereby negating any injury in fact." *Rodriguez v. Autotrader.com, Inc.*, No. 2:24-CV-08735-RGK-JC, 2025 WL 1085787, at *1 fn. 2 (C.D. Cal. Apr. 4, 2025).

Finally, Gabrielli's contention that any argument Motorola raises as to Plaintiff's status as a tester should be waived is unavailing. *First*, the Court has granted Plaintiff the right to respond to Motorola's Reply. Since Plaintiff has had an opportunity to respond, Motorola's arguments are not waived. *See e.g. Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996); Atl. Specialty Ins. Co. v. Digit Dirt Worx, Inc.*, 793 F. App'x 896, 902 (11th Cir. 2019); *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998). *Second*, Plaintiff has raised this issue in the Opposition brief, where Plaintiff – stating his motivation for filing this lawsuit – argued as follows: "…even if it were permissible to make an inference based on his status as a plaintiff in another case… Mr. Gabrielli cares about his privacy rights, and seeks to enforce them when he is harmed"; "there is nothing wrong with his conduct." (DE 22, at p. 5, fn. 2.) Motorola's Reply responded to Plaintiff's "status" and his stated motivation for filing this lawsuit, and thus it has not been waived.

**B. <u>The Court Does Not Have Personal Jurisdiction Over Defendant</u>**

Plaintiff argues that *Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025) supports a finding that this Court has personal jurisdiction over Motorola. However, *Briskin* made it clear that in the context of a nationally accessible website, "something more" than operating a passive website is required "to show express aiming at the forum state." *Briskin*, *supra*, 135 F. 4th at 752. While the Ninth Circuit found that the trial court had personal jurisdiction over Shopify, jurisdictional facts

matter. And the facts here are different from those in *Briskin* and support the conclusion that the Court has no jurisdiction over Motorola.

Importantly, in *Briskin*, the plaintiff did not simply allege that he had browsed the Shopify website, but rather that data collected from him "in connection with his online *purchase* in California of athletic wear from a retailer in California" occurred while he was "in the process of facilitating his credit card transaction for the merchant", and that "Shopify used the resulting data to compile a consumer profile that Shopify marketed widely, including to many California merchants" for commercial gain. *Id*. at 746; *See also Ruth Martin v. Outdoor Network LLC*, No. 2:23-CV-09807-AB-AJR, 2024 WL 661173, at *4 (C.D. Cal. Jan. 31, 2024) (holding the plaintiff's privacy claims failed to involve purchase or shipment of products). Plaintiff does not plead in his Complaint that Motorola is a California retailer (as he cannot), that he purchased any goods or services in California, nor does the Complaint allege that Defendant compiled or sold any data to any merchants, much less including California merchants. (*See generally*, DE 1, ¶ 23-32.)

Additionally, *Briskin* is different because in *Briskin* "not only did Defendants intend that the software would operate as it allegedly did, they also unquestionably intended that it would conduct transactions, as programmed" and thus the contact with California was not "random, fortuitous, or attenuated." *Briskin*, supra, 135 F. 4th at 766. Here, Motorola has argued that "common sense would tell one that it is likely any alleged improper button functioning was entirely *unintentional* and the result of a bona fide error." (Mot., at p. 12:23-25.) Thus, the alleged tortious conduct would logically be random, fortuitous and unintentional.

Based on the foregoing, and all of the other arguments Motorola has made in connection with its Motion, this Court does not have personal jurisdiction over Motorola.

## III.  CONCLUSION

For the foregoing reasons, the arguments raised in the Sur-Reply do not sufficiently address the deficiencies of the Complaint, therefore Defendant's Motion to Dismiss should be granted.

1

2

3   Dated: May 19, 2025

K&L GATES LLP

4

5                                                        By:   /s/ Chief Coleman
                                                             Paul W. Sweeney, Jr.
6                                                            Zachary T. Timm
                                                             Chief Coleman

7                                                        Attorneys for Defendant
8                                                        Motorola Mobility LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEF.'S RESPONSE TO PLAINTIFF'S SUR-REPLY IN OPP'N TO DEF.'S MOT. TO DISMISS
AND STRIKE – CASE NO. 4:24-CV-09533-JST