(Slip Opinion) Cite as: 605 U. S. ____ (2025)      1

Per Curiam

NOTICE: This opinion is subject to formal revision before publication in the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, pio@supremecourt.gov, of any typographical or other formal errors.

# SUPREME COURT OF THE UNITED STATES

No. 24–304

## LABORATORY CORPORATION OF AMERICA HOLDINGS, DBA LABCORP, PETITIONER *v.* LUKE DAVIS, ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

[June 5, 2025]

PER CURIAM.

The writ of certiorari is dismissed as improvidently granted.

*It is so ordered.*

Cite as: 605 U. S. ____ (2025)    1

KAVANAUGH, J., dissenting

# SUPREME COURT OF THE UNITED STATES

No. 24–304

LABORATORY CORPORATION OF AMERICA HOLDINGS, DBA LABCORP, PETITIONER *v.* LUKE DAVIS, ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

[June 5, 2025]

JUSTICE KAVANAUGH, dissenting.

The Court dismisses the case as improvidently granted and therefore does not decide the question presented: Whether a federal court may certify a damages class pursuant to Federal Rule of Civil Procedure 23 when the class includes both injured and uninjured class members.

The Court presumably dismisses the case because the Court does not want to tackle the threshold mootness question that plaintiffs have raised. In my view, however, plaintiffs' mootness argument is insubstantial. I would rule that the case is not moot and would decide the question presented.

On the question presented, I would hold that a federal court may not certify a damages class that includes both injured and uninjured members. Rule 23 requires that common questions predominate in damages class actions. And when a damages class includes both injured and uninjured members, common questions do not predominate.

I

The facts are fairly straightforward. Labcorp provides diagnostic laboratory services. In 2017, Labcorp introduced self-service kiosks for patients to check in for their

appointments. Although the touchscreen kiosks are accessible to most patients, blind and visually impaired patients require assistance. To accommodate those patients who cannot use a kiosk without assistance, or who prefer not to use one, Labcorp maintained and bolstered its front-desk services at patient service centers.

Despite those accommodations, legally blind plaintiffs sued Labcorp in the U. S. District Court for the Central District of California. As relevant here, they claimed that Labcorp's new kiosks violated the Americans with Disabilities Act (ADA) and California's Unruh Civil Rights Act, which provides for a minimum of $4,000 in state-law statutory damages per violation. See Cal. Civ. Code Ann. §§51(f), 52(a) (West 2020). Plaintiffs sought to certify a class with potential damages of up to about $500 million per year.

In May 2022, the District Court certified a damages class under Federal Rule of Civil Procedure 23. The class consisted of "[a]ll legally blind individuals in California who visited a LabCorp patient service center in California during the applicable limitations period and were denied full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations due to LabCorp's failure to make its e-check-in kiosks accessible to legally blind individuals." No. 2:20–cv–893 (CD Cal., May 23, 2022), ECF Doc. 97, p. 24.

Labcorp petitioned for an immediate interlocutory appeal under the special interlocutory appellate procedure authorized by Rule 23(f). Labcorp contended that plaintiffs' class definition was overbroad and would sweep in many uninjured members, including blind patients who would not use kiosks anyway because they dislike kiosks or prefer to speak with a front-desk employee when checking in for appointments.

In August 2022, while Labcorp's petition for interlocutory appeal was still pending in the Ninth Circuit, the District

Cite as: 605 U. S. ___ (2025)    3

KAVANAUGH, J., dissenting

Court clarified plaintiffs' class definition. The District Court explained that the class included "[a]ll legally blind individuals who . . . , due to their disability, were unable to use" Labcorp kiosks in California. App. 387. Importantly, the court stated that, "in refining the class definition, this Order does not materially alter the composition of the class or materially change in any manner" the original May class certification order. *Id.*, at 386, n. 10.

In September 2022, the Ninth Circuit granted Labcorp's Rule 23(f) petition and authorized an interlocutory appeal of the May order. After receiving briefing and hearing oral argument, the Court of Appeals ultimately approved the May 2022 class certification. Applying Ninth Circuit precedent, the court reasoned that Rule 23 permits certification of a class even when the class "'potentially includes more than a de minimis number of uninjured class members.'" *Id.*, at 397, n. 1 (quoting *Olean Wholesale Grocery Cooperative, Inc.* v. *Bumble Bee Foods LLC*, 31 F. 4th 651, 669 (2022) (en banc)).

After the Ninth Circuit denied rehearing en banc, Labcorp sought review in this Court. We granted certiorari to decide whether federal courts may certify a Rule 23 damages class that includes both injured and uninjured members. 604 U. S. ___ (2025).

II

Instead of resolving that important merits question, the Court dismisses this case as improvidently granted. That is presumably because the Court does not want to deal with plaintiffs' threshold mootness argument. To be clear, the Court does not hold that the case is moot. Rather, the Court simply declines to decide either the threshold mootness question or the important class-action question on which we granted certiorari. Unlike the Court, I would resolve those questions.

In arguing that the case is moot, plaintiffs contend that

4      LABORATORY CORP. OF AMERICA HOLDINGS *v.* DAVIS

KAVANAUGH, J., dissenting

Labcorp appealed the wrong class-certification order. That is incorrect. Recall the sequence of events. In May 2022, the District Court certified plaintiffs' damages class, and Labcorp then filed a Rule 23(f) petition in order to challenge that certification order in the Ninth Circuit. In August 2022, the District Court clarified the class definition. But in the August order, the District Court stated that the order did "not materially alter the composition of the class or materially change in any manner" the original May class certification order. App. 386, n. 10. The August order did not purport to certify a new class.

The Ninth Circuit subsequently reviewed and ruled on the May certification order. The Ninth Circuit did not treat Labcorp's appeal of the May order as moot. In September 2022, after the District Court had issued the August order, the Ninth Circuit authorized Labcorp's Rule 23(f) interlocutory appeal of the May order. The Ninth Circuit later addressed the merits of Labcorp's appeal with respect to the May order and ruled in plaintiffs' favor. In doing so, the Ninth Circuit issued a judgment adverse to Labcorp, and Labcorp properly sought certiorari to reverse that judgment.

Still, plaintiffs seem to think that the May order was no longer in effect and was superseded by the August order. According to plaintiffs, Labcorp should have somehow appealed the August order. Under Ninth Circuit precedent, however, Labcorp *could not* have appealed the August order because only orders "that *materially change* the original certification order" qualify as "appealable under Rule 23(f)." *Walker* v. *Life Ins. Co. of Southwest*, 953 F. 3d 624, 636 (2020) (emphasis added). And the District Court had explicitly stated that the August order did not make any material changes. Moreover, under the text of Rule 23(f), a party may appeal only "an order granting or denying class-action certification." The August order did not grant or deny class certification, as the District Court indicated.

Cite as: 605 U. S. \_\_\_\_ (2025) 5

KAVANAUGH, J., dissenting

So to challenge the class definition under Ninth Circuit law, Labcorp could appeal only the May 2022 certification order. Labcorp did so. Labcorp has proceeded reasonably in the District Court, the Court of Appeals, and this Court. There is no barrier to this Court's deciding the class-action question presented in the context of reviewing the Ninth Circuit's judgment.

### III

On the merits, I agree with Labcorp and the United States as *amicus curiae*: Federal courts may not certify a damages class under Rule 23 when, as here, the proposed class includes both injured and uninjured class members.

Rule 23 and this Court's precedents make this a straightforward case. Rule 23 authorizes damages class certification only when common questions of law and fact predominate. A damages class consisting of both injured and uninjured members does not meet that requirement. As the Government succinctly and correctly stated at oral argument, "if there are members of a class that aren't even injured, they can't share the same injury with the other class members." Tr. of Oral Arg. 83; see generally *Comcast Corp.* v. *Behrend*, 569 U. S. 27 (2013); *Wal-Mart Stores, Inc.* v. *Dukes*, 564 U. S. 338 (2011); *Amchem Products, Inc.* v. *Windsor*, 521 U. S. 591 (1997); *General Telephone Co. of Southwest* v. *Falcon*, 457 U. S. 147 (1982).

The Ninth Circuit nonetheless approved plaintiffs' class. Relying on Circuit precedent, the court concluded that Rule 23 permits certification even when the class "'potentially includes more than a de minimis number of uninjured class members.'" App. 397, n. 1 (quoting *Olean Wholesale Grocery Cooperative, Inc.* v. *Bumble Bee Foods LLC*, 31 F. 4th 651, 669 (2022) (en banc)).[1]

---

[1] Some courts have suggested that a "*de minimis* exception" might exist when there is a *de minimis* number of uninjured class members, at least so long as some identified mechanism exists to manageably remove those

6    LABORATORY CORP. OF AMERICA HOLDINGS *v.* DAVIS

KAVANAUGH, J., dissenting

The Ninth Circuit's decision is incorrect under Rule 23 and this Court's precedents, and it will generate serious real-world consequences. Classes that are overinflated with *uninjured* members raise the stakes for businesses that are the targets of class actions. Overbroad and incorrectly certified classes threaten massive liability—here, with potential damages up to about $500 million per year. That reality in turn can coerce businesses into costly settlements that they sometimes must reluctantly swallow rather than betting the company on the uncertainties of trial. Indeed, the Advisory Committee Notes to Rule 23(f) warn: "An order granting certification . . . may force a defendant to settle rather than incur the costs of defending a class action and run the risk of potentially ruinous liability." Advisory Committee's Notes on 1998 Amendments to Fed. Rule Civ. Proc. 23, 28 U. S. C. App., p. 815 (1994 ed.); cf. *Nutraceutical Corp.* v. *Lambert*, 586 U. S. 188, 196 (2019). That is one reason why Rule 23(f)'s interlocutory appeal procedure was established in 1998.

Importantly, the coerced settlements substantially raise the costs of doing business. And companies in turn pass on those costs to consumers in the form of higher prices; to retirement account holders in the form of lower returns; and to workers in the form of lower salaries and lesser benefits. So overbroad and incorrectly certified classes can ultimately harm consumers, retirees, and workers, among others. Simply put, the consequences of overbroad and incorrectly certified damages class actions can be widespread and significant.

---

uninjured members from the class. *In re Rail Freight Fuel Surcharge Antitrust Litigation–MDL No. 1869*, 934 F. 3d 619, 624 (CADC 2019); see *id*., at 625–626; *In re Asacol Antitrust Litigation*, 907 F. 3d 42, 53–54 (CA1 2018). This case does not raise that question because the Ninth Circuit ruled that a class may be certified even when the class "'potentially includes *more than* a de minimis number of uninjured class members.'" App. 397, n. 1 (emphasis added).

Cite as: 605 U. S. ____ (2025) 7

KAVANAUGH, J., dissenting

\* \* \*

I would resolve the question presented and reverse the judgment of the Ninth Circuit. I would hold that federal courts may not certify a damages class pursuant to Rule 23 when the class includes both injured and uninjured class members. I respectfully dissent from the Court's order dismissing the writ of certiorari as improvidently granted.