**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
  seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
  marie@gutridesafier.com
Hayley Reynolds (State Bar No. 306427)
  hayley@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GABRIELLI, an individual, on behalf of himself, the general public, and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY LLC,<br><br>Defendant. | Case No.:  4:24-cv-09533-JST<br><br>**UPDATED JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:        July 15, 2025<br>Time:       2:00 p.m. PT<br>Location:  Courtroom F, 15th Fl.<br>               VIA ZOOM<br><br>Honorable Jon S. Tigar |

Jonathan Gabrielli ("Plaintiff") and Motorola Mobility LLC ("Defendant") (collectively, the "Parties"), submit this Updated Joint Case Management Statement pursuant to this Court's April 7, 2025 Clerk Entry (ECF No. 24).  This Joint Statement serves to update the Parties' Initial Case Management Statement filed on April 1, 2025 (ECF No. 20), which was prepared and filed pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Local Rule16-9(a), the Standing Order for All Judges of the Northern District of California, and this Court's Standing Order.

## 1.    Jurisdiction and Service

Plaintiff's Statement:

On December 31, 2024, Plaintiff commenced this putative class action by filing a Class

Action Complaint in the United States District Court, Northern District of California. The Class Action Fairness Act of 2005, 28 U.S.C.A. §§ 1711, *et seq.*, provides the basis for the Court's subject matter jurisdiction over Plaintiff's claims. Defendant was served on January 10, 2025. Plaintiff refuted each of Defendant's challenges to this Court's jurisdiction over his claims in his opposition to Defendant's motion to dismiss, which was filed on April 3, 2025.

Defendant's Statement:

Defendant filed a motion to dismiss and a motion to strike the Complaint on March 3, 2025, noticing each for hearing on May 22, 2025.  (ECF Nos. 12 & 13.)  The motions have been fully briefed, and the hearing on each was vacated on May 12, 2025, because the Court found "the matters suitable for disposition without oral argument." (ECF No. 33.)  Among other things, the motion to dismiss asserts that the Court lacks subject matter jurisdiction because the Complaint fails to allege facts sufficient to demonstrate Plaintiff suffered an injury-in-fact, and therefore he lacks Article III standing.  The motion to dismiss also asserts that the Court lacks personal jurisdiction because Defendant has not purposefully directed its activities toward California, Plaintiff's claims do not arise out of or relate to Defendant's activities in California, and the exercise of jurisdiction over Defendant would be unreasonable.

Additionally, Defendant's website's Terms of Use ("TOU") provide that any litigation related to Plaintiff's website usage shall be subject to the exclusive jurisdiction of the state or federal courts in Chicago, Illinois, and the statues and laws of the United States and the State of Illinois will apply.  The TOU also includes a class action waiver.

**2.    Facts**

Plaintiff's Statement:

This case concerns Defendant's violations of the privacy rights of visitors to its website and total breach of consumer trust in violation of California law, but it is very different than the standard "Meta-Pixel" type case.

When consumers visit Motorola's ecommerce website (www.motorola.com, the "Website"), Defendant displays to them a popup cookie consent banner. Defendant's cookie banner discloses that the Website uses cookies but expressly gives users the option to control how they are tracked and how their personal data is used. Defendant assures visitors that they can choose to "**Reject All non-essential cookies**" as shown in the following screenshot of the cookie consent banner:



Like most internet websites, Defendant designed the Website to include resources and programming scripts from third parties that enable those parties to place cookies and other similar tracking technologies on visitors' browsers and devices and/or transmit cookies along with user data. However, unlike other websites, Defendant's Website purportedly offers consumers a choice to browse without being tracked, followed, and targeted by third party data brokers and advertisers. However, Defendant's promises are outright lies, designed to lull users into a false sense of security. Even after users elect to "**Reject All non-essential cookies**," Defendant surreptitiously enables several third parties – including Google LLC (DoubleClick and Google Analytics), ByteDance Ltd. (TikTok), Amazon.com, Inc. (amazon-adsystem), Howl Technologies, Inc. (Narrativ), and Emplifi, Inc. (GoInStore) (the "Third Parties") – to place and/or transmit cookies that track users' website browsing activities and eavesdrop on users' private communications on the Website.

Defendant's Statement:

Plaintiff's factual statement above includes a copy of the privacy policy and notice to users embedded in Defendant's website, informing them that the website uses cookies and similar technologies.  Thus, Plaintiff concedes that Defendant disclosed its use of so-called tracking technologies on the website. If Plaintiff sought to "Reject All essential cookies" ("Reject") on the website, and if the Reject function was not properly operating for him, the Reject function may not have functioned properly because of a technical malfunction, or an unintentional programming or other bona fide error.  Any malfunction or other unintentional error that may have occurred was investigated by Defendant, and within 30 days of receiving notification from Plaintiff of his belief that the Reject function did not operate properly for him, Defendant confirmed that any issue which may have existed was resolved and the Reject function was operating properly.

**3.    Legal Issues**

Plaintiff's Statement:

Plaintiff alleges Defendant's conduct described above constitutes an invasion of privacy; intrusion upon seclusion; wiretapping in violation of California's Invasion of Privacy Act, Penal Code § 631; use of pen register in violation of California's Invasion of Privacy Act, Penal Code § 631; common law fraud, deceit and/or misrepresentation; unjust enrichment; breach of contract; breach of the covenant of good faith and fair dealing; and trespass to chattels

Defendant's Statement:

Aside from the jurisdictional issues discussed above, Defendant's motion to dismiss explains the specific reasons why the claims set forth in the Complaint fail as a matter of law. The reasons are supported by references to statutes and court decisions.

**4.    Motions**

Plaintiff's Statement:

On March 3, 2025, Defendant filed a motion to dismiss and a motion to strike Plaintiff's complaint. Plaintiff timely opposed Defendant's motions to dismiss and strike the Complaint.

Plaintiff anticipates filing a motion for class certification. Plaintiff is hopeful that the Parties will be able to resolve all their discovery disputes without the assistance of this Court, but disagreements about discovery are common in complex matters, and Plaintiff may need to seek guidance on the scope or timing of that discovery. Plaintiff reserves the right to file other motions as appropriate, including a motion for summary judgment (or partial summary judgment), and pretrial motions, including motions in limine.

Defendant's Statement:

Defendant has already filed motions to dismiss and strike the Complaint. Depending upon the Court's rulings on those motions, Defendant may also file a motion to enforce the class action waiver in the TOU before any class certification motion is filed. Defendant also anticipates filing, at the appropriate time, a motion for summary/partial summary judgment.

While Defendant hopes to avoid engaging in any motion practice with respect to discovery, it is possible such motions will need to be filed. Defendant reserves the right to bring additional motions and assert additional arguments as the need arises.

## 5. Amendment of Pleadings

While Plaintiff does not currently anticipate amending the complaint, he respectfully reserves the right to seek leave to amend pursuant to Federal Rule of Civil Procedure 15. The Parties previously proposed the Court set a deadline for June 6, 2025 for amending the pleadings. Plaintiff requests that the June 6, 2025 deadline be extended—consistent with the extension of other deadlines proposed in this case *infra* at paragraph 16—three months to September 6, 2025. Defendant proposes an extension to July 31, 2025. Depending on the facts learned in discovery, Plaintiff may seek to modify the proposed class. Moreover, as this is a putative class action, additional plaintiffs may seek to intervene or be added.

## 6. Evidence Preservation

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines,") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The Parties anticipate agreeing to a joint ESI protocol.

Plaintiff provided a first draft of such ESI protocol, based on the model ESI and Protective Order protocols available in this district, to Defendant on June 24, 2025. The Parties anticipate filing an agreed or disputed version of an ESI protocol in July 2025. The Parties have or will preserve evidence in their possession, custody or control.

### 7. Disclosures

**Plaintiff's Statement**

Plaintiff served his initial disclosures on March 25, 2025. Defendant failed to do so and instead unilaterally decided that it could avoid its discovery obligations because it filed a motion to dismiss. "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). "Had the Federal Rules contemplated that a motion to dismiss under [Rule] 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). Plaintiff requests that the Court reject Defendant's assertion that its pending motions entitle it to a stay of discovery and order Defendant to serve its initial disclosures by April 15, 2015.

### Defendant's Statement

Defendant, pursuant to Fed. R. Civ. P 26 (a)(1)(C), objected at the Rule 26(f) conference to providing initial disclosures at this time because it has moved to dismiss the Complaint on the grounds that the Court lacks subject matter and personal jurisdiction. If the Court rules in Defendants favor on the motion to dismiss, then no initial disclosures will be necessary. If the motion is overruled, Defendant will provide its initial disclosures within 14 days of the Court's final ruling on the motion to dismiss.

### 8. Discovery

Plaintiff's Statement:

The Parties have conferred as required by Rule 26(f). Accordingly, discovery is now open for all purposes. Plaintiff intends to serve his initial discovery requests prior to the initial case

PARTIES' UPDATED JOINT CMCSTATEMENT – Case No. 4:24-cv-09533-JST

management conference. Plaintiff currently anticipates that he will seek discovery regarding the following non-exhaustive list of topics: Defendant's Website, including the operation of the cookie banner and cookie consent management tool and Defendant's integration of the Website with third party resources that utilize cookies and obtain user data; Defendant's decision to include the cookie banner on its Website and to purportedly provide Website visitors with the ability to reject non-essential cookies; Defendant's testing, research, internal memoranda, reports, and knowledge related to the operation of the third party resources and the cookie consent banner; and Defendant's records regarding Website users' selections using the cookie banner and cookie management tool. Plaintiff also anticipates expert discovery related to these technical issues, such as the integration of the Website with third party resources and the operation of the cookie consent management tools on the Website.

Plaintiff has issued subpoenas to third parties, including the Third Parties who intercepted Website user data after the cookies that transmitted said user data were expressly rejected. This includes, without limitation, Google LLC (DoubleClick and Google Analytics), ByteDance Ltd. (TikTok), Amazon.com, Inc. (amazon-adsystem), Howl Technologies, Inc. (Narrativ), and Emplifi, Inc. (GoInStore). Plaintiff will also subpoena the third-party provider(s) of Defendant's cookie management tool.

Plaintiff also anticipates deposing Defendant pursuant to Fed. R. Civ. Pro. 30(b)(6) and Defendant's employees with knowledge of the relevant facts.

The Parties are discussing the terms of a stipulated protective order and will jointly submit it to the Court. Plaintiff proposes that an agreed or disputed version of a protective order be submitted on or before July 25, 2025.

Plaintiff anticipates that he may require depositions beyond the limits provided for in Federal Rule of Civil Procedure 30, and anticipate s conferring with Defendant concerning the potential for a stipulated protocol for depositions in this case.

Plaintiff requests that this Court reject Defendant's informal request for a stay of discovery. Although Plaintiff sent Defendant a document preservation letter in anticipation of litigation on or about March 25, 2024, it is uncertain whether Defendant has taken all the

appropriate and necessary steps necessary to safeguard against the destruction of discoverable documents or data in its possession. For example, Defendant has claimed in this case management statement that it has altered the operation of its cookie consent banner since it was first notified of Plaintiff's claims. If discovery is stayed, there is a substantial risk that further discoverable information about how Defendant's Website and cookie consent banner operated throughout the class period, including when Plaintiff and other Class members visited the Website and opted out of non-essential cookies, will be destroyed. Plaintiff continues to be willing to confer with Defendant concerning reasonable prioritization of certain discovery pending resolution of the motion to dismiss but he opposes a blanket stay of all discovery.

Plaintiff served comprehensive discovery requests on April 21, 2025, to which Defendant provided only objections and no substantive responses on June 20, 2025, despite receiving a 30-day extension. The complete lack of substantive responses, as outlined in Plaintiff's June 26, 2025 discovery deficiency letter, constitutes a clear failure to abide by discovery obligations, and forced Plaintiff to initiate meet and confer efforts to address Defendant's noncompliance. The subsequent meet and confer held on July 7, 2025 was specifically aimed to address these deficiencies. In that meet and confer, Plaintiff clearly articulated the expectation for substantive responses to move discovery forward, emphasizing that blanket objections are unacceptable, especially when there was a 60+ day period where Defendant could have asked for a meet and confer to discuss any requests it found to be vague, overbroad, ambiguous, or otherwise objectionable.

Defendant's assertion that Plaintiff "refused to discuss objections" during the July 7 meet and confer fundamentally misrepresents the purpose and outcome of that discussion. Despite its conduct, Defendants have now agreed to provide substantive responses. Once those responses are received, the parties will further meet and confer regarding any remaining disputes.

<u>Defendant's Statement:</u>

Defendant does not believe that discovery (including making any initial disclosures) should commence until the Court has ruled on its pending motions to dismiss and strike. The

reasons for Defendant's position are similar to those discussed in the Disclosures section above, including Defendant's assertion that the Court lacks subject matter and personal jurisdiction.

If discovery were to go forward in this case following the Court's ruling on Defendant's motions to dismiss and strike, and reserving all of its rights, Defendant believes discovery will involve, among other things, document, witness and expert discovery. This would include, but not be limited to, Plaintiff's experience as a "professional" plaintiff (i.e., serving as plaintiff in multiple CIPA, web tracking and other lawsuits), his use of the internet, his visits to/use of Defendant's website, and any harm he purportedly suffered as a result of his visits to/use of Defendant's website, and any fact and expert witnesses that Plaintiff may identify in connection with his claims.

Plaintiff served Interrogatories and Requests for Production on April 21, 2025. Defendant served objections and responses thereto on June 20, 2025. Plaintiff sent a meet and confer letter to Defendant on June 26, 2025. A meet and confer was held on July 7, 2025. Defendant does not believe that Plaintiff meaningly participated in the meet and confer (e.g., Plaintiffs refused to discuss the objections Defendant made to the specific discovery requests (e.g., overbreadth, compound interrogatories, ambiguity, burden and relevance)). Meet and confer efforts are ongoing and Defendant expects Plaintiff will present any disputes to the Court that the Parties are unable to resolve by themselves. Plaintiff has demanded Defendant provide further responses to Plaintiff's Interrogatories subject to, and notwithstanding all of Defendant's objections, including based upon what Defendant believes to be appropriate definitions and scope, as well as specifically only responding to 25 discrete subparts of the Interrogatories within 10 days of the Parties' meet and confer. Plaintiff has stated that only then will he engage in a meaningful meet and confer on Motorola's objections to Plaintiff's discovery. Motorola is evaluating Plaintiff's demand and has not entered into any agreement with respect thereto, and Plaintiff's assertion to the contrary is inaccurate.

### 9.    Class Action Matters

Plaintiff's Statement:

Plaintiff makes the following disclosures as required by N.D. Cal. Civil L.R. 16-9(b).

Plaintiff seeks to represent the following Class of similarly situated persons, defined as follows:

> **The Class:** All persons who browsed the Website in the State of California after clicking the "Click Here to Reject All non-essential cookies" link in the popup cookies consent banner within the four years preceding the filing of this Complaint (the "Class Period").[1]

Plaintiff contends that this action involves common questions or law and fact to the potential Class because each class member's claim derives from the deceptive, and/or unlawful, statements and omissions that led consumers to believe that the they could reject all non-essential cookies. The Class is so sufficiently numerous as evidenced by, *inter alia*, Plaintiff's complaint. Plaintiff is typical of the class and both Plaintiff and his chosen counsel will adequately represent the proposed class. Finally, the common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right of each member of the Class to recover. Among the questions of law and fact common to the Class are:

a.    Whether Defendant's actions violate California laws invoked herein; and

b.    Whether Plaintiff and Class members are entitled to damages, restitution, injunctive and other equitable relief, reasonable attorneys' fees, prejudgment interest and costs of this suit.

Finally, Defendant has moved to strike Plaintiff's class allegations and Plaintiff has opposed Defendant's Motion. Plaintiff refers the Court to his briefing for his arguments refuting the motion to strike.

Defendant's Statement:

Defendant contends that Plaintiff has waived his right to pursue a class action lawsuit as a result of the provisions in the TOU.

---

[1] This definition varies from that in paragraph 78 of the Complaint to conform with the methodology used by putative Class members to reject cookies on the Website.

PARTIES' UPDATED JOINT CMCSTATEMENT – Case No. 4:24-cv-09533-JST

Defendant also contends that Plaintiff will not be able to satisfy the numerosity, commonality, adequacy, typicality, predominance, superiority, and manageability requirements under Rule 23(a), 23(b)(2), and 23(b)(3) of the Fed. R. Civ. P.

### 10.     Relief

Plaintiff's Statement:

As set forth in the Complaint, Plaintiff is seeking certification of the proposed class; an order temporarily and permanently enjoining Defendant from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in the Complaint; an award of compensatory damages; an award of statutory damages where available; an award of punitive damages; an award of treble damages; an award of restitution; an order requiring Defendant to pay both pre- and post-judgment interest on any amounts awarded; reasonable attorneys' fees and costs of suit incurred; and any other relief that the Court may deem just and proper.

Defendant's Statement:

Defendant contends that no class should be certified in this action, and Plaintiff should take nothing as a result of its Complaint.  Defendant also contends that it should be granted any relief the Court deems applicable including, but not limited to, attorneys' fees and costs.

### 11.     Settlement and ADR

In accordance with ADR Local Rule 3-5, the undersigned counsel have read the "Dispute Resolution Procedures in the Northern District of California" handbook, available at https://www.cand.uscourts.gov/adr/adr-handbook.

Plaintiff's Statement:

No formal ADR efforts have been made to date. Plaintiff has filed his ADR Certification per Local Rule 3-5(b). Plaintiff agrees to engage in private mediation.

Defendant's Statement:

Defendant has submitted its ADR form to the Court, and at the appropriate time would be willing to participate in an ADR proceeding with a Magistrate Judge.  Defendant would also be willing, at an appropriate time, to engage in private mediation, if necessary.

**12.     Consent to Magistrate Judge for All Purposes**

All Parties have not consented to Magistrate Judge for all purposes.

**13.     Other References**

The Parties have not consented to a Magistrate Judge for all purposes, but request that a Magistrate Judge be appointed for any discovery dispute(s).

**14.     Narrowing of Issues**

The Parties do not believe that there is a need or opportunity to narrow issues at this time.

**15.     Expedited Trial Procedure**

The Parties do not believe this case is suitable for treatment on an expedited basis.

**16.     Scheduling**

The Parties propose and agree to a schedule for briefing on the anticipated motion for class certification above.[2] The Parties propose that remaining deadlines for the completion of fact and expert discovery and other pre-trial deadlines be set after this Court's order on class certification, insofar that ruling may well inform the scope of the case going forward so the Parties will be better able to assess the remaining discovery and experts needed. Defendant reserves the right to file a dispositive motion under Fed. R. Civ. P. 56 at the appropriate time in this matter.

| Event | Proposed Schedule |
|---|---|
| Deadline to amend pleadings or join parties | Plaintiff's Proposal: September 6, 2025<br><br>Defendant's Proposal: July 31, 2025 |
| Deadline for Plaintiff to file the motion for class certification and any expert report(s) in support thereof | September 4, 2026 |
| Deadline for Defendant to oppose the motion for class certification and produce any expert report(s) in support of its opposition | December 3, 2026 (Approximately 90 days after Plaintiff files his motion for class certification) |

[2] As stated above, Defendant contends that Plaintiff waived any right he may have had to prosecute this case as a class action.  Defendant may seek, by way of motion, to enforce the class action waiver provision in advance of the commencement of discovery to avoid unnecessary discovery expense and business interruption.  Nevertheless, for purposes complying with the scheduling section requirement for this Statement, Defendant agrees to the scheduled provided herein.

| | |
|---|---|
| Deadline for Defendant to file any motions to exclude Plaintiff's experts | December 3, 2026 |
| Deadline for Plaintiff to oppose any motions to exclude Plaintiff's experts | January 14, 2027 |
| Deadline for Defendant to file reply in support of any motion to exclude Plaintiff's experts | February 1, 2027 |
| Deadline for Plaintiff to file the reply in support of motion for class certification | February 4, 2026 (Approximately 60 days after Defendant files its opposition to the motion for class certification) |
| Hearing on Plaintiff's motion for class certification | To be set by the Court |

## 17.    Trial

Plaintiff has demanded a jury trial. Defendant reserves the right to object to any jury deciding legal or equitable, as opposed to factual, issues. The Parties believe it is premature to attempt to estimate the length of trial.

## 18.    Disclosure of Non-Party Interested Entities or Persons

The Parties have filed the "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15.  Other than the parties themselves, absent class members, and those identified in the Parties' respective Certifications of Interested Entities or Persons, there is no person or entity with: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

## 19.    Professional Conduct

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 20.    Other Matters

None at this time.

Dated: July 8, 2025

**K&L GATES LLP**

By:  /s/Zachary T. Timm
   Paul W. Sweeney, Jr.
   Zachary T. Timm
   Johnathan A. Coleman

   *Attorneys for Defendant Motorola Mobility LLC*

**GUTRIDE SAFIER LLP**

/s/ Andreas E. Moffett
Seth A. Safier
Marie A. McCrary
Todd M. Kennedy
Kali R. Backer
Andreas E. Moffett (Pro Hac Vice ECF 26)

*Attorneys for Plaintiff*

## ATTESTATION OF CONCURRENCE IN FILING

In accordance with the Northern District of California Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the signatories who are listed on the signature page.

Dated: July 8, 2025

**GUTRIDE SAFIER LLP**

/s/ Andreas E. Moffett
Andreas E. Moffett (Pro Hac Vice ECF #26)
   andreas@gutrideafier.com

*Attorneys for Plaintiff*