United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GABRIELLI, Plaintiff, v. MOTOROLA MOBILITY LLC, Defendant. | Case No. 24-cv-09533-JST **ORDER REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

**1. PURPOSE AND DEFINITIONS**

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure ("Federal Rules"), this Court's Guidelines for the Discovery of Electronically Stored Information ("Guidelines"), and any other applicable orders and rules.

**2. COOPERATION**

The Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI, including with respect to proportionality of discovery, reasonable efforts to ensure discovery of important information, and early and prompt communication regarding discovery issues.

**3. ESI LIAISONS**

On or before August 8, 2025, the Parties will identify persons knowledgeable about and who are responsible for discussing ESI discovery with each other. The Parties may subsequently substitute such designated persons or identify additional persons knowledgeable about ESI. Such persons will be, or have access to those who are, knowledgeable about the technical aspects of e-

discovery, including the location, nature, accessibility, format, harvesting/collection, search methodologies, and production of ESI in this matter. These persons will be available as needed to confer about ESI and to help resolve disputes without court intervention.

**4. PRESERVATION**

The Parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the Parties agree that:

a. Only ESI created or received after March 25, 2020 will be preserved;

b. By August 8, 2025, the Parties will exchange a list of the types of ESI they believe should be preserved and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., “HR head,” “scientist,” and “marketing manager.” The parties shall add or remove custodians as reasonably necessary;

c. The parties have will agree on the number of custodians per party for whom ESI will be preserved;

d. The Parties will meet and confer and use best efforts to agree on data sources that are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B), and ESI from these sources will either not be preserved or be preserved but not searched, reviewed, or produced; and

e. As additional data sources are identified as a result of investigation and/or discovery, the Parties may identify additional data sources that may or may not need to be searched or preserved pursuant to the foregoing. The Parties will meet and confer about preserving such ESI as any additional data sources are identified.

**5. SEARCH**

The Parties recognize that a variety of search tools and methodologies, including but not limited to technology assisted review (“TAR”) tools, exist and should be considered and discussed by the Parties. The Parties agree to meet and confer and use their reasonable best efforts to reach agreement regarding the methodology to be used, before such methodology is used, and which methodology shall, and shall not, be applied to each category of documents requested and/or



United States District Court
Northern District of California

United States District Court
Northern District of California

category of potentially responsive documents with the expectation that the Parties will memorialize such agreement(s) in a separate ESI Search Protocol. Where potentially responsive ESI shall be searched using search terms, the Parties agree to propose search terms they intend to employ to search for certain relevant and responsive documents. In the first instance, the requesting party will propose search terms for the consideration of the producing party. Should the Parties not reach agreement on a mutually agreeable list of terms or date range(s), the Parties will seek assistance from the Court to resolve the issue.

Proposed search terms or TAR methodologies will be subject to negotiation with and responsible input from the requesting party. That negotiation process will include the exchange of qualitative and quantitative information regarding the methodology, including, but not limited to, production of search term hit reports, and associated testing and validation to be conducted after the methodology is implemented. Any party that unilaterally applies search terms or any search methodology without consultation with the opposing party does so at its own risk and may waive the right to later argue undue burden or lack of proportionality should new searches be required.

Nothing in this Order shall be construed as precluding a producing party from performing a privilege and/or relevance review to determine if certain documents should be withheld.

The Parties acknowledge that there may be subsequent instances where potential modification to a previously agreed upon ESI Search Protocol may be warranted. Should such an instance arise, the Parties agree to meet and confer about modifications to a search methodology. If a party requests such a meet and confer, the Parties will meet and confer within seven days.

**6. PRODUCTION FORMATS**

The parties agree to produce documents in PDF, TIFF, and/or native file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process. Documents shall be produced utilizing the production fields enumerated in **Exhibit A**.

**7. PHASING**

The Parties agree to meet and confer concerning whether the production of responsive ESI

United States District Court
Northern District of California

should occur in phases, by prioritizing selected sources and/or custodians. Following the initial production(s), the parties will continue to prioritize the order of subsequent productions.

**8. DOCUMENTS PROTECTED FROM DISCOVERY**

(a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

(b) The producing party shall also provide a privilege log containing the categories, or fields, of information identified in **Exhibit B** hereto, to the extent available, unless otherwise agreed in writing or pursuant to a court order. Privilege logs will be produced to all other parties no later than 60 days after the responding party makes its final document production in response to pending requests for production.

(c) Communications involving a Party's outside counsel (including all attorneys, staff or other personnel) and in-house counsel specifically involved in this action that post-date Plaintiff's filing of the complaint need not be placed on a privilege log.

**9. MODIFICATION**

This Order may be modified by a Stipulated Order of the Parties or by the Court for good cause shown.

**IT IS SO ORDERED.**

Dated: August 19, 2025

JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

## Exhibit A

**Production Fields**

| Field Name | Field Description |
|---|---|
| DOCID | Unique document reference (can be used for de-duplication) |
| BEGDOC | Bates number assigned to the first page of the document |
| ENDDOC | Bates number assigned to the last page of the document |
| BEGATTACH | Bates number assigned to the first page of the parent document in a document family (i.e., should be the same as BEGDOC of the parent document, or PARENTDOC) |
| ENDATTACH | Bates number assigned to the last page of the last child document in a document family (i.e., should be the same as ENDDOC of the last child document) |
| PARENTDOC | BEGDOC of parent document |
| CUSTODIAN | Owner of the document or file |
| FROM | Sender of the email |
| TO | All to: members or recipients, delimited by ";" when field has multiple values |
| CC | All cc: members or recipients, delimited by ";" when field has multiple values |
| BCC | All bcc: members or recipients, delimited by ";" when field has multiple values |
| SUBJECT | Subject line of the email |
| DATERCVD | Date that an email was received |
| TIMERCVD | Time that an email was received |
| DATESENT | Date that an email was sent |
| TIMESENT | Time that an email was sent |
| FILENAME | Original filename of the produced document |
| DOCEXT | Original file extension |
| TITLE | Document title (if entered) |
| AUTHOR | Name of the document author |
| DATECREATED | Date that a document was created |
| TIMECREATED | Time that a document was created |
| DATEMOD | Date that a document was last modified |
| TIMEMOD | Time that a document was last modified |

| | |
|---|---|
| FILESIZE | Original file size in bytes |

United States District Court
Northern District of California

**Exhibit B**

**Privilege Log Fields**

| Field Name | Field Description |
|---|---|
| PrivLog # (generic number) | Generic field for tracking purposes (i.e. 1, 2, 3) |
| Begin Bates | Beginning Bates number of document |
| End Bates | Ending Bates number of document |
| Document Type | General type of record (i.e., Outlook, PDF, PowerPoint Presentation) |
| Family Relationship | Parent, Child, or Standalone |
| Date | The date of the parent document (for emails, this is date sent; for non-emails, this is date last modified) |
| Author | Author or sender of document (for emails, this is the From field; for non-emails, this is the person who created the file) |
| Recipients | Derived from the To field |
| Other Recipients | Derived from the CC and BCC fields |
| Privilege Claimed | Type of privilege claimed (i.e., Attorney-Client or Attorney Client - Work Product, etc.) |
| Description | Description of Privilege Claim |
| Treatment | How the document was treated with regards to production (i.e., Withheld, Redacted, Non-Responsive – Attachment, Non-Responsive – Privileged) |