UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN GABRIELLI,<br><br>Plaintiff,<br><br>v.<br><br>MOTOROLA MOBILITY LLC,<br><br>Defendant. | Case No. 24-cv-09533-JST   (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. Nos. 61, 62, 65 |

The parties have filed joint discovery letter briefs at ECF Nos. 61, 62 and 65. The Court addresses them as follows.

**A.    ECF No. 61**

Plaintiff moves to compel concerning RFPs 2, 3, 9, 12, 14 and 18. He says Motorola has not produced even a single document. In his section of the letter brief, Plaintiff discusses each one of the RFPs and argues why it seeks relevant information. For its part, Motorola does not argue that any of these RFPs seeks exclusively irrelevant information. Rather, Motorola argues that the RFPs are overbroad. For example, in response to RFP 2, Motorola argues that Plaintiff has defined "cookie" in a way that includes technology that is outside the scope of this lawsuit. Motorola also argues that the requested time period is too long. Motorola makes similar overbreadth arguments in response to the other RFPs. Plaintiff's section of the letter brief does not respond to these arguments.

The Court does not think the parties have done a good job of trying to resolve their discovery dispute. Motorola does not contend that any of these RFPs is flatly improper, just overbroad. And several of Motorola's overbreadth arguments sounds pretty good. At the same time, Motorola's responses to Plaintiff's RFPs violate Rule 34. Rule 34(b)(2)(B) states that "[f]or

1  each item or category, the response must either state that inspection and related activities will be
2  permitted as requested or state with specificity the grounds for objecting to the request, including
3  the reasons." Motorola's responses violate that rule because Motorola never says what, if
4  anything, it is or is not agreeing to produce. And in the joint discovery letter brief, all Motorola
5  does is complain about the overbreadth of Plaintiff's RFPs. Motorola says nothing about what it
6  agrees to produce. Motorola says the parties should have met and conferred more before filing the
7  current joint discovery letter brief. However, meeting and conferring does not consist merely of
8  complaining about the other side's discovery requests. In an adequate meet and confer, the
9  responding party affirmatively says what it agrees to produce.

Accordingly, the Court **ORDERS** Motorola to serve amended responses to RFPs 2, 3, 9, 12, 14 and 18 within seven days. For each of those RFPs, Motorola must affirmatively state what it agrees to produce. Following service of the amended RFP responses, the Court **ORDERS** the parties to further meet and confer about the sufficiency of Motorola's amended responses. The Court further **ORDERS** the parties to file one of two things within 30 days: (1) a notice that they have resolved their dispute as to these RFPs, or (2) a further joint discovery letter brief concerning these RFPs.

**B.     ECF No. 62**

This motion to compel is similar to ECF No. 61 except it concerns Plaintiff's interrogatories 1, 2, 3, 5, 6, 7 and 9. As before, Plaintiff describes each one and argues why it seeks relevant information. Motorola similarly does not contend that any of these rogs is flatly improper, merely overbroad. Yet we once again have the problem that Motorola's discovery responses contain no information – none at all. It is not acceptable to respond to a rog with a string of objections and then an offer to meet and confer. Rule 33(b)(3) says: "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." In other words, the responding party is not allowed to be cagey, as Motorola has been here, and fail to say what information it agrees to provide.

Motorola's section of the joint letter brief also nothing about what information the company is willing to provide. There is no indication that Motorola is participating in the meet

2

1  and confer in any meaningful way.  The Court **ORDERS** Motorola to send Plaintiff a detailed
2  letter within seven days specifying the information it agrees to provide in response to each of these
3  rogs.  (The letter need not itself contain that information, just specify what it will be.)  The Court
4  **ORDERS** the parties to meet and confer following Motorola's sending of that letter and then to
5  file one of two things within 30 days:  (1) a notice that they have for the time being[1] resolved their
6  dispute as to these rogs, or (2) a further joint discovery letter brief concerning these rogs.

**C.    ECF No. 65**

With ECF No. 65, it is clear we now have a pattern.  The Court **ORDERS** Motorola to serve amended responses to RFPs 6, 8 and 15-17 within seven days.  For each of those RFPs, Motorola must affirmatively state what it agrees to produce.  Following service of the amended RFP responses, the Court **ORDERS** the parties to further meet and confer about the sufficiency of Motorola's amended responses.  The Court further **ORDERS** the parties to file one of two things within 30 days:  (1) a notice that they have resolved their dispute as to these RFPs, or (2) a further joint discovery letter brief concerning these RFPs.

This order terminates ECF Nos. 61, 62 and 65.

**IT IS SO ORDERED.**

Dated: November 4, 2025

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] The Court uses this phrasing to reflect the fact that the letter will describe information to be provided in future amended rog responses, so when those amended responses are served, there may be further disputes at that time.